JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00529JVS(ADSx) | Date | 7/10/2020 |
| Title | Broadcom Corporation, et al v. Netflix, Inc. | | |

Present: The Honorable  **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS]** Order Regarding Motion to Transfer & Motion to Dismiss

Before the Court are two motions.

First, pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Netflix, Inc. ("Netflix") moved to dismiss the first, third, fourth, and fifth causes of action in Plaintiffs' Broadcom Corporation ("Broadcom Corp.") and Avago Technologies International Sales Pte. Ltd. ("Avago") (together, "Broadcom") Complaint. Mot., Dkt. No. 43. Broadcom opposed. Opp'n, Dkt. No. 53. Netflix replied. Reply, Dkt. No. 55.

On June 22, 2020, Broadcom filed a First Amended Complaint ("FAC"). FAC, Dkt. No. 52. Netflix filed a renewed motion to dismiss Broadcom's first, third, fourth, and fifth causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot., Dkt. No. 56. The Court therefore **VACATES** the hearing on Netflix's motion to dismiss for failure to state a claim (Dkt. No. 43) set for July 13, 2020 as **MOOT**.

Second, pursuant to 28 U.S.C. § 1404(a), Netflix moved to transfer this action to the United States District Court for the Northern District of California. Mot., Dkt. No. 49. Broadcom opposed. Opp'n, Dkt. No. 45. Netflix replied. Reply, Dkt. No. 58.

For the following reasons, the Court **GRANTS** the motion to transfer venue. The Court finds that oral argument would not be helpful in this matter and **VACATES** the July 13, 2020 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-00529JVS(ADSx)                           Date  7/10/2020

Title     Broadcom Corporation, et al v. Netflix, Inc.

## I. BACKGROUND

Broadcom Corp. is a California corporation with its headquarters in San Jose, California. FAC ¶ 6.[1] Broadcom Corp. additionally maintains an office in Irvine, California. Id. Avago is a Singapore corporation with its American place of business in San Jose, California. Id. ¶ 7. Both Broadcom Corp. and Avago are indirect subsidiaries of Broadcom, Inc. Id. ¶¶ 6-7. Broadcom produces semiconductor and infrastructure software solutions, including semiconductor chips that "deliver voice, video, data, and multimedia connectivity." Id. ¶ 15. As part of this business, Broadcom relies on a robust patent portfolio related to its techniques for semiconductor design, digital communication, digital content distribution, enterprise and data center networking, home connectivity, set top boxes, and infrastructure software. Id. ¶¶ 16-17.

Netflix is a Delaware corporation with its principal place of business in Los Gatos, California and additional offices in Los Angeles, California. Id. ¶¶ 8-9. Netflix provides digital video streaming services to millions of customers globally. Id. ¶ 11. Broadcom alleges that Netflix relies on Broadcom's patented technologies for maintaining and delivering its digital video content. Id. ¶ 19.

Broadcom claims that on September 26, 2019, it informed Netflix of alleged infringement upon its patents. Id. ¶ 23. Broadcom and Netflix then engaged in in-person discussions on October 24, 2019 but failed to reach an agreement. Id.

On March 13, 2020, Broadcom sued Netflix for patent infringement. See generally Compl., Dkt. No. 1. The FAC asserts causes of action for twelve claims of patent infringement. FAC ¶¶ 25-394. These twelve patents relate to Broadcom's techniques for balancing data traffic, processing and compressing audio and visual data, distributing video, encoding and decoding video content, and ensuring functionality of computer networks and systems. Id. Broadcom alleges that Netflix has and continues to directly and indirectly infringe these twelve patents by "making, using, offering to sell, selling, and/or importing into the United States internet video streaming technology, software,

---

[1] Although Broadcom filed the FAC after Netflix filed its motion to transfer, the FAC is the operative complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-00529JVS(ADSx) | Date | 7/10/2020 |
|---|---|---|---|
| Title | Broadcom Corporation, et al v. Netflix, Inc. | | |

and services that practice the inventions claimed in the [patents]" and "inducing its consumer end-users to directly infringe these patents." Id. ¶¶ 3-4, 25-394.

## II. LEGAL STANDARD

28 U.S.C. § 1404(a) states: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In addition, "[s]ection 1404(a) provides for transfer to a more convenient forum, not a forum likely to prove equally convenient or inconvenient." Van Dusen v. Barrack, 376 U.S. 612, 645-46 (1964).

