KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - #84065
rvannest@keker.com
MATTHIAS KAMBER - #232147
mkamber@keker.com
PAVEN MALHOTRA - #258429
pmalhotra@keker.com
SHARIF E. JACOB - #257546
sjacob@keker.com
THOMAS E. GORMAN - #279409
tgorman@keker.com
EDWARD A. BAYLEY - #267532
ebayley@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:   415 397 7188

Attorneys for Defendant
NETFLIX, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| BROADCOM CORPORATION and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LIMITED,<br><br>                Plaintiffs,<br><br>        v.<br><br>NETFLIX, INC.,<br><br>                Defendant. | Case No. 8:20-cv-529<br><br>**DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST, THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT**<br><br>Date:        July 27, 2020<br>Time:        1:30 P.M.<br>Dept.:       Courtroom 10C, 10th Floor<br>Judge:      Hon. James V. Selna<br><br>Date Filed:  March 13, 2020<br><br>Trial Date:  TBD |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................... 1

II.   ARGUMENT ............................................................................................. 2

    A.   The '079 Patent is ineligible. ......................................................... 2

        1.   '079 claim 1 is directed to the abstract idea of redirecting traffic flow based on congestion.................................. 2

        2.   '079 claim 1 is not inventive. ..................................................... 7

    B.   The '245 Patent is ineligible. ......................................................... 9

        1.   The '245 Patent is directed to the abstract idea of routing information based on user information........................................ 9

        2.   The '245 Patent is not inventive. ............................................. 12

    C.   The '992 Patent is ineligible. ....................................................... 14

        1.   The asserted claims of the '992 patent are directed to the abstract idea of switching from lower- to higher-quality media when available. ............................................................ 14

        2.   The asserted claims of the '992 patent do not survive step 2 of the *Alice* analysis. ............................................................ 17

    D.   The '375 Patent is ineligible. ....................................................... 20

        1.   Claim 15 of the '375 Patent is directed to the abstract idea of distributing data through a network. .................................... 20

        2.   Claim 15 of the '375 Patent is not inventive. ........................... 23

III.  CONCLUSION ........................................................................................ 25

DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST,
THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 8:20-cv-00529

1386908

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Accelerated Memory Tech, LLC v. Hulu, LLC,*
  2020 WL 1934979 (C.D. Cal. 2020) ...................................................................... 2

*Affinity Labs of Tex., LLC v. DIRECTV, LLC,*
  838 F.3d 1253 (Fed. Cir. 2016) ......................................................... 3, 5, 18, 23

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l,*
  573 U.S. 208 (2014) .................................................................................. *passim*

*Am. Axle & Mfg. Co. v. Neapco Holdings, LLC,*
  939 F.3d 1355 (Fed. Cir. 2019) .......................................................................... 1

*Amdocs (Israel) Ltd. v. Openet Telecom, Inc.,*
  841 F.3d 1288 (Fed. Cir. 2016) .............................................................. 23, 24, 25

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ............................................................................................ 13

*Bascom Global Internet Servs., Inc. v. AT&T Mobility LLC,*
  827 F.3d 1341 (Fed. Cir. 2016) ...................................................................... 2, 6

*BSG Tech LLC v. BuySeasons, Inc.,*
  899 F.3d 1281 (Fed. Cir. 2018) ...................................................................... 6, 8

*Cellspin Soft, Inc. v. Fitbit, Inc.,*
  927 F.3d 1306 (Fed. Cir. 2019), *cert. denied*, *Garmin USA, Inc. v.*
  *Cellspin Soft, Inc.*, 140 S. Ct. 907 (2020) .......................................................... 3

*ChargePoint, Inc. v. SemaConnect, Inc.,*
  920 F.3d 759 (Fed. Cir. 2019), *cert. denied*, 140 S. Ct. 983 (2020) ...........*passim*

*Customedia Techs. LLC v. Dish Networks Corp,*
  951 F.3d 1359 (Fed. Cir. 2020) ................................................................... 17, 20

*Data Engine Technologies LLC v. Google LLC,*
  906 F.3d 999 (Fed. Cir. 2018) ............................................................................ 4

*Data Scape Ltd. v. W. Digital Corp.,*
  2020 WL 3564683 (Fed. Cir. July 1, 2020) ...................................................... 15

DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST,
THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 8:20-cv-00529

1386908

*Diamond v. Diehr*,
    450 U.S. 175 (1981) ................................................................................ 13

*Elec. Commc'n Techs., LLC v. ShoppersChoice.com*,
    958 F.3d 1178 (Fed. Cir. 2020) ....................................................... 15, 19

*Elec. Power Grp., LLC v. Alstom, S.A.*,
    830 F.3d 1350 (Fed. Cir. 2016) .................................................... *passim*

*Ericsson, Inc. v. TCL Commc'n Tech. Holdings Ltd.*,
    955 F.3d 1317 (Fed. Cir. 2020) ......................................... 1, 5, 6, 12

*Intellectual Ventures I LLC v. Capital One Bank (USA)*,
    792 F.3d 1363 (Fed. Cir. 2015) .................................................... *passim*

*Intellectual Ventures I LLC v. Erie Indem. Co.*,
    711 F. App'x 1012 (Fed. Cir. 2017) ............................................... 7

*Intellectual Ventures I LLC v. Symantec Corp.*,
    838 F.3d 1307 (Fed. Cir. 2016) .................................................... 16

*Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*,
    876 F.3d 1372 (Fed. Cir. 2017) .................................................... 8

*McRO, Inc. v. Bandai Namco Games Am. Inc.*,
    837 F.3d 1299 (Fed. Cir. 2016) .................................................... 17

*Move, Inc. v. Real Estate Alliance Ltd.*,
    721 F. App'x 950 (Fed. Cir. 2018), *cert. denied*, 139 S. Ct. 457
    (2018).......................................................................................... 1, 7, 20

*OIP Techs., Inc. v. Amazon.com, Inc.*,
    788 F.3d 1359 (Fed. Cir. 2015) ............................................... 16, 20

*RecogniCorp, LLC v. Nintendo Co., Ltd.*,
    855 F.3d 1322 (Fed. Cir. 2017) ........................................... 1, 22, 23

*SAP Am., Inc. v. InvestPic, LLC*,
    898 F.3d 1161 (Fed. Cir. 2018), *cert. denied*, 139 S. Ct. 2747
    (2019).......................................................................................... 2

*Shorter v. Los Angeles Unified Sch. Dist.*,
    2013 WL 6331204 (C.D. Cal. 2013) .......................................... 12

DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST,
THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 8:20-cv-00529

1386908

*SRI International, Inc. v. Cisco Systems, Inc.*,
  930 F.3d 1295 (Fed. Cir. 2019), *cert. denied*, 140 S. Ct. 1108
  (2020)......................................................................................................8

*Sycamore IP Holdings LLC v. AT&T Corp.*,
  294 F. Supp. 3d 620 (E.D. Tex. 2018), *aff'd*, 773 F. App'x 624
  (Fed. Cir. 2019) ......................................................................................4, 5

*In re TLI Commc'ns*,
  823 F.3d at 613–15 ....................................................................................23

*In re TLI Commc'ns LLC Patent Litig.*,
  823 F.3d 607 (Fed. Cir. 2016) .........................................................*passim*

*Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*,
  874 F.3d 1329, 1337 (Fed. Cir. 2017) ..............................................*passim*

