KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - #84065
rvannest@keker.com
MATTHIAS KAMBER - #232147
mkamber@keker.com
PAVEN MALHOTRA - #258429
pmalhotra@keker.com
SHARIF E. JACOB - #257546
sjacob@keker.com
THOMAS E. GORMAN - #279409
tgorman@keker.com
EDWARD A. BAYLEY - #267532
ebayley@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
NETFLIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROADCOM CORPORATION and AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LIMITED,<br><br>            Plaintiffs,<br><br>       v.<br><br>NETFLIX, INC.,<br><br>            Defendant. | Case No. 3:20-cv-04677-JD<br><br>**DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST, THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT**<br><br>Date:         October 15, 2020<br>Time:        10:00 A.M.<br>Dept.:        Courtroom 11, 19th Floor<br>Judge:       Honorable James Donato<br><br>Date Filed:  March 13, 2020<br><br>Trial Date:  TBD |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................1

II. ARGUMENT.......................................................................................................................2

    A. The '079 Patent is ineligible. ....................................................................................2

        1. '079 claim 1 is directed to the abstract idea of redirecting traffic flow based on congestion....................................................................................2

        2. '079 claim 1 is not inventive........................................................................5

    B. The '245 Patent is ineligible. ....................................................................................6

        1. The '245 Patent is directed to the abstract idea of routing information based on user information. ......................................................6

        2. The '245 Patent is not inventive. .................................................................8

    C. The '992 Patent is ineligible. ....................................................................................9

        1. The asserted claims of the '992 patent are directed to the abstract idea of switching from lower- to higher-quality media when available. .....................................................................................................9

        2. The asserted claims of the '992 patent do not survive *Alice* step 2. ..........11

    D. The '375 Patent is ineligible. ..................................................................................12

        1. Claim 15 of the '375 Patent is directed to the abstract idea of distributing data through a network. .........................................................12

        2. Claim 15 of the '375 Patent is not inventive..............................................14

III. CONCLUSION.................................................................................................................15

i

DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST, THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 3:20-cv-04677

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Affinity Labs of Tex., LLC v. DIRECTV, LLC*,
    838 F.3d 1253 (Fed. Cir. 2016)..................................................................................2, 4, 14

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
    573 U.S. 208 (2014)............................................................................................... *passim*

*Am. Axle & Mfg. Co. v. Neapco Holdings, LLC*,
    939 F.3d 1355 (Fed. Cir. 2019)...............................................................................................1

*Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*,
    841 F.3d 1288 (Fed. Cir. 2016).....................................................................................14, 15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..........................................................................................................9, 11

*Bascom Global Internet Servs., Inc. v. AT&T Mobility LLC*,
    827 F.3d 1341 (Fed. Cir. 2016)...............................................................................................4

*BSG Tech LLC v. BuySeasons, Inc.*,
    899 F.3d 1281 (Fed. Cir. 2018)...............................................................................................5

*Cellspin Soft, Inc. v. Fitbit, Inc.*,
    927 F.3d 1306 (Fed. Cir. 2019), *cert. denied*, *Garmin USA, Inc. v. Cellspin
    Soft, Inc.*, 140 S. Ct. 907 (2020)..............................................................................................2

*ChargePoint, Inc. v. SemaConnect, Inc.*,
    920 F.3d 759 (Fed. Cir. 2019), *cert. denied*, 140 S. Ct. 983 (2020) ...........................1, 4, 8, 14

*Customedia Techs. LLC v. Dish Networks Corp*,
    951 F.3d 1359 (Fed. Cir. 2020)........................................................................................11, 12

*Data Scape Ltd. v. W. Digital Corp.*,
    2020 WL 3564683 (Fed. Cir. July 1, 2020)...........................................................................9

*Elec. Commc'n Techs., LLC v. ShoppersChoice.com*,
    958 F.3d 1178 (Fed. Cir. 2020).............................................................................................10

*Elec. Power Grp., LLC v. Alstom, S.A.*,
    830 F.3d 1350 (Fed. Cir. 2016)..................................................................................... *passim*

*Ericsson, Inc. v. TCL Commc'n Tech. Holdings Ltd.*,
    955 F.3d 1317 (Fed. Cir. 2020).....................................................................................1, 4, 8

ii

DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST,
THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 3:20-cv-04677

*Intellectual Ventures I LLC v. Capital One Bank (USA)*,
 792 F.3d 1363 (Fed. Cir. 2015)..................................................................................2, 3, 8

*McRO, Inc. v. Bandai Namco Games Am. Inc.*,
 837 F.3d 1299 (Fed. Cir. 2016).........................................................................................11

*MyMail, Ltd. v. OoVoo, LLC*,
 2020 WL 2219036 (N.D. Cal. 2020) ...............................................................................1, 5

*Open Text S.A. v. Box, Inc.*,
 78 F. Supp. 3d 1043 (N.D. Cal. 2015) .............................................................................9, 11

*RecogniCorp, LLC v. Nintendo Co., Ltd.*,
 855 F.3d 1322 (Fed. Cir. 2017)..................................................................................1, 13, 14