"Section 1404(a) requires two findings-that the district court is one where the action 'might have been brought' and that the 'convenience of parties and witnesses in the interest of justice' favor transfer." Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985).

In Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22 (1988), the Supreme Court instructed:

> the Courts in applying Section 1404(a) have examined a variety of factors, each of which pertains to the facts that currently exist or will exist: *e.g.,* the forum actually chosen by the plaintiff, the current convenience of the parties and the witnesses, the current location of the pertinent books and records, similar litigation pending elsewhere, current docket conditions, and familiarity of the potential courts with the governing law.

In Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000), the court held that the factors courts may consider when determining whether transfer is appropriate under Section 1404(a) are:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00529JVS(ADSx) | Date | 7/10/2020 |
| Title | Broadcom Corporation, et al v. Netflix, Inc. | | |

the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the difference in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Accord Little v. Bank One, Del., N.A., No. C 05-01727 JSW, 2005 WL 3481468 (N.D. Cal. 2005).

The moving party bears the burden of proving that the inconvenience of litigation in this forum favors transfer. Little, 2005 WL 3481468, at *1.

### III. DISCUSSION

Netflix argues that the Court should transfer this case to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a). Mot., 1. The Court finds that transfer is appropriate.

### A. Venue Is Proper in the Northern District of California

The Court must first consider whether the case could have been brought in the Northern District of California. 28 U.S.C. § 1404(a). This requires the Court to determine whether the transferee venue would have had subject-matter jurisdiction, defendant would have been subject to the transferee venue's personal jurisdiction, and venue would have been proper in the transferee venue. Abrams Shell v. Shell Oil Co., 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001).

The parties agree that this case could have been brought in the Northern District. Opp'n, 1. First, the Northern District would have had subject-matter jurisdiction over Broadcom's patent infringement claims. See Gunn v. Minton, 133 S. Ct. 1059, 1068 (2013) (observing "the federal courts' exclusive patent jurisdiction"). Second, Netflix would have been subject to the Northern District's personal jurisdiction because its principal place of business is in the district (FAC ¶ 8). See J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 880 (2011). Third, for the same reason, venue would have been proper in the Northern District. See 28 U.S.C. § 1400(b) (venue in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00529JVS(ADSx) | Date | 7/10/2020 |
| Title | Broadcom Corporation, et al v. Netflix, Inc. | | |

patent infringement cases is proper in "the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business"). "[A] domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." TC Heartland LLC v. Kraft Foods Grp. Brands LLC, 137 S. Ct. 1514, 1517 (2017). "The Federal Circuit has clarified that the 'regular and established place of business' inquiry generally requires three elements: '(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant.'" XpertUniverse, Inc. v. Cisco Sys., Inc., No. 17-CV-03848-RS, 2017 WL 4551519, at *2 (N.D. Cal. Oct. 11, 2017) (quoting In re Cray Inc., 871 F.3d 1355, 1360 (Fed. Cir. 2017)). Because Netflix maintains its Los Gatos office as its principal place of business within the Northern District, where alleged infringement activities occurred, venue would have been proper in the district.

### B. Convenience of Witnesses

"The convenience of witnesses is often the most important factor in determining whether a transfer pursuant to § 1404 is appropriate." Amini Innovation Corp. v. JS Imports, Inc., 497 F. Supp. 2d 1093, 1111 (C.D. Cal. 2007). "In balancing the convenience of witnesses, courts must consider not only the number of witnesses, but also the nature and quality of their testimony." Catch Curve, Inc. v. Venali, Inc., No. CV 05-04820 DDP (AJWx), 2006 WL 4568799, at *3 (C.D. Cal. Feb. 27, 2006). "Importantly, '[w]hile the convenience of party witnesses is a factor to be considered, the convenience of non-party witnesses is the more important factor.'" Saleh v. Titan Corp., 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) (alteration in original). To satisfy its burden, "[t]he movant is obligated to clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would have included." Amini Innovation, 497 F. Supp. 2d at 1111 (citing Fireman's Fund Ins. Co. v. Nat'l Bank for Coops., No. C 92–2667 BAC, 1993 WL 341274, at *4 (N.D. Cal. Aug. 27, 1993)).[2]

---

[2] The Court rejects Broadcom's contention that Netflix must specify that its witnesses are "likely" to testify, rather than "may" testify at trial. See Opp'n, 8-9. Broadcom's reliance on Butner v. Banco Mercantil Del Norte, S.E., No. CV 08–01764 SJO (Rzx), 2009 WL 10672324, (C.D. Cal. April 7, 2009), is misplaced. First, the court in Butner does not purport to distinguish between varying degrees of likelihood of witness testimony. See Butner, 2009 WL 10672324, at *2. Second, district courts have

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-00529JVS(ADSx)                                 Date  7/10/2020

Title  Broadcom Corporation, et al v. Netflix, Inc.