*Ultramercial, Inc. v. Hulu, LLC*,
  772 F.3d 709 (Fed. Cir. 2014) ................................................................12

*Uniloc USA, Inc. v. LG Electronics. USA, Inc.*,
  957 F.3d 1303 (Fed. Cir. 2020) ......................................................10, 11

**Federal Statutes**

35 U.S.C. § 112.............................................................................................8

**Rules**

Rule 12 ...........................................................................................................1

**Other Authorities**

U.S. Patent No. 6,341,375 ...................................................................*passim*

U.S. Patent No. 7,266,079 ...................................................................*passim*

U.S. Patent No. 8,270,992 ...................................................................*passim*

U.S. Patent No. 8,959,245 ...................................................................*passim*

iv

DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST,
THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 8:20-cv-00529

1386908

## I.      INTRODUCTION

Netflix's motion to dismiss is ripe for adjudication.  In its Opposition, Broadcom does not identify any factual dispute that would preclude decision under Rule 12.  Nor does Broadcom argue that claim construction is required to resolve the dispute.  And, despite amending its complaint, Broadcom continues to rely on the same, conclusory allegations of novelty as in its initial complaint instead of alleging facts that show that its inventions are inventive.  Therefore, the question before the Court is a pure question of law: Can conclusory allegations of novelty plug the gap when eligible subject matter cannot be found within the asserted claims themselves?  The Federal Circuit has repeatedly and definitively answered that question in the negative.  *See, e.g.*, *RecogniCorp, LLC v. Nintendo Co., Ltd.*, 855 F.3d 1322, 1327 (Fed. Cir. 2017); *Ericsson, Inc. v. TCL Commc'n Tech. Holdings Ltd.*, 955 F.3d 1317, 1330 (Fed. Cir. 2020); *Am. Axle & Mfg. Co. v. Neapco Holdings, LLC*, 939 F.3d 1355, 1363 (Fed. Cir. 2019); *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 766 (Fed. Cir. 2019), *cert. denied*, 140 S. Ct. 983 (2020); *Elec. Power Grp., LLC v. Alstom, S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016).  Nor does any alleged novelty over prior art—Broadcom's *Alice* step 1 argument throughout its brief—address the question of abstraction under § 101.

In its opposition, Broadcom fails to offer any support for its conclusory statements of novelty.  It fails to support them with language from the claims themselves or to offer any facts in support of the allegations.  Instead, Broadcom maintains that its allegations alone, taken as true, prevent dismissal at this stage. But the Court need not credit conclusory statements or arguments regarding non-abstraction and inventiveness.  *See Move, Inc. v. Real Estate Alliance Ltd.*, 721 F. App'x 950, 956–57 (Fed. Cir. 2018), *cert. denied*, 139 S. Ct. 457 (2018) (rejecting "conclusory" allegations of inventiveness and relying on the claim recitations to hold that patent was directed towards abstract idea); Netflix's Mem. in Supp. of its

1

DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST,
THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 8:20-cv-00529

1386908

Mot. to Dismiss Am. Compl. ("Memo") at 2. Broadcom's conclusory allegations create no dispute of fact to preclude dismissal. *See, e.g., SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018), *cert. denied*, 139 S. Ct. 2747 (2019). Throughout its opposition, Broadcom argues that Netflix has oversimplified the patents, which it argues recite improvements in computer functionality. To prove the point, however, Broadcom relies on the very type of functional language that the Federal Circuit has repeatedly held ineligible under § 101. *Elec. Power Grp.*, 830 F.3d at 1356. Broadcom sidesteps these and other controlling Federal Circuit cases, cited in the opening brief, and asks this Court to rely instead upon various nonprecedential, district court decisions to uphold the functional claim language in its patents. *See* Mem. In Supp. of Pls.' Opp. to Mot. to Dismiss ("Opp.") at 6, 7, 9, 13, 14, 25. But none of these cases are availing; they involve technical solutions to technical problems. By contrast, the first, third, fourth, and fifth claims of Plaintiffs' first amended complaint assert claims that instruct generic computer components to carry out abstract and functional results on a network or on the internet. That is not enough. *Bascom Global Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1348 (Fed. Cir. 2016). Further amendment would be futile. The claims are "invalid as a matter of law" such that additional allegations would neither "be consistent with the patent intrinsic record" nor "support a position of patent eligibility[.]" *Accelerated Memory Tech, LLC v. Hulu, LLC*, 2020 WL 1934979 at *7 (C.D. Cal. 2020). Accordingly, the Court should dismiss them with prejudice.

## II.   ARGUMENT

### A.   The '079 Patent is ineligible.

#### 1.   '079 claim 1 is directed to the abstract idea of redirecting traffic flow based on congestion.

Broadcom quibbles with Netflix's formulation of the abstract idea, arguing that the '079 patent is directed to "balancing data traffic among network links that

DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST, THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 8:20-cv-00529

have different speeds, capabilities, and congestion levels (heterogeneous links), and that transfer data between the networked computers and other devices." Opp. at 1 (citing '079 Patent 1:40-43). That formulation is no less abstract. Balancing data traffic based on speed, capability, and congestion, and then transferring that data, is a pure abstraction, and fits neatly within a line of Federal Circuit precedent so holding. *See, e.g.*, *Two-Way Media, Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1339 (Fed. Cir. 2017), *cert. denied*, 139 S. Ct. 378 (2018) (invalidating a method addressing "excessive loads on a source server, network congestion, [and] unwelcome variations in delivery times"); *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019), *cert. denied*, *Garmin USA, Inc. v. Cellspin Soft, Inc.*, 140 S. Ct. 907 (2020) (distinguishing the abstract idea of "transferring" data). Thus, the Court should invalidate this claim under either abstract formulation.

And Claim 1 of the '079 patent does not actually recite "computers and other devices." But even allowing Broadcom's attempt to inject a bit of hardware into its claims where none can be found, the Federal Circuit has already held that performing the abstract idea on a network with "computers and other devices" does not make a claim patent eligible. *See Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1367 (Fed. Cir. 2015) (reciting an Internet or other communication network "does not render the claims any less abstract").

Broadcom next maintains that claim 1 of the '079 patent "provide[s] significant benefits over the then-existing art." Opp. at 6. But advancement over prior art is irrelevant to the question of abstractness under *Alice* step 1. *See Affinity Labs of Tex., LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1263 n.3 (Fed. Cir. 2016) (distinguishing between the question of abstractness and the issue of novelty). Indeed, Broadcom's argument betrays a miscomprehension of the scope of eligible subject matter that infects its entire opposition and first amended complaint. Section 101 is a gatekeeper whose function is to prevent any person from preempting a whole field by claiming to have invented the abstract idea itself. *See*

3

DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST, THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 8:20-cv-00529

1386908

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014) (cautioning against "grant[ing] a monopoly over an abstract idea") (quoting *Bilski v. Kappos*, 561 U.S. 593, 611-12 (2010)).  Regardless of its novelty, and before that assessment even takes place, Section 101 functions to keep abstract ideas out of the realm of patentable subject matter.  Therefore, at step 1, it is simply irrelevant that the abstract idea may not be found in the prior art—no patent can be had on it.  *See Data Engine Technologies LLC v. Google LLC*, 906 F.3d 999, 1011 (Fed. Cir. 2018) (distinguishing between the novelty question which is "reserved for §§ 102 and 103" and the "question of abstraction" under § 101).