*SAP Am., Inc. v. InvestPic, LLC*,
 898 F.3d 1161 (Fed. Cir. 2018), *cert. denied*, 139 S. Ct. 2747 (2019) .......................................1

*Synopsis, Inc. v. Mentor Graphics Corp.*,
 839 F.3d 1138 (Fed. Cir. 2016)...........................................................................................3

*In re TLI Commc'ns LLC Patent Litig.*,
 823 F.3d 607 (Fed. Cir. 2016)..............................................................................8, 10, 12, 14

*TriDim Innovations LLC v. Amazon.com, Inc.*,
 207 F. Supp. 3d 1073 (N.D. Cal. 2016) ...........................................................................2, 10

*Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*,
 874 F.3d 1329, 1337 (Fed. Cir. 2017)............................................................................ *passim*

*Ultramercial, Inc. v. Hulu, LLC*,
 772 F.3d 709 (Fed. Cir. 2014)............................................................................................8

*Uniloc USA, Inc. v. LG Electronics. USA, Inc.*,
 957 F.3d 1303 (Fed. Cir. 2020)..................................................................................6, 7, 8

**Federal Statutes**

35 U.S.C. § 112.......................................................................................................................6

**Other Authorities**

U.S. Patent No. 6,341,375....................................................................................... *passim*

U.S. Patent No. 7,266,079....................................................................................... *passim*

U.S. Patent No. 8,270,992....................................................................................... *passim*

U.S. Patent No. 8,959,245....................................................................................... *passim*

## I. INTRODUCTION

Netflix's motion to dismiss is ripe for decision. Broadcom does not identify any factual dispute precluding dismissal. Nor does Broadcom argue that claim construction is necessary. Instead, Broadcom relies upon conclusory allegations of novelty in its FAC. Thus, the question presented is purely legal: Can conclusory allegations of novelty plug the gap when the claims themselves do not demonstrate eligibility? The Federal Circuit has repeatedly and definitively answered that question in the negative.[1] Broadcom's *Alice* step 1 argument for each patent proclaims novelty, relevant to §§ 102 and 103, but fails to address abstraction under § 101.

Throughout its opposition, Broadcom argues that its allegations, taken as true, prevent dismissal. But the Court need not credit conclusory statements regarding non-abstraction and inventiveness. *See MyMail, Ltd. v. OoVoo, LLC*, 2020 WL 2219036 at *16-17 (N.D. Cal. 2020); Netflix's Mem. in Supp. of its Mot. to Dismiss Am. Compl. ("Memo") at 2. The asserted claims do not reveal any non-abstraction or inventiveness. *See Two-Way Media, Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1339 (Fed. Cir. 2017), *cert. denied*, 139 S. Ct. 378 (2018) (precluding inventive concept determination where alleged inventive features were not claimed). The allegations create no legitimate dispute of fact to preclude dismissal. *See SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018), *cert. denied*, 139 S. Ct. 2747 (2019).

Broadcom pervasively argues that Netflix has oversimplified the claims, which allegedly recite improvements in computer functionality. For support, however, Broadcom relies on functional language that the Federal Circuit has repeatedly held ineligible. *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1356 (Fed. Cir. 2016). Broadcom sidesteps these controlling cases, inviting the Court instead to rely upon nonprecedential district court decisions. *See* Mem. In Supp. of Pls.' Opp. to Mot. to Dismiss ("Opp.") at 6, 8, 11, 12. None of these cases are availing; they involve technical solutions to technical problems. By contrast, the patents

---

[1] *See, e.g., RecogniCorp, LLC v. Nintendo Co., Ltd.*, 855 F.3d 1322, 1327 (Fed. Cir. 2017); *Ericsson, Inc. v. TCL Commc'n Tech. Holdings Ltd.*, 955 F.3d 1317, 1330 (Fed. Cir. 2020); *Am. Axle & Mfg. Co. v. Neapco Holdings, LLC*, 939 F.3d 1355, 1363 (Fed. Cir. 2019); *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 766 (Fed. Cir. 2019), *cert. denied*, 140 S. Ct. 983 (2020); *Elec. Power Grp., LLC v. Alstom, S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016).

challenged here assert claims that instruct generic computer components to carry out abstract and functional results on a network or the internet.  Broadcom already amended its complaint, its amendment did not generate a fact issue, and "any [further] amendment would be futile[.]" *TriDim Innovations LLC v. Amazon.com, Inc.*, 207 F. Supp. 3d 1073, 1081 (N.D. Cal. 2016).  Accordingly, the Court should dismiss with prejudice.

## II.     ARGUMENT

### A.     The '079 Patent is ineligible.

#### 1.     '079 claim 1 is directed to the abstract idea of redirecting traffic flow based on congestion.

Broadcom quibbles with Netflix's formulation of the abstract idea, arguing that claim 1 of the '079 patent is directed to "balancing data traffic among network links of different speeds, capabilities, and congestion levels (heterogeneous links), that transfer data between the networked computers and other devices."  Opp. at 1.  True or not, that formulation is no less abstract.  Balancing data traffic based on speed, capability, and congestion, and then transferring that data on a network is a pure abstraction, as Federal Circuit precedent holds.  *See, e.g.*, *Two-Way Media*, 874 F.3d at 1339 (invalidating a method addressing "excessive loads on a source server, network congestion, [and] unwelcome variations in delivery times"); *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019), *cert. denied*, *Garmin USA, Inc. v. Cellspin Soft, Inc.*, 140 S. Ct. 907 (2020) (distinguishing the abstract idea of "transferring" data).