Transfer is inappropriate if it "would merely shift rather than eliminate the inconvenience" to the parties and their witnesses.  Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

　　　Here, Netflix identifies twenty-five potential witnesses who reside in the Northern District.  Mot., 6-9; Declaration of Elena Garnica ("Garnica Decl."), Dkt. No. 49-1 ¶ 10; Declaration of Matthias Kamber ("Kamber Decl."), Dkt. No. 49-2 ¶¶ 4, 11.  Seven of the identified witnesses are current Netflix or Broadcom employees (Mot., 6-7; Garnica Decl. ¶ 10; Kamber Decl. ¶¶ 4-5), and the Court therefore gives any purported inconvenience to these witnesses little weight.  See, e.g., Garlough v. Trader Joe's Co., No. 15–cv–01278–THE, 2015 WL 4638340, at *4 (N.D. Cal. Aug. 4, 2015) ("While the convenience of current [defendant]'s employees certainly favors transfer, current employees are party witnesses, and their convenience is weighed less heavily than that of non-party witnesses.").  Netflix alleges that having its employees attend trial in the Central District would be "significantly more burdensome" than in the Northern District.  Garnica Decl. ¶ 11.  Attendance at trial in the Central District would require airplane travel and hotel lodging, "which could interfere with their normal responsibilities at Netflix."  Id.  Thus, the convenience of Netflix's identified party witnesses weighs slightly in favor of transfer.

　　　Moreover, eighteen of Netflix's identified witnesses are third-party witnesses, including three patent inventors who no longer work for Broadcom, three former Netflix employees, and twelve prior art witnesses.  Mot., 6-9; Kamber Decl. ¶¶ 4-5, 11.  Broadcom counters that Netflix has not shown the relevancy of these third-party witnesses' testimony.  Opp'n, 9-11.  However, Netflix asserts that the patent inventors will provide testimony regarding "issues related to priority dates, the meaning of certain terminology, purported improvements over the prior art, and the existence of commercial embodiments" that will "bear upon legal issues including claim interpretation, validity

---

repeatedly considered the identification of potential witnesses that could provide relevant testimony sufficient for the relevant inquiry.  See, e.g., Monolithic Power Sys., Inc. v. Silergy Corp., No. CV-13-8122 MWF (VBKx), 2014 WL 12586380, at *2 (C.D. Cal. Apr. 14, 2014) (finding inconvenience of identified witnesses "who *may* be called to testify" weighed in favor of transfer) (emphasis added); Gogo Sports, Inc. v. Major League Baseball Props., Inc., No. 2:11-cv-07992-JHN-JEMx, 2012 WL 13009126, at *2 (C.D. Cal. Jan. 26, 2012) (weighing inconvenience of potential witnesses that could provide testimony).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-00529JVS(ADSx)   Date  7/10/2020

Title   Broadcom Corporation, et al v. Netflix, Inc.

(including written description and enablement), and damages." Mot., 7. Further, Netflix's former employees may provide testimony regarding Netflix's encoding, container, and playback application technology. Id. Netflix argues that this testimony will be particularly relevant because Broadcom relied upon documents authored by these former employees in its Complaint. Id. Finally, the prior art witnesses may provide testimony regarding patents which are prior art to the patents presently at issue. Id. at 8-9. Thus, the Court finds that Netflix has satisfied its burden of providing "at least a generalized statement of what their testimony would have included." Amini Innovation, 497 F. Supp. 2d at 1111.