As it does for most of its patents, Broadcom labors in vain to distinguish binding Federal Circuit precedent in an effort to persuade the Court to follow inapt, extra-circuit decisions.  *See* Opp. at 7 (citing *Sycamore IP Holdings LLC v. AT&T Corp.*, 294 F. Supp. 3d 620, 652 (E.D. Tex. 2018), *aff'd*, 773 F. App'x 624 (Fed. Cir. 2019)).[1]  In doing so, Broadcom generously proposes that claim 1 of the '079 patent is equivalent to the compression of signals that "reduces the number of bits required to transmit a particular communication" across different computer signal protocols, without compromising any portion of the communication. *Sycamore*, 294 F. Supp. 3d at 650, 652.  The technical solution that improved the technical performance of compression protocols in *Sycamore* is a far cry from what the '079 patent claims.  Indeed, the U.S. District Court for the Eastern District of Texas made clear in *Sycamore* that, although the compression protocol at issue involved the manipulation of data (which, alone, is unpatentable), "the point of the invention is not simply the transmission of data in coded form, but the conversion of data into a form that makes the communication of the data more efficient."  *Id.* at 652.  Compressing data merely "to facilitate network communications" would be

---

[1] Notably, the Court in *Sycamore* did not affirmatively hold that the patent at issue was eligible. *Sycamore*, 294 F. Supp. 3d at 654 ("[I]t is not clear on the summary judgment record before the Court that the asserted claims of the '405 patent are directed to an abstract idea and do not embody an inventive concept").

DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST, THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 8:20-cv-00529

1386908

1    "regarded as directed to an abstract idea[.]" *Id.* at 653-54.

2          Here, Broadcom claims precisely what the court in *Sycamore* (and the

3    Federal Circuit) have explained is ineligible.  Broadcom states: "By balancing data

4    traffic over heterogeneous links, the invention improves the speed and efficiency of

5    data transmission within the network."  Opp at 1-2.  But speed and efficiency alone

6    are not an improvement to computing: "[Federal Circuit] precedent is clear that

7    merely adding computer functionality to increase the speed or efficiency of the

8    process does not confer patent eligibility on an otherwise abstract idea."

9    *Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1370 (Fed.

10   Cir. 2015). *See also Ericsson, Inc. v. TCL Commc'n Tech. Holdings Ltd.*, 955 F.3d

11   1317, 1330 (Fed. Cir. 2020) (same).  *Sycamore* counsels in favor of dismissal.

12         Instead, *Two-Way* directly applies to the '079 patent and compels dismissal.

13   874 F.3d at 1337, 1339 (finding abstract "a method for routing information" to

14   combat "excessive loads on a source server, network congestion, [and] unwelcome

15   variations in delivery times").  Broadcom does not resist the Federal Circuit's logic

16   in *Two-Way*; rather, it concedes that the analogy "depends on Netflix's

17   characterization of the claimed technology as directed to redirecting traffic flow

18   based on congestion."  Opp. at 8 (internal quotation marks omitted).  Yet,

19   "[s]tripped of excess verbiage," *Affinity Labs of Tex., LLC v. DIRECTV, LLC*, 838

20   F.3d 1253, 1256 (Fed. Cir. 2016), that is exactly what the '079 patent describes.

21   Broadcom's only argument contesting this characterization is that it is an

22   "oversimplified construction" of the "five-part" claim, followed by a block

23   quotation of the claim itself.  Opp. at 8.  Neither is this a sufficient answer, nor is

24   the oversimplification theory availing in any event.  To focus on the number of

25   claim limitations, over their substance, would "make patent eligibility depend

26   simply on the draftsman's art."  *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S.

27   208, 226 (2014) (internal quotation marks omitted).  Indeed, Broadcom's own

28   description of the invention—"balancing data traffic among network links that have

5
DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST,
THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 8:20-cv-00529

1386908

different speeds, capabilities, and congestion levels (heterogeneous links)," Opp. at 1; '079 Patent 1:40-41—is hard to distinguish from Netflix's, which is firmly rooted in the claim language and specification. Memo at 7-8. Accordingly, *Two-Way* controls, and the '079 patent is abstract.

Broadcom next searches in vain for a machine within the scope of its claims. Opp. at 8. The best is can do is "network links." *Id.* But Broadcom again brushes up against Federal Circuit precedent. Even generously assuming Broadcom's assertion that networks links require a computer, "communicating over a network" is abstract and "adding one abstract idea to another abstract idea does not render the claim non-abstract." *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 771 (Fed. Cir. 2019), *cert. denied*, 140 S. Ct. 983 (2020) (alterations omitted). Nor does Broadcom convince with the newly alleged "components capable of transmitting electronic data between devices within a computer network[,]" Opp. at 8, since these are classically generic computer components. "An abstract idea on an Internet computer network *or* on a generic computer is still an abstract idea." *Bascom Global Internet Services, Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1348 (Fed. Cir. 2016) (emphasis added) (internal quotation marks omitted).

Unable to satisfy Federal Circuit precedent, Broadcom is left to argue that it is not binding. Broadcom contends that *CyberSource Corp. v. Retail Decisions, Inc.*—on which Netflix relies for proposition that a claim improving computers need recite one—has been abrogated by post-*Alice* decisions. Opp. at 8-9 (citing 654 F.3d 1366 (Fed. Cir. 2011)). This is incorrect. The Federal Circuit's extensive reliance on *CyberSource* in post-*Alice* decisions confirms that today, as even before *Alice*, "to impart patent-eligibility to an otherwise unpatentable process under the theory that the process is linked to a machine" or an improvement to the functionality of a machine, the claim ***at the very least*** need recite said machine or computer-related limitations. *Id.* at 1370, 1375. *See also, e.g.*, *Ericsson*, 955 F.3d at 1327; *BSG Tech LLC v. BuySeasons, Inc.*, 899 F.3d 1281, 1286 (Fed. Cir. 2018);

6

DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST, THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 8:20-cv-00529

1386908

*Intellectual Ventures I LLC v. Erie Indem. Co.*, 711 F. App'x 1012, 1015 (Fed. Cir. 2017). *CyberSource* is not "outdated[,]" Opp. at 9, it is vibrant. In the absence of a claimed machine or non-generic computer component, the '079 patent is abstract.

Broadcom finally challenges Netflix's traffic cop analogy by concluding what it must show. Opp. at 9. Despite asserting in conclusory fashion that "[a] traffic cop's work is not analogous to processing and directing electronic data at the speed required for transmission in a computer network[,]" *id.*, Broadcom does not explain *why*. And while Broadcom provides lengthy citations to cases, the relevance of which go unexplained, it offers no explanation of how Netflix's analogy, for example, "abstract[s] away important technical details" or is "contrived" or "reverse-engineered." *Id.*. Redirecting traffic flow based on congestion is a human activity performed by ordinary traffic cops every day. Accordingly, the '079 patent is directed to an abstract idea.