And, anyway, Broadcom's suggestion is wrong on its face: the claim does not recite "computers and other devices."  It doesn't recite computers at all.  But even accepting *arguendo* Broadcom's attempt to inject hardware into claims where none exist, the Federal Circuit has held that performing an abstract idea on a network with "computers and other devices" does not make a claim eligible.  *See Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1367 (Fed. Cir. 2015) (reciting a network "does not render the claims any less abstract").

Broadcom next maintains that the claim "provide[s] significant benefits over the then-existing art."  Opp. at 5.  But novelty over prior art is irrelevant to *Alice* step 1.  *Affinity Labs of Tex., LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1263 n.3 (Fed. Cir. 2016).  Broadcom's argument

betrays a miscomprehension that infects its entire opposition and FAC. Section 101 precludes claiming abstract ideas in order to prevent preemption of an entire field. *See Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014) (cautioning against "grant[ing] a monopoly over an abstract idea") (quotation omitted). Regardless of novelty, § 101 excludes abstract ideas from the realm of patentable subject matter. *See Synopsis, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1151 (Fed. Cir. 2016) ("[A] claim for a *new* abstract idea is still an abstract idea.").

Broadcom's citation to *Packet Intelligence LLC v. Netscout Systems, Inc.* offers a contrast to an eligible computer networking claim. Opp. at 6. There, the Court held that a claim was not abstract at step 1 because it solved a "technological solution to a technological problem." 965 F.3d 1299, 1309 (Fed. Cir. 2020). The claim recited a packet monitor to determine whether a packet is associated with a single, underlying application or protocol. The invention parsed the packet and determined the headers for each protocol layer; identified the protocols and the part of the sequence the packet belongs to; recorded that information in a database; and used that technology to monitor packets passing the same connection point. *Id.* at 1304. The claim survived step 1 because, inter alia, "the elements recited in the claims refer to *specific* technological features functioning together to provide that granular, nuanced, and useful classification of network traffic, *rather than an abstract result*." *Id.* at 1310 (emphasis added).

Here, Broadcom claims what the Federal Circuit deemed ineligible in *Packet Intelligence*. Rather than solving problems arising from packets conforming to different networking protocols or any other problem particular to computer technology, the patent claims to address network traffic generally. Broadcom states: "Balancing data traffic over heterogeneous links improves the speed and efficiency of data transmission within the network." Opp at 1. But "[Federal Circuit] precedent is clear that merely adding computer functionality to increase the speed or efficiency[2] of the process does not confer patent eligibility on an otherwise abstract idea." *Intellectual*

---

[2] *Hybrid Audio, LLC v. Asus Computer Int'l*, on which Broadcom relies, supports this view. 2019 WL 3037540, at *3 (N.D. Cal. 2019). There, this Court explained that where efficiency "enables the claimed signal processing systems to be more adaptable to diverse system resources scenarios" or "limit[s] the need for specialized computer equipment" it provides a means to "make better computers." *Id.* at 5. That is, efficiency was not the end but rather the means to enable non-abstract improvements to computers. *Id.* at 6.

*Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1370 (Fed. Cir. 2015); *see also Ericsson, Inc. v. TCL Commc'n Tech. Holdings Ltd.*, 955 F.3d 1317, 1330 (Fed. Cir. 2020).

*Two-Way* directly applies to the '079 patent and compels dismissal. *See* 874 F.3d at 1337, 1339. Broadcom does not resist the Federal Circuit's logic in *Two-Way*; rather, it concedes that the analogy "depends on Netflix's characterization of the claimed technology as directed to redirecting traffic flow based on congestion." Opp. at 7 (quotation marks omitted). Yet, "[s]tripped of excess verbiage," *Affinity Labs of Tex.,* 838 F.3d at 1256, that is exactly what the patent describes. Broadcom's only rebuttal of Netflix's characterization of the claim is that it is an "oversimplified construction" of the "five-part" claim, which it then follows by merely block quoting the entire claim itself. Opp. at 7. Neither is this a sufficient rebuttal nor is the oversimplification theory availing. To focus on the number of claim limitations, over their substance, would "make patent eligibility depend simply on the draftsman's art." *Alice*, 573 U.S. at 226 (internal quotations omitted). Indeed, Broadcom's own description of the invention— "balancing data traffic among network links that have different speeds, capabilities, and congestion levels (heterogeneous links)," Opp. at 1; '079 Patent 1:40-41—is hard to distinguish from Netflix's, which is firmly rooted in the claim language and specification. Memo at 5-6.

Broadcom next searches in vain for a machine within the scope of its claims. Opp. at 7-8. The best is can do is "network links." *Id*. at 8. But even generously assuming that networks links require a computer, "communicating over a network" is abstract and "adding one abstract idea to another abstract idea does not render the claim non-abstract." *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 771 (Fed. Cir. 2019), *cert. denied*, 140 S. Ct. 983 (2020) (alterations omitted). Nor does Broadcom convince with the newly alleged "components capable of transmitting electronic data between devices within a computer network[,]" Opp. at 8, since these are classically generic computer components. "An abstract idea on an Internet computer network or on a generic computer is still an abstract idea." *Bascom Global Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1348 (Fed. Cir. 2016) (quotation marks omitted).