Netflix contends that travel to the Central District would be inconvenient for these third-party witnesses because they reside in Northern California. Mot., 7-8. Therefore, "[t]o attend trial in the Central District, witnesses residing in the Northern District would have to travel over 300 miles and likely spend at least one night here." Cheah IP, LLC v. Plaxo, Inc., No. CV 08-05036 SJO (PLAx), 2008 WL 9746595, at *3 (C.D. Cal. Oct. 17, 2008). Moreover, David Ronca, a third-party witness prepared to testify regarding Netflix's "product design and development related to video encoding technologies," anticipates significant inconveniences if required to attend trial in the Central District. Declaration of David Ronca ("Ronca Decl."), Dkt. No. 49-3 ¶¶ 1, 4, 7. Ronca claims that travel to the Central District would necessitate additional days of missed work and completion of a fourteen-day quarantine due to his role as a caregiver should COVID-19 conditions persist. Id. ¶ 7. While the Court can only speculate as to pandemic related travel restrictions at the time of trial, the Court agrees that Netflix's identified third-party witnesses would face inconvenience due to travel, lodging, and missed work were trial to be held in the Central District. Thus, the Court finds that the inconvenience of these identified third-party witnesses favors transfer.

Netflix further argues that employees of VMare, Inc. and Docker, Inc., both headquartered in the Northern District, may have information relevant to Broadcom's infringement claims. Mot., 9. However, because Netflix does not specify employees who may serve as potential witnesses, the Court does not consider any purported inconvenience to the unidentified potential witnesses. See Amini Innovation, 497 F. Supp. 2d at 1111.

Broadcom contends that transfer to the Northern District would merely shift the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-00529JVS(ADSx)                               Date   7/10/2020

Title      Broadcom Corporation, et al v. Netflix, Inc.

inconvenience to its witnesses.  Opp'n, 8.  The Court disagrees.  Although Broadcom alleges that employees at its Irvine office may testify, Broadcom has failed to specify which employees may serve as witnesses and how they would be inconvenienced.  See id.  Moreover, any inconvenience to Broadcom employees serving as party witnesses, even had Broadcom identified them, would receive little weight.  See Garlough, 2015 WL 4638340, at *4.  Further, whereas Netflix has identified eighteen potential third-party witnesses who may provide relevant testimony and would be inconvenienced by trial in the Central District, Broadcom has not identified one such third-party witness.  Accordingly, the Court finds that the inconvenience of Netflix's identified third-party witnesses outweighs any purported inconvenience to Broadcom's unidentified witnesses.

In sum, this factor, the most important Jones factor, favors transfer.

**C.     Plaintiff's Choice of Forum**

The plaintiff's choice of forum is given "great weight" when deciding whether to transfer venues.  Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).  However, "[t]he degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint."  Callidus Software, Inc. v. Xactly Corp., No. SA CV12-01432 JAK (FFMx), 2013 WL 12136523, at *2 (C.D. Cal. March 11, 2013); see also Allstar Mktg. Group, LLC v. Your Store Online, LLC, 666 F. Supp. 2d 1109, 1131 (C.D. Cal. 2009) ("A plaintiff's choice of forum is entitled to less deference, however, when the plaintiff elects to pursue a case outside its home forum.").

Here, the Central District is not Broadcom's home forum.  Rather, Broadcom Corp.'s headquarters and Avago's sole United States location are in the Northern District.  FAC ¶¶ 6-7.  Additionally, for the reasons discussed below, the Central District lacks a significant connection to the alleged infringement activities as compared to the Northern District.  Therefore, the Court affords less deference to Broadcom's choice of forum and finds this factor to weigh only slightly against transfer.

**D.     Contacts with the Forum and Relating to the Causes of Action**

Netflix argues that the contacts with the Northern District outweigh those with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00529JVS(ADSx) | Date | 7/10/2020 |
| Title | Broadcom Corporation, et al v. Netflix, Inc. | | |

Central District because the center of gravity of the accused activity is within the Northern District. Mot., 11. The Court agrees.

"In patent infringement actions, the preferred forum is that which is the center of gravity of the accused activity." Amazon.com v. Cendant Corp., 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005) (internal quotation marks omitted). "The district court ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production." Id. (internal quotation marks omitted). This requires the court to determine where the allegedly infringing products were designed, developed, and produced. Arete Power, Inc. v. Beacon Power Corp., No. C 07-5167 WDB, 2008 WL 508477, at *5 (N.D. Cal. Feb. 22, 2008) ("The law asks us, here, to identify the principal location of the legally operative facts–and in patent cases that location generally is where the allegedly infringing product was designed, developed and produced."). "This makes sense because in determining whether infringement has been established, the principal target of inquiry is the design and construction of the accused product. The trier of fact will be asked to compare the claims in the patent with the accused product–examining its development, its components, its construction, and how it functions." Id.