### 2. '079 claim 1 is not inventive.

Broadcom concludes that the '079 patent contains an inventive concept. Opp. at 9. For support, it points to allegations of inventiveness in its amended complaint. Broadcom states that "[t]hese allegations are well-supported in the claim" with a mere footnote *citing generally to the entire claim*. *Id.* at 10 & n.22. Just like the claim language itself, Broadcom never explains how the claim supports these allegations. The Court cannot credit the complaint's unsupported allegations where they are not found in the claims. *See ChargePoint*, 920 F.3d at 766 (emphasizing the importance of the claim language itself in the determination of patentability). Instead, the allegations simply proclaim "novel ways to solve [certain] technical problems" as well as "new, improved methods and apparatuses" without elaboration. Opp. at 9-10 (quoting Am. Compl. ¶¶ 34, 35). The Court need not accept as true conclusory allegations of inventiveness. *Move, Inc.*, 721 F. App'x at 956–57.

Broadcom also repeats its *Alice* step 1 argument regarding the recitation of

7

DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST, THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 8:20-cv-00529

1386908

computer limitations, maintaining that the lack of any meaningful hardware or software limitations is irrelevant to the question of inventiveness. Opp. at 10. It does not deny, however, that its invention can be implemented by conventional computing components, *see* '079 Patent 12:26-28, but rather suggests this is not dispositive. In doing so, Broadcom mischaracterizes Netflix's argument regarding a general-purpose computer, and conflates the step 1 and step 2 inquiries. The "ability to run on a general-purpose computer" in isolation is not Netflix's argument for non-inventiveness. Rather, where the patent is directed at an abstract idea at *Alice* step 1, as explained above, the general-purpose computer adds nothing in the way of inventiveness at step 2. *See BSG Tech LLC*, 899 F.3d at 1285 ("If a claimed invention only performs an abstract idea on a generic computer, the invention is directed to an abstract idea at step one."); *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1378 (Fed. Cir. 2017) ("[If] the only components disclosed in the specification for implementing the asserted method claims are unambiguously described as 'conventional' [then those] components do not supply an inventive concept.") (citation omitted). Implementation of an abstract idea on a conventional computer is "the abstract idea itself." *BSG Tech LLC*, 899 F.3d at 1287. The generic computer components do not add inventiveness.[2]

Finally, Broadcom mistakes Netflix's argument regarding results-oriented functional claims—a Section 101 issue, *see Electric Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1355 (Fed. Cir. 2016); Memo at 9—with "an enablement issue under 35 U.S.C. § 112[,]" which Netflix does not argue in its motion. Opp. at 11. In doing so, Broadcom attempts to avoid subject matter eligibility, stating without elaboration that "steps a.–e. of claim 1 explicitly describe 'how' transmission unit traffic is balanced over network links." *Id.*. And, in any event, steps a. through e.

[2] Although Broadcom quotes *SRI International, Inc. v. Cisco Systems, Inc.*, 930 F.3d 1295, 1303 (Fed. Cir. 2019), *cert. denied*, 140 S. Ct. 1108 (2020), swapping—in place of the patent at issue—nearly ten lines of its own patent language, it does not explain the relevance of this case. Opp. at 10-11.

DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST, THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 8:20-cv-00529
1386908

of claim 1 are not the *how* but rather the functions themselves: (1) ***disposing***; (2) ***grouping***; (3) ***determining***; (4) ***regrouping***; (5) ***transmitting***. *Id.* at 10.[3] The '079 patent is not inventive.

Finally, Broadcom devotes only a footnote to Netflix's argument that the ordered combination of the claim limitations is conventional, without denying that the sequence is intuitive. Opp. at 11 n.24. It does not support its suggestion that the intuitive order "demonstrates that the order itself is inventive." *Id.*

The '079 patent is abstract and non-inventive; accordingly, it does not claim patent eligible subject matter and should be dismissed.

## B. The '245 Patent is ineligible.

### 1. The '245 Patent is directed to the abstract idea of routing information based on user information.

Broadcom rejects Netflix's explanation of the claimed invention in the '245 patent, without drawing any meaningful contrast. Fussing with semantics, Broadcom insists that "determining multiple routes for delivering content . . . based on a provisioning profile" for a requesting user—'245 Patent 12:1—is not the same as "routing information based on user information" which is abstract under *Two-Way*. Opp. at 12. Broadcom does not, and cannot, seriously contend that *routing* information *based* on *user* information is exactly what the patent claims in ***precisely those words***; rather, it suggests this is an "oversimplification." *Id.* It explains that Netflix oversimplifies the "heart of the invention" through Netflix's "focus on user information" which in turn "reduces the entire patent to dependent claim 3." *Id.* at 12. Yet, four pages later, Broadcom does an about-face when it argues that in fact

---

[3] Broadcom also misstates the *Electric Power* holding. The Federal Circuit did *not* affirmatively state that claims requiring an arguably inventive distribution of functionality are patentable. Rather, it merely cited an "arguably inventive" concept *far* more inventive than here to distinguish the unpatentable claim at issue. *Electric Power Grp.*, 830 F.3d at 1355-56 (citing *Bascom*, 827 F.3d at 1350 (involving "the installation of a filtering tool at a specific location, remote from the end-users, with customizable filtering features specific to each end user")).

1386908

"dependent claims 3 and 6… are the **patent's core inventive concepts**." *Id.* at 16 (emphasis added). So, Netflix's "focus on user information" does not oversimplify but rather captures precisely what Broadcom itself views as the key stroke of inventiveness. Consequently, the parties do not actually dispute Netflix's characterization, and *Two-Way* is controlling. Claim 1 of the '245 patent is directed at an abstract idea.

Broadcom suggests that its invention is directed at improvements in computer functionality such as that in *Uniloc USA, Inc. v. LG Electronics. USA, Inc.*, 957 F.3d 1303 (Fed. Cir. 2020); Opp. at 12. But *Uniloc* supports dismissal here. As the Court explained, the claims there were eligible because they are directed to "a specific asserted improvement to the functionality of the communication system itself," and not merely the abstract idea. *Uniloc*, 957 F.3d at 1309. In particular, the "reduction of latency experienced by parked secondary stations in communication systems[,]" *Id.* at 1307, resulted from adding "prior to transmission, an additional data field[.]" *Id.* at 1307-08. It was "*this change*" that constituted an "improvement" to functionality. *Id.* at 1308-09 (emphasis added).

The '245 patent claims flunk the test set out by *Uniloc*. The claims do not contain a technical solution to a technical problem in a wireless or wired communication system. Instead, a computer is directed to determine multiple routes for information based on user information, a decidedly non-technical abstraction. Broadcom's patent mirrors the claims "held ineligible in *Two-Way Media*" which likewise "failed to concretely capture any improvement in computer functionality." *Uniloc*, 957 F.3d at 1308. Those claims recited "a method of transmitting packets of information over a communications network comprising: converting information into streams of digital packets; routing the streams to users; controlling the routing; and monitoring the reception of packets by the users." *Id.* A side-by-side comparison of the *Two-Way* claims with claim 1 of the '245 patent—comprising (1) "receiving from a user device…a request for a service"; (2)

"determining multiple routes" to deliver requested content based on user characteristics; and (3) "delivering said content…via said determined multiple routes"—reveals virtually no daylight between these claims.  '245 Claim 1. Accordingly, *Two-Way* dictates the outcome here, and claim 1 of the '245 patent is abstract.