Unable to satisfy Federal Circuit precedent, Broadcom argues that it is not binding. Broadcom contends that *CyberSource Corp. v. Retail Decisions, Inc.*—which Netflix cites for the

4

DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST, THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 3:20-cv-04677

proposition that a claim improving computers must recite one—has been abrogated by post-*Alice* decisions. Opp. at 8. To the contrary, the Federal Circuit's extensive reliance on *CyberSource* even after *Alice* confirms that "to impart patent-eligibility to an otherwise unpatentable process under the theory that the process is linked to a machine" or an improvement to the functionality of a machine, the claim ***at the very least*** need recite machine-related limitations. *Id.* at 1370, 1375*; see also, e.g.*, *BSG Tech LLC v. BuySeasons, Inc.*, 899 F.3d 1281, 1286 (Fed. Cir. 2018).

Broadcom finally asserts that "[a] traffic cop's work is not analogous to processing and directing electronic data at the speed required for transmission in a computer network[,]" Opp. at 8., but does not explain *why*. Providing lengthy citations to cases, the relevance of which go unexplained, Broadcom offers no explanation of how Netflix's analogy "abstract[s] away important technical details" or is "contrived" or "reverse-engineered." *Id.* Redirecting traffic flow based on congestion is a human activity performed by ordinary traffic cops every day. This claim covers that same activity. Accordingly, the '079 patent is directed to an abstract idea.

### 2.   '079 claim 1 is not inventive.

Broadcom mounts no cognizable argument for an inventive step. Instead, it relies entirely on conclusory allegations in its amended complaint. *Id.* (citing FAC ¶¶ 34-35). Those allegations simply proclaim "novel ways to solve [certain] technical problems" as well as "new, improved methods and apparatuses" without elaboration. *Id.* at 9 (quoting FAC ¶¶ 34, 35). Broadcom states that "[t]hese allegations are well-supported in the claim" with a mere footnote *citing the entire claim* preceded by the words "the inventive concepts of." *Id.* & n.21. But there is no explanation or effort to tie the alleged invention to its claims. The Court need not accept as true conclusory allegations of inventiveness. *MyMail*, 2020 WL 2219036 at *16-17.

Broadcom then spends the remainder of its argument asserting that the inventive concept is the abstract idea itself—"balancing unit transmission traffic over network links." *See BSG Tech LLC*, 899 F.3d at 1290-91 (requiring that the inventive concept "ensures the patent amounts to significantly more than a patent upon the ineligible concept itself" rather than "simply restates what [the Court has] already determined is an abstract idea") (quotation omitted). It does not deny that its invention can be implemented by conventional computing components. *See* '079

5
DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST,
THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 3:20-cv-04677

patent 12:26-28.  Nor does Broadcom argue that any ordered combination is inventive.

Finally, Broadcom mistakes Netflix's argument regarding results-oriented functional claims—a § 101 issue, *see Elec. Power Grp.,* 830 F.3d at 1355; Memo at 8—with "an enablement issue under 35 U.S.C. § 112."  Opp. at 10.  In doing so, Broadcom attempts to avoid subject matter eligibility, stating without elaboration that "steps a.–e. of claim 1 explicitly describe 'how' transmission unit traffic is balanced over network links."  *Id.*  Broadcom misunderstands that steps a. through e. of claim 1 are not the *how* but rather the functions themselves: (1) ***disposing***; (2) ***grouping***; (3) ***determining***; (4) ***regrouping***; (5) ***transmitting***.[3]

Because the '079 patent is abstract and claims no inventive step, it should be dismissed.

### B. The '245 Patent is ineligible.

#### 1. The '245 Patent is directed to the abstract idea of routing information based on user information.

Broadcom rejects Netflix's explanation of the claimed invention in the '245 patent, without drawing any meaningful contrast.  Fussing with semantics, Broadcom insists that "determining multiple routes for delivering content . . . based on a provisioning profile" for a requesting user—'245 Patent 12:1—is not the same as "routing information based on user information" which the Federal Circuit held is abstract under *Two-Way*.  Opp. at 10.  Although it calls this is an "oversimplification," *id.*, Broadcom concedes that the "heart of the invention" is in "determining and selecting multiple pathways[,]" *id.*, and that the "provisioning profile comprised of user information[,]" *id.*, is a  "core inventive concept[,]" *id.* at 14.  In short, it circles back to Netflix's characterization.  Thus, the abstract idea is not in dispute, and *Two-Way* is controlling.