Here, Netflix's principal place of business is in Los Gatos, California, which is within the Northern District. FAC ¶ 8; Garnica Decl. ¶ 3. Broadcom Corp.'s headquarters and Avago's sole American place of business are likewise in the Northern District. FAC ¶¶ 6-7. Significantly, Netflix asserts that the allegedly infringing products were designed, developed, and continue to be managed at the Los Gatos headquarters. Garnica Decl. ¶ 9. Moreover, the Los Gatos headquarters is where "Netflix makes its product development and business management decisions" and staffs its management, engineering, and product design and development teams. Id. ¶ 4. Further, Netflix contends that Broadcom and Netflix representatives met at the Los Gatos headquarters on October 24, 2019 to discuss the present infringement allegations. Id. ¶ 7; see also FAC ¶ 23. Accordingly, Netflix has sufficiently shown that this case's "center of gravity"—where the operative facts occurred—lies within the Northern District. See Amazon.com, 404 F. Supp. 2d at 1260.

Broadcom counters that Netflix and Broadcom engage in activities within this district that are relevant to the instant infringement claims. Opp'n, 12. Specifically,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00529JVS(ADSx) | Date | 7/10/2020 |
| Title | Broadcom Corporation, et al v. Netflix, Inc. | | |

Broadcom claims that Netflix maintains Los Angeles offices for creating, marketing, and managing the services it uses to "profit from its infringing activities." Id. Broadcom asserts that its own Set-Top Box business which has been harmed by Netflix's alleged infringement is located in Irvine. Id. at 12-13. However, although these activities may relate to the alleged harm, they are unrelated to Netflix's design and production of the allegedly infringing products. Therefore, these activities do not detract from Netflix's showing of the case's center of gravity within the Northern District.

Because the center of gravity for this dispute is within the Northern District, that district is the preferred forum. See Amazon.com, 404 F. Supp. 2d at 1260. Accordingly, these factors strongly favor transfer.

### E.     Difference in Cost of Litigation

"For the comparative cost of litigation to weigh in favor of transfer, there must be actual cost savings, and not mere shifting of the costs between parties." Signal IP, Inc. v. Ford Motor Co., No. LA CV14-03106 JAK (JEMx), 2014 WL 4783537, at *4 (C.D. Cal. Sept. 25, 2014) (citing DIRECTV, Inc. v. EQ Stuff, Inc., 207 F. Supp. 2d 1077, 1084 (C.D. Cal. 2002)). Courts "typically consider[] the location of the witnesses as part of [the] analysis of the comparative cost of litigating in [] each forum." Locata LBS, LLC v. Yellowpages.com, LLC, No. LA CV13–07664 JAK (SHx), 2014 WL 12703743, at *5 (C.D. Cal. Apr. 18, 2014).

Netflix argues that trying this case in the Central District would incur more costs than in the Northern District because most of its anticipated witnesses reside in the Northern District. Mot., 15. As discussed above, Netflix has identified eighteen third-party witnesses who would be forced to travel to another forum, while Broadcom has identified none. See Mot., 6-9; Kamber Decl. ¶¶ 4-5, 11; see generally, Opp'n. Thus, the Court finds that the difference in cost with respect to third-party witnesses favors transfer.

Additionally, Netflix asserts that trying this case in the Central District would be more costly because neither party's counsel reside in the Central District. Mot., 15. According to Netflix, its counsel are located in the Northern District and Broadcom's counsel are located in the Northern District and Texas. Id. "While convenience of counsel is not usually a factor courts consider, they may take it into account when it bears

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-00529JVS(ADSx)                              Date   7/10/2020

Title      Broadcom Corporation, et al v. Netflix, Inc.

directly on the cost of litigation." <u>Cheah IP</u>, 2008 WL 9746595, at *2. Here, Broadcom's out-of-state counsel would likely incur similar costs related to travel to either the Central District or Northern District. However, both Netflix and Broadcom's counsel in the Northern District would reduce costs were the case tried in that district. Thus, the Court finds that the difference in cost with respect to counsel additionally favors transfer.

Accordingly, this factor weighs in favor of transfer.