Broadcom props up a reference to quality of service ("QoS") in its opposition in an effort to inject some jargon into the mix.  Quality of service is itself an abstract idea.  Broadcom argues that the claimed invention "improves the quality of service of data transmissions through the identification and selection of multiple routes[.]"  Opp. at 13.  But none of the asserted claims—including the provisioning profile recited in dependent claim 3—is directed at or limited to a technical solution to a technical problem with quality of service.[4]  Rather, the patent is directed at determining "multiple routes" based on user characteristics, *such as* "desired QoS for one or more services[.]"  '245 Patent at 12:8-11.  Claim 1 itself says *nothing* about QoS; at most, claim 3 includes it among a non-exhaustive list of "user characteristics."  Moreover, this Court is not free simply to disregard all of the other user characteristics claim 3 recites.  *Id.* at 12:8-11.  The asserted claims neither provide a technical solution to improve QoS nor "change[] the normal operation of the communication system itself[.]"  *Uniloc*, 957 F.3d at 1308; Opp. at 13.

Furthermore, contrary to Broadcom's assertion, Netflix's reliance on *Intellectual Ventures I LLC v. Capital One Bank (USA)* is not misplaced; rather, it is driven by the patent's own reliance on a "provisioning profile" described in dependent claim 3.  *Intellectual Ventures* held that "the 'as a function of the user's personal characteristics' limitation…is an abstract idea."  *Intellectual Ventures I LLC*, 792 F.3d at 1369.  The Federal Circuit, in this case as well as the other cases

---

[4] Furthermore, *Uniloc* did not discuss quality of service; rather, as discussed, the "change in the manner of transmitting data" that the Court described was the actual addition of data to content that was subsequently transmitted.  *Uniloc*, 957 F.3d at 1308.  Broadcom does not contend, nor can it, that its invention alters content.

DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST, THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 8:20-cv-00529

1386908

Netflix cited in its opening brief—Memo at 11-12—did not say such a limitation was abstract only in the context of "targeted marketing."  Opp. at 14.

Finally, Broadcom's resistance to Netflix's dinner host analogy, as with the '079 patent, misses the forest for the trees.  Ignoring the main question at *Alice* step 1—whether the invention is directed at an abstract idea—Broadcom instead maintains that the analogy is inapt because the invention is allegedly internet-based.  But "use of the Internet does not transform an otherwise abstract idea into patent-eligible subject matter."  *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 716 (Fed. Cir. 2014).  The underlying idea behind the '245 patent—routing information based on user information—is capable of human performance.  *See also Ericsson*, 955 F.3d at 1327 (explaining that a process wherein "a request is made for access to a resource, that request is received and evaluated, and then the request is either granted or not" is "exactly the sort of process that can be performed in the human mind") (citations omitted).  Accordingly, the patent is directed at an abstract idea.

## 2.    The '245 Patent is not inventive.

Broadcom asserts that three elements—(1) identification of multiple routes for content delivery; (2) based on a provisioning profile; and (3) all via a network management ("NM") server—supply an inventive concept.  Opp. at 14-15.  It argues that each of the elements standing alone is inventive.  *Id.* at 15.  But the Federal Circuit has already held that identifying multiple routes is abstract.  *Two-Way Media*, 874 F.3d at 1337.  And the Federal Circuit has held that routing information based on user information is abstract.  *Intellectual Ventures I LLC*, 792 F.3d at 1369–70.  And the Federal Circuit has held that a "network management server" is a generic computer component.  *See In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 614 (Fed. Cir. 2016).  Broadcom abandons any argument that the ordered combination of claim 1 is inventive.  Opp. at 15; *see also Shorter v. Los Angeles Unified Sch. Dist.*, 2013 WL 6331204 at \*5 (C.D. Cal. 2013) (holding that failure by a plaintiff's opposition to address arguments raised in a defendant's

12

DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST, THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 8:20-cv-00529

1386908

1    motion to dismiss constitutes "waiver or abandonment of those issues"). But the

2    ordered combination fares no better. Heaping one abstraction upon another and

3    telling a generic "network management server" to do it does not a patent make.

4    *ChargePoint, Inc*, 920 F.3d at 771.

5         Broadcom therefore instead rests on the allegations in the amended complaint

6    that describe the claimed invention as a "novel solution for transmitting digital

7    media content over a communication network via multiple routes, using a network

8    management server and a provisioning profile" and conclude that this was "not

9    well-understood, routine, or conventional at the time . . . because it claims a ***new***

10   ***and specific improvement over the prior art***." Opp. at 15 (citing Am. Compl. ¶

11   107) (emphasis added). But, again, such novelty is irrelevant to patent eligibility.

12   *See Diamond v. Diehr*, 450 U.S. 175, 190, (1981) ("whether a particular invention

13   is novel is wholly apart from whether the invention falls into a category of statutory

14   subject matter") (internal quotations omitted).

15        Broadcom's allegations about the dependent claims are even more

16   conclusory. "The ordered combination of elements in each of claims 3 and 6, in

17   conjunction with the elements of the claim[] from which they depend, . . . recite

18   unconventional, new, and improved digital media content delivery methods that

19   were not well-understood at the time of the '245 Patent." Opp. at 15 (quoting FAC

20   ¶ 110). Just saying it doesn't make it so—even on a motion to dismiss. *Ashcroft v.*

21   *Iqbal*, 556 U.S. 662, 679 (2009) ("[A] court considering a motion to dismiss can

22   choose to begin by identifying pleadings that, because they are no more than

23   conclusions, are not entitled to the assumption of truth."). Like its claims,

24   Broadcom never tells us how the claims achieve this supposed improvement.

25        So Broadcom's primary argument is that its functional claims produce an

26   abstract benefit. Here it is, in Broadcom's own words: "The provisioning profile

27   contains information relevant to the user device requesting content, and enables the

28   network management server to intelligently select the most reliable, best-suited

13

DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST,
THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 8:20-cv-00529

1386908

route through the network."  Opp. at 16.  On this the parties agree: adjectives aside, the claims tell a computer to do without ever telling it ***how*** to do, much less reciting an inventive technical solution.  Instead, claim 1 instructs a server to select one or more routes based on information—any information—about the user.  Claim 3 says the information should include one or more of client account information, credit verification, preferred service types (e.g., call me, don't Facetime), and desired quality of service.  Claim 6 instructs:  choose the routes "based on priority."  Telling the computerized brain to "intelligently select" and use the "best-suited route"—which the claims do not actually recite—is not a technical solution.  *Intellectual Ventures I LLC*, 792 F.3d at 1371 ("Requiring the use of a 'software' 'brain' 'tasked with tailoring information and providing it to the user' provides no additional limitation beyond applying an abstract idea, restricted to the Internet, on a generic computer.")

### C.   The '992 Patent is ineligible.

#### 1.   The asserted claims of the '992 patent are directed to the abstract idea of switching from lower- to higher-quality media when available.

The asserted claims of the '992 patent claim the abstract idea of switching from lower- to higher-quality media when available.  In an effort to show otherwise, Broadcom argues that certain elements of the claims "specifically limit[]" them.  *See* Opp. at 16-17.  This argument inappropriately focuses on "what the claim elements add"—an inquiry that is typically reserved for step 2 of the *Alice* analysis.  *Elec. Power Grp.* 830 F.3d at 1353 (explaining that at step 1, courts look to the "focus" of the asserted claims).  In any event, the identified claim elements do not render the asserted claims patent eligible at step 1.

Broadcom first argues that the asserted claims are not abstract because they limit the step that determines digital media quality to the "use of bandwidth."  Opp. at 16.  But to be patent eligible, a claim that recites functional results must "sufficiently describe how to achieve these results in a non-abstract way."  *Two-*

14

DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST, THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 8:20-cv-00529

1386908

*Way Media Ltd. v. Comcast Cable Commc'ns*, LLC, 874 F.3d 1329, 1337 (Fed. Cir. 2017), *cert. denied*, 139 S. Ct. 378 (2018). Here, independent claim 1 generically recites the step of "*determining* that a network connection with a second system is . . . characterized by a communication bandwidth that is high enough to provide the digital media content to the user at a quality level higher than the current quality level." '992 patent at claim 1 (emphasis added). It claims no way of making such a determination. *Cf. Data Scape Ltd. v. W. Digital Corp.*, 2020 WL 3564683, at *3 (Fed. Cir. July 1, 2020) (rejecting a claim that "generically recites editing information, detecting the connection of one apparatus to another, comparing data on the two devices, and transmitting selected data from one apparatus to another"). In fact, the specification intentionally declines to limit this step of the claimed invention, stating that the determination "may" concern "a minimum bandwidth," "a particular level of reliability," "a particular set of communication protocols," or even "secure communication capability." '992 patent 5:25-64. Because "information of communication capability may include any of a large number of communication characteristics," the specification concludes, "the scope of various aspects of the present invention should not be limited by particular communication or communication link characteristics." *Id.* 6:3-7. This step therefore cannot save the claim as a whole. *Cf. Elec. Commc'n Techs., LLC v. ShoppersChoice.com,* 958 F.3d 1178, 1181-82 (Fed. Cir. 2020) (finding claim steps to be abstract when the specification declined to limit a key term in the steps).

Nor does the confinement of this determination to a "portable system" or "digital media" render the claim non-abstract, as Broadcom contends. Opp. at 17. The Federal Circuit has explicitly rejected such an argument. In *Affinity Labs of Texas, LLC v. Amazon.com Inc.*, it held that "the concept of delivering user-selected *media content* to *portable devices* is an abstract idea, as that term is used in the section 101 context." 838 F.3d 1266, 1269 (Fed. Cir. 2016) (emphasis added). It reasoned that the recitation of "wireless streaming of media" did not render an

---

15

1386908

otherwise abstract idea patent eligible because: (1) the patent did not "disclose any particular mechanism for wirelessly streaming content to a handheld device," and (2) "[i]t is not debatable . . . that the delivery of media content to electronic devices was well known long before the priority date [, March 28, 2000,] of the [asserted patent]." *Id.* at 1269-70.  So too here.  As described in Section II.C.2, *infra*, the '992 patent does not limit the mechanism by which the "portable system" performs the claim steps.  And, limiting the asserted claims to a "portable device" recites nothing more than a generic environment in which to carry out the otherwise abstract idea of switching from lower- to higher-quality media when available.  *Cf. In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 611 (Fed. Cir. 2016).

Broadcom next argues that the limitations of the dependent claims sufficiently "narrow and define the type of media delivered and the manner of its delivery."  *See* Opp. at 17.  Broadcom again disregards Federal Circuit precedent.  Dependent claims 2 and 3 provide that the "digital media content" of independent claim 1 is video media and audio media, respectively.  But in *Electric Power*, the court stated that it "ha[s] treated collecting information, including when limited to particular content (*which does not change its character as information*), as within the realm of abstract ideas."  830 F.3d at 1353 (emphasis added) (collecting cases); *see also Two-Way Media*, 874 F.3d at 1333, 1338 ("streaming audio/visual data over a communications system" merely recites the abstract concept of "manipulat[ing] data").  Thus, specifying that the content is audio or video media does not render the claims non-abstract.  These are conventional types of media.

Likewise, dependent claim 5 provides that the method of claim 1 is performed automatically.  But the Federal Circuit has found that automating an otherwise abstract idea via a computer does not render a claim patent eligible.  *See OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1363 (Fed. Cir. 2015); *see also Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1317 (Fed. Cir. 2016) (rejecting a claim that involved automating an otherwise abstract idea).  To

support its argument that dependent claim 5 renders the invention non-abstract, Broadcom cites *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1313 (Fed. Cir. 2016).  But *McRO* is inapplicable; in that case, automation fundamentally improved a process that previously could only be performed by the subjective judgment of humans.  Here, Broadcom does not allege that automation itself is an improvement over prior methods.  Rather, the automation recited in claim 5 is "at most an improvement to [an] abstract concept."  *See Customedia Techs. LLC v. Dish Networks Corp,* 951 F.3d 1359, 1363–65 (Fed. Cir. 2020).

Broadcom finally argues that the eligibility inquiry should end at step 1 because the asserted claims do not preempt "approaches that use different criteria" to make a media quality determination.  Opp. at 18.  To support this argument, Broadcom contends that a "driving concern" in the *Electric Power* court's analysis was preemption.  Opp. at 17.  As a preliminary matter, this characterization is misleading.  In *Electric Power*, the Federal Circuit remarked that the preemption analysis quoted by Broadcom was "one helpful way of double-checking the application of the [*Alice*] framework"—a framework that the court had already performed in full when it made its observation.  830 F.3d at 1356.  Regardless, where, as here, "a patent's claims are deemed only to disclose patent ineligible subject matter under the *Alice* framework, . . . preemption concerns are fully addressed and made moot."  *Two-Way Media*, 874 F.3d at 1339.  Furthermore, even if preemption was the touchstone, Broadcom's argument would fail.  As noted above, the determining step was drafted in an effort to encompass any way of making the bandwidth determination; instead of claiming a particular way of making the determination, it effectively claims the idea of the determination itself.

### 2.    The asserted claims of the '992 patent do not survive step 2 of the *Alice* analysis.

The asserted claims of the '992 patent do not contain an inventive step that would render them patent eligible.  The specification may provide context to

1386908

elements of a claim, but an "inventive concept" must be excluded from the step 2 analysis if it is entirely omitted from the claim language. *See Two-Way Media*, 874 F.3d at 1339. Broadcom ignores this precedent, arguing that the '992 patent contains several "inventive steps," **none of which** are recited in asserted claims.

**First**, Broadcom argues that the asserted claims satisfy *Alice* step 2 because they "attempt to solve the problem of delivering low-quality content in unstable network environments by using a quality-of-service-based network resource allocation delivery system." Opp. at 19. But nowhere do the claims recite the delivery of "low-quality content." Moreover, the specification does not present the delivery of "low-quality content" as a "problem" to be solved. And even if the invention did purport to solve such a problem, it would not pass muster under step 2 because it recites the attempted solution in a generic, functional way. *See* Memo at 19-20 (citing aspects of the '992 specification that reveal each step of the claimed method is generic); *cf. Affinity Labs*, 838 F.3d at 1271 (rejecting allegedly inventive features of a claim when they were "described and claimed generically rather than with the specificity necessary to show how those components provide a concrete solution to the problem addressed by the patent").

**Second**, relying on the conclusory allegations of its complaint, Broadcom argues that the "quality control modules" and "communication modules" identified in the specification render the asserted claims inventive. Opp. at 19 (quoting Am. Compl. ¶ 135). But the asserted claims make no reference to those modules. Even if the Court were to use the specification as a "lens for understanding the claims," as Broadcom urges, it could not understand what isn't there—"the problem is that no inventive concept resides in the claims." *Two-Way Media*, 874 F.3d at 1340. The "modules" therefore do not supply an inventive step.

The alleged "modules," like the other aspects of the '992 patent, are also described in entirely generic terms. In *TLI*, the Federal Circuit found that the recitation of an "image analysis unit" and a "control unit" could not save a claimed

18

DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST, THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 8:20-cv-00529

1386908

invention at step 2 because "the specification limits its discussion of these components to abstract functional descriptions devoid of technical explanation as to how to implement the invention." 823 F.3d at 614-615. According to the Court's review of the specification, the "image analysis unit predictably analyze[d] . . . digital images," while the "control unit predictably control[led] various aspects of the claimed functionality." *Id.* at 615 (internal quotations omitted). The court reasoned that "[s]uch vague, functional descriptions of server components are insufficient to transform the abstract idea into a patent-eligible invention." *Id.* Here, too, the specification provides that the communication module "may establish a wireless communication link based on any variety of wireless communication protocols and standards." '992 patent 21:37-54. Likewise, the quality control module "may . . . communicate a variety of information over the communication link . . . to make [a quality] determination." *Id.* 22:13-16. The modules are not limited to any particular "hardware or software implementations." *Id.* at 26:1-13. Even if it were present in the claim language, this purely generic architecture would not render the asserted claims patent eligible.

**Third**, Broadcom argues that the asserted claims are inventive because "Claim 1 . . . recites a novel solution" of obtaining higher-quality content "from another source," while in the prior art, "the source of the content remained the same between the two systems." Opp. at 19-20 (quoting Am. Compl. ¶ 143). Broadcom offers no legal authority to support this proposition, instead claiming that its allegations "are sufficient to plead inventiveness, and are well-supported by the specification and the claim." *Id.* at 20. Not so. Claim 1 does not specify that the second system must obtain its information from a different source than the first, and the specification explicitly does not limit the invention by "characteristics of particular information, information sources, or particular links to such information sources" the second system may have. '992 patent at 6:19-39. Regardless, novelty is irrelevant to eligibility. *See Elec. Commc'n Techs.*, 958 F.3d at 1182 ("We may

DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST, THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 8:20-cv-00529

1386908

assume that the techniques claimed are groundbreaking, innovative, or even brilliant, but that is not enough for eligibility.") (quotations and alterations omitted).

*Fourth*, and finally, Broadcom argues that the dependent claims supply an inventive step, falsely claiming that Netflix "improperly remove[d] the dependent claims from [its] analysis." Opp. at 20. To the contrary, Netflix specifically addressed the dependent claims in its opening brief. *See* Memo at 21-22. In any event, specifying that media could be audio or video media is not inventive; such types of media were entirely conventional at the time of the invention. *See Electr. Power*, 830 F.3d at 1353. Similarly, automating an otherwise abstract idea is not inventive. *See OIP Techs.* 788 F.3d at 1363; *Customedia*, 951 F.3d at 1363-65. The dependent claims add nothing to render the asserted claims patent eligible.

Crucially, none of Broadcom's arguments raise a factual issue that would preclude the Court from invalidating the asserted claims. The inventive features that Broadcom alleges are entirely omitted from the asserted claims, and simply stating that a patent is inventive does not make it so. *See Move, Inc. v. Real Estate Alliance Ltd.*, 721 F. App'x 950, 956–57 (Fed. Cir. 2018), *cert. denied*, 139 S. Ct. 457 (2018). Accordingly, the asserted claims do not survive *Alice* step 2.

### D. The '375 Patent is ineligible.

#### 1. Claim 15 of the '375 Patent is directed to the abstract idea of distributing data through a network.

Broadcom takes issue with the fact that Claim 15 of the '375 Patent is directed to the abstract idea of distributing data through a network. Opp. at 21. But Broadcom merely replaces one abstract idea with another, slightly longer variation. Broadcom repeatedly concedes throughout its opposition, as it must, that the '375 patent is directed to the abstract idea of "**distributing** encoded streams of **data** . . . to remote locations." Opp. at 22 (emphasis added); *see also id.* at 3 ("system for delivering digital video content" and "delivery of compressed video content"), 20–21 ("delivery of compressed video content"), 21 ("distribute video content" and

1386908

1  "deliver[] video on demand"), 22 ("delivery of compressed video content"), 23

2  ("distributing the compressed data streams").  Thus, even Broadcom's own

3  description of the patent confirms that, stripped of its verbiage, claim 15 of the '375

4  patent recites nothing more than a patent-ineligible "method for routing information

5  using result-based functional language." *Two-Way Media*, 874 F.3d at 1337.

6      Broadcom attempts to salvage claim 15 from abstraction by arguing that "the

7  character of the claims as a whole is directed to a new system, with specific

8  physical components, for delivering video on demand remotely."  Opp. at 21.  But

9  Broadcom's contention as to each of these points—the delivery of (1) video content

10  (2) remotely (3) with specific physical components—is belied by the claim

11  language itself, the specification, and controlling Federal Circuit authority.

12      ***First***, limiting the claimed distribution of data "to particular content"—here,

13  compressed video data—does not transform an otherwise abstract idea into patent-

14  eligible subject matter.  *Elec. Power Grp.*, 830 F.3d at 1353.  Broadcom's

15  opposition as to the '375 patent fails to address, much less overcome, this

16  fundamental tenet of patent-eligibility jurisprudence.  *Alice Corp. Pty. v. CLS Bank*

17  *Int'l*, 573 U.S. 208, 223, (2014) ("limiting the use of an abstract idea to a particular

18  technological environment" insufficient to confer patent eligibility (citing *Bilski v.*

19  *Kappos*, 561 U.S. 593, 610-11 (2010))) (internal quotations omitted).

20      ***Second***, Broadcom's attempt to reframe claim 15 as being directed to the

21  distribution of data "to remote locations" is not only untethered to the claim

22  language—which says *nothing* about "remote locations"[5]—but also does not render

23  the claim any less abstract.  Instead, Broadcom's position highlights the

24  abstractness of its purported invention.  It is hard to imagine something more

25

26  ————————————————
[5] Broadcom's sleight-of-hand approach in mischaracterizing the scope of asserted
claim 15 does not end there.  In discussing *Alice* step 2, Broadcom also quotes a

27  lengthy, non sequitur passage of the specification reciting supposed "objects,
features and advantages" of certain "navigation software" that is nowhere to be

28  found the actual language of the claim.  Opp. at 21 (citing '375 patent at 2:1–9).

1386908

abstract than a claim to sending data to another room, whether far away or merely next door.  Indeed, the '375 Patent concedes that conventional video on-demand systems "may present independent video and audio programming to a number of rooms."  '375 Patent at 1:14-16.  That is, distribution of data to remote locations—*i.e.*, to clients located separately from servers—is no different from describing distribution of data over the Internet, which by definition occurs remotely.  Indeed, the patents found patent-ineligible in *Two-Way* related to "a system for streaming audio/visual data over a communications system like the internet."  874 F.3d at 1332; *see also id.* at 1333 (describing "IP Multicasting" as "provid[ing] a way to transmit one packet of information to multiple recipients," such as "internet-based audio/visual conferencing servicing as well as radio-like broadcasts").

**Third**, contrary to Broadcom's contention, claim 15's recitation of generic physical components (*e.g.*, "servers" and "decoder devices[6]") to perform specified functions does not alchemize the '375 patent into patent-eligible subject matter.  It is axiomatic that "mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention," *Alice Corp. Pty.*, 573 U.S. at 223, and that "not every claim that recites concrete, tangible components escapes the reach of the abstract-idea inquiry," *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 611 (Fed. Cir. 2016) (concluding that a claim's "recited physical components" such as "a telephone unit" and a "server" . . . "merely provide a generic environment in which to carry out the abstract idea").  Moreover, under *Alice* step 1, a claim that is "directed to a result or effect that itself is the abstract idea and merely invokes generic processes and machinery"—as is the case here—is "not patent eligible." *Two-Way Media*, 874 F.3d at 1337.  Thus, claim 15's invocation of "generic processes and machinery" does not elevate the abstract idea

---

[6] Decoding is an abstract concept, long utilized to transmit information, *see RecogniCorp, LLC*, 855 F.3d at 1326, and therefore a "decoder device" is merely a generic computer component that performs an abstract decoding function.

of distributing data through a network into a patent-eligible invention. *Id.*

## 2. Claim 15 of the '375 Patent is not inventive.

Broadcom contends that claim 15 is inventive because the patent "envisions an inventive way of distributing encoded streams of data, as opposed to physical media or analog video signals, to remote locations using a particular arrangement of devices." Opp. at 22; *see also id.* at 24 (identifying "delivery of compressed video content to remote locations" as an "unconventional technological solution"). This argument fails at the gate, because the abstract idea itself (*i.e.*, the distribution of data) cannot supply the inventive concept. *See ChargePoint, Inc.*, 920 F.3d at 773.

Indeed, Broadcom does not even contest that the devices recited in claim 15 (the "control server," "drive server," and "decoder devices") comprise conventional, off-the-shelf technology. *Compare* Memo at 24 *with* Opp. at 24. Likewise, Broadcom does not address, let alone overcome, the controlling Federal Circuit precedent cited by Netflix that claiming the use of such conventional technology cannot supply an inventive concept. *See* Memo at 24; *In re TLI Commc'ns*, 823 F.3d at 613–15 (holding "server" and "control unit" failed to supply an inventive concept); *RecogniCorp*, 855 F.3d at 1328 (holding limitation claiming use of a computer did not transform "the abstract idea of encoding and decoding" into patent-eligible subject matter); *Affinity*, 838 F.3d at 1270 (holding that "the delivery of media content to electronic devices was well known").

Tacitly recognizing that it cannot argue that claim 15 requires anything other than conventional technology, Broadcom cites *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, 841 F.3d 1288 (Fed. Cir. 2016), for the proposition that a claim directed to conventional technology nonetheless contains an inventive concept if used in an unconventional manner to provide an unconventional solution. *See* Opp. at 23–24. But *Amdocs* is inapplicable here, as the "unconventional technological solution" identified in *Amdocs*—"*enhancing* data in a distributed fashion" through a computer program—bears no resemblance to the purported solution here, which

DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST, THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 8:20-cv-00529

1386908

1  involves simply routing data through a network by conventional means—even if

2  that data lands next door.[7] *Amdocs*, 841 F.3d at 1300 (emphasis added). And

3  whereas in *Amdocs* "the claim's enhancing limitation necessarily requires that these

4  generic components operate in an unconventional manner to achieve an

5  improvement in computer functionality," *id.* at 1300–01, here, nothing in the

6  language of claim 15 suggests, let alone requires, that the drive server, control

7  server, or decoder devices operate in an unconventional manner.[8]

8          Indeed, claim 15 does not prescribe any "technical means for performing the

9  functions that are arguably an advance over conventional computer and network

10  technology." *Elec. Power Grp.,* 830 F.3d at 1351. The claim language recites

11  nothing, for example, about how the servers are used in an unconventional manner

12  to achieve any purported improved functionality in the server itself. The

13  "navigation software" Broadcom points to as yielding a purported "cost savings" is

14  not even claimed in claim 15. Opp. at 22 (quoting '375 Patent at 1:11–13).

15  Tellingly, Broadcom cites no evidence from the specification suggesting that the

16  drive server, control server, and decoder devices operate in an unconventional

17  manner. And for good reason. As Netflix noted in its motion, *see* Memo at 24, the

18  specification makes clear that those generic components need only "operat[e]

19  according to their ordinary functions," *Two-Way Media*, 874 F.3d at 1341; *see, e.g.*,

20  '375 Patent at 2:36-38 ("The server 102 may be implemented as a personal

21  computer or other appropriate server."); *id.* at 2:42-46 ("remote decoders . . . may

22  be located, in one example, in a set-top box [or] may be built into the tuner section

23  ───────────────────────
    [7] As noted above, despite Broadcom's efforts to spin "delivery of compressed video
24  content to remote locations" as an "unconventional technological solution," Opp. at
    24 (quoting *Amdocs*, 841 F.3d at 1300), Federal Circuit law precludes Broadcom
25  from relying on the abstract idea itself (*i.e.*, the distribution of data) to be the source
    of the inventive concept, *see ChargePoint, Inc.*, 920 F.3d at 773.
26  [8] There is nothing unconventional about having a "server" distribute content to
    another server or to a client (*e.g.*, a decoder device). That is inherent in what servers
27  *do. See, e.g., Two-Way Media*, 874 F.3d at 1340 (concluding ineligible under *Alice*
    step 2 a claim requiring, *inter alia*, "receiving and transmitting a real-time media
28  stream from an intermediate server").

DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST,
THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 8:20-cv-00529

1386908

of a television"); *id.* at 4:29-38 (noting that "personal computers" are capable of

supporting "a number of remote decoders"); *id.* at 1:28-33 (describing decoders in

conventional video on demand systems). Indeed, not even Broadcom's citation to

its FAC in support of its inventiveness argument elucidates *how* the drive server,

control server, and decoder devices operate in an unconventional manner. *See* Opp.

at 23 (citing FAC ¶¶ 169–70). Like claim 15 itself, Broadcom's FAC alleges only

that the result of distributing data through a network occurs. Broadcom's reliance

on the abstract idea for the source of inventiveness is circular and contrary to

Federal Circuit law, and the claim's invocation of conventional technology does not

confer patent eligibility. There is no "something more" here.

In any event, under controlling Federal Circuit law, in order to assert that

claim 15 requires conventional technology to operate in an unconventional manner

to supply an unconventional solution under *Amdocs*, Broadcom was obligated to

pinpoint in its opposition where in the language of claim 15 the purported

unconventional solution resides. *See Two-Way Media*, 874 F.3d at 1339

(precluding "a purported innovative 'scalable architecture'" described in the

specification from supplying an inventive concept because it was not claimed).

Broadcom has failed to do so. As Broadcom effectively concedes, the '375 patent

is directed to the abstract idea of distributing data through a network and requires

only conventional computer technology without adding "something more." The

'375 patent fails at both steps of Alice and is thus patent-ineligible.

## III.    CONCLUSION

The asserted claims of the '079, '245, '992, and '375 patents are directed to

abstract ideas implemented on conventional computer components. That the first

amended complaint describes them as novel over the prior art is irrelevant to

subject matter eligibility. Therefore, Netflix respectfully requests that the Court

grant its motion to dismiss with prejudice.

1386908

1    Respectfully submitted,

2  Dated:  July 13, 2020    KEKER, VAN NEST & PETERS LLP

3

4    By:   /s/ Sharif E. Jacob

5    ROBERT A. VAN NEST
     MATTHIAS KAMBER

6    SHARIF E. JACOB

7    Attorneys for Defendant
     NETFLIX, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST,
THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 8:20-cv-00529

1386908