Broadcom suggests that its invention is directed at improvements in computer functionality such as that in *Uniloc USA, Inc. v. LG Electronics. USA, Inc.*, 957 F.3d 1303 (Fed. Cir. 2020); Opp. at 11.  But in *Uniloc* the claims were deemed eligible because they are directed to "a specific asserted improvement to the functionality of the communication system itself," and

---

[3] Broadcom also misstates the *Electric Power* holding.  The Federal Circuit did *not* affirmatively state that claims requiring an arguably inventive distribution of functionality are patentable.  Rather, it merely cited an "arguably inventive" concept *far* more inventive than here to distinguish the unpatentable claim at issue.  *Electric Power Grp.,* 830 F.3d at 1355-56 (citing *Bascom*, 827 F.3d at 1350 (involving "the installation of a filtering tool at a specific location, remote from the end-users, with customizable filtering features specific to each end user")).

not merely the abstract idea.  *Uniloc*, 957 F.3d at 1309.  In particular*,* the "reduction of latency experienced by parked secondary stations in communication systems[,]" *id.* at 1307, resulted from adding "prior to transmission, an additional data field[.]"  *Id.* at 1307-08.  It was "*this change*" that constituted an "improvement" to functionality.  *Id.* at 1308-09 (emphasis added).

The '245 patent flunks the *Uniloc* test.  The claims do not contain a technical solution to a technical problem in a wireless or wired communication system.  Instead, a computer is directed to determine multiple routes for information based on user information, a decidedly non-technical abstraction.  Broadcom's patent mirrors the claims held ineligible in *Two-Way* that likewise "failed to concretely capture any improvement in computer functionality."  *Uniloc*, 957 F.3d at 1308.  Those claims recited "a method of transmitting packets of information over a communications network comprising: converting information into streams of digital packets; routing the streams to users; controlling the routing; and monitoring the reception of packets by the users."  *Id.*  A side-by-side comparison of the *Two-Way* claims with claim 1 of the '245 patent—comprising (1) "receiving from a user device…a request for a service"; (2) "determining multiple routes" to deliver requested content based on user characteristics; and (3) "delivering said content…via said determined multiple routes"—reveals no daylight between them.

Broadcom incorrectly argues that the claimed invention "improves data-transmission quality of service through the identification and selection of multiple routes[.]"  Opp. at 11.  None of the asserted claims—including the provisioning profile recited in dependent claim 3—is directed at or limited to a technical solution to a technical quality-of-service problem.[4]  Rather, the patent is directed at determining "multiple routes" based on user characteristics, *such as* "desired QoS for one or more services[.]"  '245 patent at 12:8-11.  More importantly, claim 1 itself says *nothing* about QoS, and claim 3 only includes it among a non-exhaustive list of "user characteristics"—alongside various other user characteristics.  *Id.* at 12:8-11.  The claims neither provide a technical solution to improve QoS nor "change[] the normal operation of the

---

[4] Furthermore, *Uniloc* did not discuss quality of service; rather, as discussed, the "change in the manner of transmitting data" that the Court described was the actual addition of data to content that was subsequently transmitted.  *Uniloc*, 957 F.3d at 1308.  Broadcom does not contend, nor can it, that its invention alters content.

7

communication system itself[.]" *Uniloc*, 957 F.3d at 1308; Opp. at 11.

Finally, Broadcom's resistance to Netflix's dinner-host analogy misses the forest for the trees. Ignoring the main question at *Alice* step 1—whether the invention is directed at an abstract idea—Broadcom instead maintains that the analogy is inapt because the invention is allegedly internet-based. But "use of the Internet does not transform an otherwise abstract idea into patent-eligible subject matter." *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 716 (Fed. Cir. 2014). The idea behind the '245 patent—routing information somehow based on user information—is capable of human performance. *See Ericsson*, 955 F.3d at 1327 (explaining that a process wherein "a request is made for access to a resource, that request is received and evaluated, and then the request is either granted or not" is "exactly the sort of process that can be performed in the human mind") (citations omitted). Accordingly, the patent is directed at an abstract idea.

### 2. The '245 Patent is not inventive.

Broadcom asserts that three elements—(1) identification of multiple routes for content delivery; (2) based on a provisioning profile; and (3) all via a network management ("NM") server—supply an inventive concept, either together or standing alone. Opp. at 12. But the Federal Circuit has held that identifying multiple routes is abstract. *Two-Way Media*, 874 F.3d at 1337. And it has held that routing information based on user information is abstract. *Intellectual Ventures I LLC*, 792 F.3d at 1369–70. And it has held that a "network management server" is a generic computer component. *See In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 614 (Fed. Cir. 2016). Thus, claiming a generic server that performs abstract functions, in any ordered combination, provides no inventive step. *ChargePoint, Inc*, 920 F.3d at 771.

Broadcom therefore instead rests on its allegations describing the claimed invention as a "novel solution for transmitting digital media content over a communication network via multiple routes, using a network management server and a provisioning profile" and concluding that this was "not well-understood, routine, or conventional at the time . . . because it claims a new and specific improvement over the prior art." Opp. at 12-13 (citing FAC ¶ 107). But, again, such novelty is irrelevant to patent eligibility. *See supra*, at 3.

Broadcom's allegations about the dependent claims are even more conclusory. "The

*ordered combination* of elements in each of claims 3 and 6, in conjunction with the elements of the claim[] from which they depend, . . . recite unconventional, new, and improved digital media content delivery methods that were not well-understood at the time of the '245 Patent." Opp. at 13 (quoting FAC ¶ 110). Just saying it's so doesn't make it so, even on a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."). And, as Broadcom concedes, dependent claims 3 and 6 do nothing more than "specify particular types of information." Opp. at 13.

### C. The '992 Patent is ineligible.

#### 1. The asserted claims of the '992 patent are directed to the abstract idea of switching from lower- to higher-quality media when available.

The asserted claims of the '992 patent claim the abstract idea of switching from lower- to higher-quality media if available. In an effort to show otherwise, Broadcom argues that certain elements of the claims "specifically limit[]" them. *See* Opp. at 14-15. This argument improperly focuses on "what the claim elements add," which falls in step 2 of the *Alice* analysis. *See Open Text S.A. v. Box, Inc.*, 78 F. Supp. 3d 1043, 1046 (N.D. Cal. 2015). In any event, the identified claim elements do not render the asserted claims patent eligible at step 1.

Broadcom argues that the asserted claims are not abstract because they limit the step that determines digital media quality to the "use of bandwidth." Opp. at 14. But to be patent eligible, a claim that recites functional results must "sufficiently describe how to achieve these results in a non-abstract way." *Two-Way Media*, 874 F.3d at 1337. Here, independent claim 1 generically recites the step of "*determining* that a network connection with a second system is . . . characterized by a communication bandwidth that is high enough to provide the digital media content to the user at a quality level higher than the current quality level." '992 patent at claim 1 (emphasis added). It claims no way of making such a determination. *Cf. Data Scape Ltd. v. W. Digital Corp.*, 2020 WL 3564683, at *3 (Fed. Cir. July 1, 2020) (rejecting a claim that "generically recites editing information, detecting the connection of one apparatus to another, comparing data on the two devices, and transmitting selected data from one apparatus to

9

another"). In fact, the specification intentionally declines to limit this step of the claimed invention, stating that the determination "may" concern "a minimum bandwidth," "a particular level of reliability," "a particular set of communication protocols," or even "secure communication capability." '992 patent 5:25-64. This step therefore cannot save the claim. *Cf. Elec. Commc'n Techs., LLC v. ShoppersChoice.com,* 958 F.3d 1178, 1181-82 (Fed. Cir. 2020) (finding claim steps abstract when the specification declined to limit a key term).

Nor does the confinement of this determination to a "portable system" or "digital media" render the claim non-abstract, as Broadcom contends. Opp. at 14. The Federal Circuit has explicitly rejected such an argument. In *Affinity Labs of Texas, LLC v. Amazon.com Inc.*, it held that "the concept of delivering user-selected *media content* to *portable devices* is an abstract idea, as that term is used in the section 101 context." 838 F.3d 1266, 1269 (Fed. Cir. 2016) (emphasis added). So too here. As described in Section II.C.2, *infra*, the '992 patent does not limit the mechanism by which the "portable system" performs the claim steps. And, limiting the asserted claims to a "portable device" recites nothing more than a generic environment in which to carry out the otherwise abstract idea of switching from lower- to higher-quality media when available. *Cf. In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 611 (Fed. Cir. 2016).

Broadcom next argues that the dependent claims "narrow and define the type of media delivered and the manner of its delivery." *See* Opp. at 14-15. But dependent claims 2 and 3 provide only that the "digital media content" of claim 1 is, respectively, video media and audio media. In *Electric Power*, the court stated that it "ha[s] treated collecting information, including when limited to particular content (*which does not change its character as information*), as within the realm of abstract ideas." 830 F.3d at 1353 (emphasis added) (collecting cases); *see also Two-Way Media*, 874 F.3d at 1333, 1338 ("streaming audio/visual data over a communications system" merely recites the abstract concept of "manipulat[ing] data"). Thus, specifying that the content is audio or video media does not render the claims non-abstract.

Likewise, dependent claim 5 provides that the method of claim 1 is performed automatically. But automating an otherwise abstract idea via a computer does not render a claim patent eligible. *See* Memo at 17 (citing authorities). To support its argument that dependent

10
DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST, THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 3:20-cv-04677

claim 5 renders the invention non-abstract, Broadcom cites *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1313 (Fed. Cir. 2016).  But unlike in *McRO*, Broadcom does not allege that automation itself is an improvement over prior methods.  Rather, the automation recited in claim 5 is "at most an improvement to [an] abstract concept."  *See Customedia Techs. LLC v. Dish Networks Corp,* 951 F.3d 1359, 1363–65 (Fed. Cir. 2020).

Broadcom finally argues that the inquiry should end at step 1 because the claims do not preempt "approaches that use different criteria" to make a media quality determination.  Opp. at 15.  But, preemption is not the test; as this Court has observed, it cannot "determine[] patentability by guessing at the probability of preemption."  *Open Text*, 78 F. Supp. 3d at 1048.  "There is no non-speculative way for the court to determine whether and to what extent future innovation might be curtailed."  *Id.*

### 2. The asserted claims of the '992 patent do not survive *Alice* step 2.

The asserted claims of the '992 patent do not contain an inventive step that would render them patent eligible.  The specification may provide context to elements of a claim, but an "inventive concept" must be excluded from the step 2 analysis if it is absent from the claim language.  *See Two-Way Media*, 874 F.3d at 1339.  Broadcom ignores this precedent, arguing that the '992 patent contains several "inventive steps," *none of which* are recited in the claims.

***First***, Broadcom argues that the asserted claims satisfy *Alice* step 2 because they "attempt to solve the problem of delivering low-quality content in unstable network environments by using a quality-of-service-based network resource allocation delivery system."  Opp. at 16.  But nowhere do the claims recite the delivery of "low-quality content."  Moreover, the specification does not present the delivery of "low-quality content" as a "problem" to be solved.  *See* '992 patent.  This allegation has no basis in the patent.  *See Iqbal*, 556 U.S. at 679.

***Second***, Broadcom argues that the "quality control modules" and "communication modules" identified in the specification render the asserted claims inventive.  Opp. at 16 (quoting FAC ¶ 135).  But the asserted claims do not refer to those modules.  Even if the Court were to use the specification as a "lens for understanding the claims," as Broadcom urges, the Court could not understand what isn't there—"the problem is that no inventive concept resides in the claims."

*Two-Way Media*, 874 F.3d at 1340.  The alleged "modules," like the other aspects of the '992 patent, are described in entirely generic terms.  In *TLI*, the Federal Circuit found that the recitation of an "image analysis unit" and a "control unit" could not save a claimed invention at step 2 because "the specification limits its discussion of these components to abstract functional descriptions devoid of technical explanation as to how to implement the invention."  823 F.3d at 614-615.  Here, too, the modules are not limited to any particular "hardware or software implementations."  '992 patent at 26:1-13.  Even if it were present in the claim language, purely generic architecture would not render the claims patent eligible.  *See Alice*, 573 U.S. at 221.

*Third*, Broadcom argues that the asserted claims are inventive because "Claim 1 . . . recites a novel solution" of obtaining higher-quality content "from another source," in contrast to the prior art.  Opp. at 19-20 (quoting FAC ¶ 143).  Providing no factual support, Broadcom insists that its allegations "are sufficient to plead inventiveness, and are well-supported by the specification and the claim."  *Id.* at 17.  Not so.  Claim 1 does not specify that the second system must obtain its information from a different source; it can obtain it from the same source.  The specification further does not limit the invention by "characteristics of particular information, *information sources*, or particular links to such information sources" the second system may have.  '992 patent at 6:19-39.  And, again, novelty is not the test under § 101.  *See supra*, at 3.

*Fourth*, Broadcom argues that the dependent claims supply an inventive step, falsely claiming that Netflix "improperly remove[d] the dependent claims from [its] analysis."  Opp. at 17.  Netflix specifically addressed the dependent claims in its opening brief.  *See* Memo at 21-22.  And, specifying that media could be audio or video media is clearly not inventive; such media were entirely conventional at the time of the invention.  *See Elec. Power*, 830 F.3d at 1353.  Similarly, automating an abstract idea is not inventive.  *See OIP Techs.*, 788 F.3d at 1363; *Customedia*, 951 F.3d at 1363-65.  The dependent claims do not render the claims patent eligible.

D.   **The '375 Patent is ineligible.**

　　1.   **Claim 15 of the '375 Patent is directed to the abstract idea of distributing data through a network.**

Although Broadcom denies that claim 15 of the '375 Patent is directed to an abstract idea,

12

Opp. at 17-18, it repeatedly acknowledges that the claim is directed to "**distributing** encoded streams of **data** . . . to remote locations." This just replaces the abstract idea articulated by Netflix with a slightly longer variation. Opp. at 19 (emphasis added); *see also id.* at 3 ("system for delivering digital video content"), 19-20 ("delivery of compressed video content"), 17-18 ("distribute video content" and "deliver[] video on demand"), 19 ("distributing the compressed data streams"). This is a difference without distinction. Broadcom's articulation confirms that, stripped of its verbiage, claim 15 recites nothing more than a patent-ineligible "method for routing information using result-based functional language." *Two-Way Media*, 874 F.3d at 1337.

Broadcom attempts to salvage claim 15 from abstraction by arguing that "the character of the claims as a whole is directed to a new system, with specific physical components, for delivering video on demand remotely." Opp. at 18. But Broadcom's contention is belied by the claim language, the specification, and Federal Circuit authority for several reasons.

*First*, limiting the claimed distribution of data "to particular content"—here, compressed video data—does not transform an otherwise abstract idea into patent-eligible subject matter. *Elec. Power Grp.*, 830 F.3d at 1353; *Alice*, 573 U.S. at 223.

*Second*, Broadcom's reframing of claim 15 as directed to the distribution of data "to remote locations" not only is untethered to the claim language,[5] but highlights the abstractness of its purported invention. The idea of sending data to another room is abstract. Moreover, the distribution of data to remote locations essentially describes the Internet, which the Federal Circuit has held does not constitute patent-eligible subject matter. *Two-Way*, 874 F.3d at 1332.

*Third*, contrary to Broadcom's contention, claim 15's recitation of generic physical components (*e.g.*, "servers" and "decoder devices"[6]) to perform specified functions does not alchemize the '375 patent into patent-eligible subject matter. It is axiomatic that "mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible

---

[5] Broadcom again mischaracterizes the scope of claim 15 in discussing *Alice* step 2: Broadcom quotes a passage of the specification reciting supposed "objects, features and advantages" of "navigation software" that is not in the claim language. Opp. at 18 (citing '375 patent at 2:1-9).

[6] Decoding is an abstract concept, long utilized to transmit information, *see RecogniCorp, LLC*, 855 F.3d at 1326, and a "decoder device" thus merely performs an abstract decoding function.

13
DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST, THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 3:20-cv-04677

invention," *Alice*, 573 U.S. at 223, and that "not every claim that recites concrete, tangible components escapes the reach of the abstract-idea inquiry," *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d at 611.  Moreover, under *Alice* step 1, a claim that is "directed to a result or effect that itself is the abstract idea and merely invokes generic processes and machinery"—as is the case here—is "not patent eligible."  *Two-Way Media*, 874 F.3d at 1337.

### 2. Claim 15 of the '375 Patent is not inventive.

Broadcom contends that claim 15 is inventive because the patent "envisions an inventive way of distributing encoded streams of data, as opposed to physical media or analog video signals, to remote locations using a particular arrangement of devices." Opp. at 19.  This argument fails out of the gate, because the abstract idea itself (*i.e.*, the distribution of data) cannot supply the inventive concept.  *See ChargePoint, Inc.*, 920 F.3d at 773.

Indeed, Broadcom does not even contest that the devices recited in claim 15 (the "control server," "drive server," and "decoder devices") comprise conventional technology.  *Compare* Memo at 19 *with* Opp. at 19-20.  Broadcom similarly fails to address the precedent cited by Netflix that claiming the use of such conventional technology cannot supply an inventive concept.  *See* Memo at 19; *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d at 613-15 (holding "server" and "control unit" failed to supply an inventive concept); *RecogniCorp*, 855 F.3d at 1328 (holding limitation claiming use of a computer did not transform "the abstract idea of encoding and decoding" into patent-eligible subject matter); *Affinity*, 838 F.3d at 1270 (holding that "the delivery of media content to electronic devices was well known").

Tacitly recognizing that claim 15 requires only conventional technology, Broadcom cites *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, 841 F.3d 1288 (Fed. Cir. 2016), for the proposition that a claim directed to conventional technology nonetheless contains an inventive concept if used in an unconventional manner to provide an unconventional solution.  *See* Opp. at 20.  But the "unconventional technological solution" in *Amdocs*—"*enhancing* data in a distributed fashion" through a computer program—is wholly unlike the purported solution here, which involves

simply routing data to another room through a network by conventional means.[7]  841 F.3d at 1300 (emphasis added).  Nothing in claim 15 "requires that [] generic components operate in an unconventional manner to achieve an improvement in computer functionality."  *Id.* at 1300-01.[8]

In fact, claim 15 prescribes no "technical means for performing the functions that are arguably an advance over conventional computer and network technology."  *Elec. Power Grp.*, 830 F.3d at 1351.  The claim recites nothing about how the servers are used in an unconventional manner to achieve any improved functionality in the server itself.  The "navigation software" Broadcom points to as yielding purported "cost savings" is not even claimed in claim 15.  Opp. at 19 (quoting '375 patent at 3:35-41).  Tellingly, Broadcom cites no evidence from the specification suggesting that the servers and decoder devices operate in an unconventional manner.  Rather, the specification makes clear that those generic components need only "operat[e] according to their ordinary functions."  *Two-Way Media*, 874 F.3d at 1341; *see, e.g.*, '375 patent at 2:36-38, 2:42-46, 4:29-38, and 1:28-33; *see also* Memo at 19.  Not even Broadcom's citation to its FAC in support of its inventiveness argument elucidates *how* the servers and decoder devices operate unconventionally.  *See* Opp. at 19 (citing FAC ¶¶ 169-70).

In any event, Broadcom must, but does not, pinpoint where in claim 15 any alleged unconventional solution resides.  *See Two-Way Media*, 874 F.3d at 1339.

### III.   CONCLUSION

The asserted claims are directed to abstract ideas implemented on conventional computer components.  That the FAC describes them as novel over the prior art is irrelevant to subject matter eligibility.  The Court should grant Netflix's motion to dismiss with prejudice.

---

[7] Indeed, the '375 patent concedes that conventional video on-demand systems "may present independent video and audio programming to a number of rooms."  '375 patent at 1:14-16.

[8] There is nothing unconventional about having a "server" distribute content to another server or to a client (*e.g.*, a decoder device).  That is what servers do.  *See, e.g.*, *Two-Way Media*, 874 F.3d at 1340 (concluding ineligible under *Alice* step 2 a claim requiring, *inter alia*, "receiving and transmitting a real-time media stream from an intermediate server").

|   |   |
|---|---|
| Dated: October 1, 2020 | Respectfully submitted, |
|   | KEKER, VAN NEST & PETERS LLP |
|   | By: */s/ Sharif E. Jacob* |
|   | ROBERT A. VAN NEST |
|   | MATTHIAS KAMBER |
|   | SHARIF E. JACOB |
|   | Attorneys for Defendant |
|   | NETFLIX, INC. |

16

DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST, THIRD, FOURTH, AND FIFTH CLAIMS OF THE FIRST AMENDED COMPLAINT
Case No. 3:20-cv-04677

1386908