### F.    Access to Sources of Proof

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." <u>In re Genentech, Inc.</u>, 566 F.3d 1338, 1345 (Fed. Cir. 2009). However, given the increasing prevalence of electronic discovery, particularly in complex civil litigation between large multinational corporations, this factor is often neutral in transfer analysis. <u>See</u> <u>Lax v. Toyota Motor Corp.</u>, 65 F. Supp. 3d 772, 780 (N.D. Cal. 2014) ("[W]here electronic discovery is the norm (both for electronic information and digitized paper documents), ease of access is neutral given the portability of information."); <u>Metz v. U.S. Life Ins. Co. in the City of N.Y.</u>, 674 F. Supp 2d 1141, 1149 (C.D. Cal. 2009) ("[T]he ease of access to documents does not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be transferred to different locations.").

Here, Netflix contends that all records and documents relating to the research, design, and development of the accused products are located at its headquarters in the Northern District. Mot., 16; <u>see</u> Garnica Decl. ¶ 9. Broadcom counters that its documents related to its Set-Top Box business are maintained at its Irvine office in the Central District. Opp'n, 14-15, Ex. A. Because the parties allege the presence of evidence in both districts, and electronic methods of transmitting the respective documents can mitigate the convenience for either party, the Court finds this factor to be neutral.

### G.    Judicial Economy

In determining whether judicial economy favors transfer, the Court must consider

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00529JVS(ADSx) | Date | 7/10/2020 |
| Title | Broadcom Corporation, et al v. Netflix, Inc. | | |

such factors as "ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (9th Cir. 1989). When the case presents "several highly technical factual issues," and the other interest of justice factors are in equipoise, "the interest of judicial economy may favor transfer to a court that has become familiar with the issues." Regents of the Univ. of California v. Eli Lilly & Co., 119 F.3d 1559, 1565 (Fed. Cir. 1997).

Here, Netflix does not argue that judicial economy favors transfer. Rather, Netflix contends that judicial economy does not mandate maintaining the case in the Central District because this Court is only familiar with three of Broadcom's twelve asserted patents. Reply, 14. Because of the limited scope of this Court's familiarity with the asserted patents, the Court agrees that transfer will not upset judicial economy. Moreover, because the remaining factors are not "in equipoise," the Court awards minimal weight to this factor.

### H. Remaining Jones Factors

The parties do not spend much time addressing the remaining Jones factors which include: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; and (3) the availability of process to compel the attendance of third-party witnesses. The Court finds that these factors are either neutral or inapplicable here.

First, regarding agreements between the parties, Broadcom and Netflix have not entered into any agreements at issue in this case. Therefore, this factor is inapplicable. See Seely v. Cumberland Packing Corp., No. 10–CV–02019–LHK, 2010 WL 5300923, at *4 (N.D. Cal. Dec. 20, 2010) (false patent marketing action) ("There is no contract at issue in this action. Thus, this factor is irrelevant to this analysis."). Second, regarding familiarity with governing law, the Northern District and Central District are equally familiar with federal patent law.[3] See Sorensen v. Phillips Plastics Corp., No. C-08-03094 MHP, 2008 WL 4532556, at *4 (N.D. Cal. Oct. 9, 2008) (patent infringement case) ("The second factor (familiarity with governing law) is inapplicable in

---

[3] Indeed, both districts have Patent Pilot programs.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-00529JVS(ADSx) | Date | 7/10/2020 |
|---|---|---|---|
| Title | Broadcom Corporation, et al v. Netflix, Inc. | | |

a choice between two federal courts applying federal law."). Third, the Court's subpoena power is relevant only if there are non-party witnesses who have refused or will refuse to testify in the action. Stanbury Elec. Eng'g, LLC v. Energy Prod., Inc., No. C16-0362JLR, 2016 WL 3255003, at *7 (W.D. Wash. June 13, 2016). Here, however, neither party has identified any non-party witnesses who have refused or will refuse to testify in this action. Accordingly, the Court finds that these factors do not affect the present transfer analysis.

Thus, Netflix has adequately shown that the convenience of its witnesses, the parties' contacts with the forum, contacts with the forum related to the causes of action, and the difference in litigation costs favor transfer to the Northern District. With the remaining factors either neutral or inapplicable, the Court finds that only Broadcom's choice of forum slightly weighs against transfer. In sum, the Jones factors favor transfer. Accordingly, the Court **GRANTS** the motion to transfer and **transfers** the matter to the Northern District of California.

### IV. CONCLUSION

For the foregoing reasons, the Court **VACATES** the hearing on Netflix's motion to dismiss for failure to state a claim (Dkt. No. 43) set for July 13, 2020 as **MOOT** and **GRANTS** the motion to transfer. The Court finds that oral argument would not be helpful in this matter and **VACATES** the July 13, 2020 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |