KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
MATTHIAS A. KAMBER - # 232147
mkamber@keker.com
PAVEN MALHOTRA - # 258429
pmalhotra@keker.com
SHARIF E. JACOB - # 257546
sjacob@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
EDWARD A. BAYLEY - # 267532
ebayley@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
NETFLIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BROADCOM CORPORATION, et al., | Case No. 3:20-cv-04677-JD |
| Plaintiffs, | **DEFENDANT NETFLIX, INC.'S NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR STAY OF ALL PROCEEDINGS PENDING INTER PARTES REVIEW** |
| v. | |
| NETFLIX, INC., | |
| Defendant. | |
| | Dept.:     Courtroom 11, 19th Floor |
| | Judge:     Honorable James Donato |
| | Date Filed: April 29, 2021 |
| | Trial Date:  None Set |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 3, 2021 at 10:00 a.m. in Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable James Donato, Defendant Netflix, Inc. ("Netflix") will and hereby does move this Court for an order staying all proceedings pending *inter partes* review.  This motion is based upon this Notice; the following Memorandum of Points and Authorities; the complete files and records in this action; the argument of counsel; and such other matters as the Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant Netflix, Inc. respectfully moves for a stay of this action pending *inter partes* review ("IPR") to ensure the most efficient use of the Court's and the parties' resources.  This sprawling twelve-patent case cannot be tried in its current, unwinnowed state.  To date, Broadcom has resisted efforts to streamline the action.  When Netflix filed a motion to dismiss four patents from what was—at the time—a nine-patent action, Broadcom responded by asserting three additional patents.  As it stands, twelve mostly unrelated patents and eighty-one separate claims remain for this Court to shepherd through claim construction and trial.

Netflix has begun to narrow this case by petitioning the Patent Trial and Appeal Board ("PTAB") for IPR of eight of the twelve asserted patents.  The PTAB has already instituted proceedings on all but one of the four petitions it has reviewed (on the '138, '375, and '722 Patents).  Petitions are pending on four of the eight other asserted patents (the '663, '992, '183, and '976 Patents), with two more institution decisions due before June 3, 2021, the date this motion is scheduled to be heard.  The last decision is due no later than September 9, 2021.  The PTAB's proceedings will either narrow the number of claims pending before the Court or, at a minimum, eliminate the need for the Court to rule on invalidity positions estopped by the PTAB's Final Written Decisions.  All the traditional considerations favor a stay.

***First***, the case is at a very early stage: fact discovery has barely begun, expert discovery has not yet started, and a *Markman* hearing has not been held.  ***Second***, staying proceedings

pending IPR would simplify this unwieldy case by allowing the PTAB to bring its expertise to bear, potentially reducing the scope of litigation from eighty-one asserted claims spread over twelve patents to just thirty claims over five patents.  **Third**, Broadcom would suffer no undue prejudice because it does not practice any of the technologies at issue.

Staying this case would prevent the waste of already-strained judicial resources, spare the parties needless expense, and allow the PTAB to analyze and potentially dispose of the majority of the claims and patents at issue.  The Court should therefore stay all proceedings pending IPR.

## II.   FACTS

### A.   Broadcom filed a sprawling nine-patent case and later expanded it to twelve patents and eighty-one asserted claims.

On March 13, 2020, Broadcom initiated this suit in the U.S. District Court for the Central District of California, alleging infringement of the '079, '121, '245, '992, '375, '138, '387, '663, and '283 Patents.  (Dkt. No. 1.)  The initial complaint totaled fourteen asserted claims across nine patents.  (*Id.*)

On June 8, 2020, Netflix moved to dismiss the claims of four of the asserted patents—the '079, '245, '992, and '375 patents—as ineligible subject matter under Section 101 of the Patent Act.  (Dkt. No. 44.)  Netflix also moved to transfer the case to the U.S. District Court for the Northern District of California, where both parties are headquartered and almost all the witnesses reside.  (Dkt. No. 49.)

In response, Broadcom amended its complaint on June 22, 2020, to assert an additional ten claims from three new patents: the '976, '722, and '183 Patents.  (Dkt. No. 52.)  At that point, the case spanned twenty-four claims over twelve patents.  Shortly thereafter, on July 10, 2020, the case was transferred to the Northern District of California.  (Dkt. No. 62.)

Netflix filed its first IPR petition on August 22, 2020 against claims asserted by Broadcom in its complaint.  *See* Decl. of Hinh D. Tran in Support of Def. Netflix's Mot. for Stay of All Proceedings Pending IPR ("Tran Decl.") ¶ 8, Ex. C.  By December 14, 2020, Netflix had filed a total of seven petitions.  *See id.* ¶¶ 7–14, Exs. C–M.  Broadcom then served infringement

contentions on January 5, 2021, asserting 101 new claims and 125 claims in total. [1]  *See id.* ¶ 4, Ex. A at 2–3.  In response, Netflix filed an additional three petitions, the last of which was submitted on February 22, 2021.  *See id.* ¶¶ 15–17, Exs. N–P.  In total, Netflix filed ten petitions on eight of the twelve asserted patents.  *See id.* ¶¶ 7–27, Exs. C–P.  The PTAB has already issued four institution decisions, and the six remaining decisions are due May 30, June 23, July 29, August 18, and September 9, 2021.  *See id.* ¶ 7.  Only two patents, the '387 and '283 Patents, are not the subject of an IPR petition or Netflix's pending motion to dismiss.  *See* Tran Decl. ¶¶ 7–17, Exs. C–P.  (*See also* Dkt. No. 87.)

### B. Discovery is still at a very early stage and the case has not passed any significant milestones.

Netflix moved diligently to streamline the scope of this litigation through a motion to dismiss and petitions for IPR, and discovery remains at a preliminary stage.  The parties did not exchange initial disclosures until December 2020 or serve requests for production until February 2021.  (*See* Dkt. No. 94.)  Beyond the Local Rule disclosures, little fact discovery has occurred, no witnesses have been deposed, and expert discovery has not begun.  *See* Tran Decl. ¶ 18.

The case writ large also remains in its infancy.  A case scheduling order has not issued, a *Markman* hearing has not been held, and no trial date has been set.  Netflix has not yet filed its forthcoming motions for judgment on the pleadings and summary judgment.  The vast majority of the work on discovery, claim construction, and motion practice remains.

## III.   ARGUMENTS

### A. The Court Should Exercise Its Discretion to Stay the Case Pending IPR.

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending [IPR]."  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (internal citations omitted).  Courts in this district adhere to "a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO [] proceedings."  *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015).  In determining whether to stay a patent case pending IPR, district courts evaluate three factors: "(1) whether discovery is

---

[1]  Only after Netflix's repeated requests has Broadcom since narrowed its case to eighty-one asserted claims.  *See* Tran Decl. ¶ 6, Ex. B at 1–2.

complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 956 (N.D. Cal. 2019).  A stay is particularly appropriate where the outcome of IPR would likely assist the court in determining patent validity and, if the claims were invalidated in the review, eliminate the need to try infringement.  *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-CV-01393-JD, 2014 WL 2879851, at *2 (N.D. Cal. June 24, 2014).  Here, all three factors favor entry of a stay.

### 1.   The early stage of litigation weighs in favor of a stay.

With respect to the stage of the litigation, courts often consider the following three sub-factors: "(1) whether parties have engaged in costly expert discovery and dispositive motion practice[;] (2) whether the court has issued its claim construction order[;] and (3) whether the court has set a trial date."  *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025–26 (N.D. Cal. 2014) ("*PersonalWeb II*") (internal citations and quotations omitted).  All three sub-factors support a stay.

First, discovery has just begun.  Initial disclosures and requests for production were only recently exchanged in December 2020 and February 2021, and only two limited productions have been made.  *See* Tran Decl. ¶ 18.  In addition, no depositions have taken place, and expert discovery has not started.  *Id.*; *see also Finjan*, 139 F. Supp. 3d at 1035–36 (factor weighed in favor of stay because "[n]ot a single deposition has been taken . . . both parties contemplate additional document production . . . [and] [t]he Court has not issued its claim construction order or set any deadlines associated with expert discovery, summary judgment, pre-trial motions, and trial").

Second, the parties have not even begun to brief claim construction.  *See, e.g.*, *Anza Tech., Inc. v. Toshiba Am. Elec. Components Inc.*, No. 17-cv-07289-LHK, 2018 WL 4859167, at *1 (N.D. Cal. Sept. 28, 2018) (factor weighed in favor of stay because "the parties ha[d] not begun Claim Construction briefing").

Third, the Court has not set a trial date.  *See In re Protegrity Corp.*, No. 3:15-md-02600-

JD, 2015 WL 4734938, at *1–2 (N.D. Cal. Aug. 10, 2015).  Indeed, it has not yet issued a

scheduling order.  In sum, all three sub-factors confirm that this case remains at an early stage.

This case is nearly indistinguishable from *LELO v. Standard Innovation*, in which this

Court granted a motion to stay after observing that:

> [The plaintiff] has served interrogatories and requests for production, . . .  and the
> parties have exchanged initial disclosures and plaintiff's infringement
> contentions[.]  But no other discovery has occurred.  A trial date has been set for
> July 2015, but that is 13 months from now.  No claim construction briefs have
> been filed and summary judgment is not currently on the horizon.  Most of the
> hard work on discovery and motions remains to be done.

2014 WL 2879851, at *3; *accord Zomm*, 391 F. Supp. 3d at 956 (finding that "significant work

remain[ed] to be done" when "no expert discovery has been conducted, no substantive motions

have been filed, and no trial date has been set"); *PersonalWeb II*, 69 F. Supp. 2d at 1026 (finding

that factor still weighed in favor of stay even when a "substantial amount of fact discovery has

been completed" because, "while much has been done, much remains, and the remaining work is

costly"); *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 5:13-cv-01356-EJD, 2014 WL

116340, at *3–4 (N.D. Cal. Jan. 13, 2014) ("*PersonalWeb I*") (same, even when "a claim

construction order has been issued and the close of fact discovery is fast approaching" because "a

substantial portion of the work—expert discovery, summary judgment, pre-trial preparation, and

trial itself—lies ahead").  The very early stage of this case therefore cuts in favor of a stay.

**2.      A stay will simplify the issues in question and aid in trying this case.**

The second factor asks the Court to consider whether a stay pending IPR will simplify the

issues in the case.  "The standard is simplification of the district court case, not complete

elimination of it by the PTAB."  *LELO*, 2014 WL 2879851, at *3 (rejecting an "all-or-nothing

requirement" that all asserted claims be subject to IPR).  In this vein, stays may be granted "to

avoid inconsistent results, obtain guidance from the PTO or the PTAB, or avoid needless waste of

judicial sources."  *Aavid Thermalloy LLC v. Cooler Master, Ltd.*, No. C 17-05363 JSW, 2019 WL

4009166, at *2 (N.D. Cal. Aug. 26, 2019).

Here, Netflix has sought IPR on eight of the twelve asserted patents, and the PTAB has

already instituted review on three out of Netflix's first four petitions.  *See* Tran Decl. ¶¶ 7–17,

Exs. C–P.  Six petitions on the four other patents are pending before the PTAB, and their

DEFENDANT NETFLIX, INC.'S MOTION FOR STAY
Case No. 3:20-cv-04677-JD

1668519

1    institution decisions are expected no later than September 9, 2021.  *Id.* ¶¶ 12–17, Exs. K–P.  For

2    the reviews it institutes, the PTAB has a record of invalidating the majority of claims that reach a

3    Final Written Decision, signifying the strong likelihood that it will eliminate many if not all

4    nineteen asserted claims of the '138, '375, and '722 Patents.  *See* PTAB Trial Statistics, U.S.

5    Patent and Trademark Office (2021), https://www.uspto.gov/sites/default/files/documents/

6    ptab_aia__fy2021_q1__roundup.pdf (59% of claims addressed in a Final Written Decision were

7    ruled unpatentable in FY21 Q1).  In such situations, courts in this District have overwhelmingly

8    concluded that a stay would simplify the case.  *See, e.g.*, *PersonalWeb II*, 69 F. Supp. 3d at 1027

9    (noting that this factor "often will result in a stay when the PTO institutes review proceedings

10   [because] review is granted only upon a showing of 'reasonable likelihood' that the party seeking

11   review will prevail").

12           For example, in *Neodron, Ltd. v. Lenovo Grp., Ltd.*, the Court found that a stay would

13   "likely simplify the case because up to twenty-eight of the seventy-five asserted claims could be

14   eliminated if the petitions for [IPR were] granted," even though IPR had only yet been instituted

15   on one of the three asserted patents.  No. 19-CV-05644-SI, 2020 WL 5074308, at *2 (N.D. Cal.

16   Aug. 27, 2020).  Such decisions, in cases where one or more of the litigated patents is not the

17   subject of IPR, are routine in this District.  *See, e.g.*, *Zomm*, 391 F. Supp. 3d at 957 (granting stay

18   even though IPR had only yet been instituted on two of three petitions); *PersonalWeb II*, 69 F.

19   Supp. 3d at 1028 (same even though only fifteen of the thirty-four asserted claims were subject to

20   IPR); *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, No. C-13-03587, 2014 WL 4802426,

21   at *3 (N.D. Cal. Sept. 26, 2014) (same even though the "PTAB ha[d] denied petitions for [IPR]

22   for all but [thirteen] claims of one of the two patents-in-suit").

23           Netflix's additional petitions pending before the PTAB only further tip the scales in favor

24   of a stay.  *See, e.g.*, *Roche Molecular Sys., Inc. v. Cepheid*, No. C-14-3228-EDL, 2015 WL

25   124523, at *4 (N.D. Cal. Jan. 7, 2015) ("Several cases have granted a stay even where, as here,

26   the PTAB has not yet decided whether to institute an IPR.") (collecting cases); *Finjan*, 139 F.

27   Supp. 3d at 1037 ("[T]he possibility that the PTO may institute review [on the eight pending IPR]

28   petitions] has the potential to streamline and even resolve this action."); *Evolutionary Intel. LLC*

*v. Yelp Inc.,* No. C-13-03587 DMR, 2013 WL 6672451, at *6 (N.D. Cal. Dec. 18, 2013) (factor weighs in favor of a stay pending the PTAB's decisions to institute on seven pending petitions). This is because the PTAB consistently institutes review on a clear majority of patents challenged through IPR. *See* PTAB Trial Statistics, U.S. Patent and Trademark Office (2021), https://www.uspto.gov/sites/default/files/documents/ptab_aia__fy2021_q1__roundup.pdf (review instituted on 71% of patents challenged in FY21 Q1).

Finally, even if the PTAB were to reject institution on the remaining six petitions ***and*** affirm the validity of every claim on which IPR has been instituted on thus far, a stay would still nonetheless be helpful to the Court. As the court in *PersonalWeb I* noted, "allowing these invalidity arguments to be determined once, employing the specialized expertise of the PTO, produces the exact results—avoiding duplicative costs and efforts and averting the possibility of inconsistent judgments—intended by the AIA." 2014 WL 116340 at *4. In addition, "as has been repeatedly stated in this District, . . . the case [would be further] simplified because the defendant would be bound by the estoppel provisions for IPR and thus would not be able to raise before this Court any arguments that it raised or reasonably could have raised at the PTO in its petition." *Aavid Thermalloy*, 2019 WL 4009166, at *3 (cleaned up); *see also Trusted Knight Corp. v. IBM Corp.*, No. 19-CV-01206-EMC, 2020 WL 5107611, at *3 (N.D. Cal. Aug. 31, 2020) (same).

Granting a stay here would thus streamline the proceedings and simplify this case by "narrowing the issues, reducing the complexity and length of trial, alleviating discovery problems relating to prior art, and encouraging settlement or even dismissal if the patent[s] [are] declared invalid." *Aavid Thermalloy*, 2019 WL 4009166, at *2.

### 3.    A stay will not unduly prejudice Broadcom.

Finally, in weighing undue prejudice to the non-moving party, courts typically consider four sub-factors: "(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the relationship of the parties." *Symantec Corp. v. Zscaler, Inc.*, No. 17-cv-04426-JST, 2018 WL 3539267, at *3 (N.D. Cal. July 23, 2018). "Speculation that evidence will be lost, without more, is insufficient to demonstrate undue

prejudice," *Evolutionary Intel., LLC v. Millenial Media, Inc.*, No. 5:13-CV-04206-EJD, 2014 WL 2738501, at *6 (N.D. Cal. June 11, 2014), as is "[d]elay alone," *Netlist, Inc. v. Smart Storage Sys., Inc.*, No. 13-CV-5889-YGR, 2015 WL 1738192, at *1 (N.D. Cal. Apr. 9, 2015).  *See also PersonalWeb II*, 69 F. Supp. 3d at 1029 ("Courts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay.").

### a.     Timing of the petition

Broadcom filed its first complaint on March 13, 2020, alleging infringement on nine patents.  (Dkt. No. 1.)  It then amended its complaint to allege infringement of an additional three patents on June 22, 2020.  (Dkt. No. 52.)  Just three months later, on August 22, 2020, Netflix filed its first IPR petition and, by December 14, 2020, had filed a total of seven petitions.  Tran Decl. ¶¶ 7–14, Exs. C–M.  Broadcom then served infringement contentions on January 5, 2021, asserting 121 new claims.  *Id.* ¶ 4, Ex. A at 2–3.  Netflix immediately began analyzing Broadcom's contentions and, in response, filed three additional petitions, the last of which was submitted on February 22, 2021.  *Id.* ¶¶ 15–17, Exs. N–P.  Netflix's diligence is especially remarkable given that Broadcom filed this case just one week before California issued its first Stay at Home Order in response to the rapid spread of COVID-19, a virulent and highly transmissible virus that has brought "ordinary life . . . to a grinding halt."  *S. Bay United Pentecostal Church v. Newsom*, 985 F.3d 1128, 1132 (9th Cir. 2021); *see also* S. *Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613 (2020) (noting that, by May 2020, COVID-19 had already "killed thousands of people in California and more than 100,000 nationwide").  Despite the unprecedented circumstances of the last thirteen months, Netflix filed its IPR petitions well ahead of the one-year deadline set out by 35 U.S.C. § 315(b).

This sub-factor therefore weighs against a finding of undue prejudice.

### b.     Timing of the stay motion

Netflix filed its last IPR petition on February 22, 2021.  Tran Decl. ¶ 1, Ex. P.  Shortly thereafter, the PTAB instituted review of the '375 patent on March 11, 2021, the '138 patent on March 15, 2021, and the '722 patent on April 20, 2021.  *Id.* ¶¶ 8–9, 11, Exs. D, F, J.  Just over a

week later, Netflix promptly filed this stay motion.  Such diligence "weigh[s] against a finding of undue prejudice."  *Cypress Semiconductor Corp. v. GSI Tech., Inc.*, No. 13-cv-02013-JST, 2014 WL 5021100, at *4 (N.D. Cal. Oct. 7, 2014).

### c.    Status of the review proceedings

The review proceedings are in their early stages, but the PTAB has already instituted review on three of Netflix's petitions and may do the same on one or more of Netflix's six remaining petitions.  The last of the institution decisions is due no later than September 9, 2021, and Final Written Decisions should begin to issue in early 2022.  Tran Decl. ¶ 7.  Facing similar timelines, courts in this District have found no undue prejudice.  *See, e.g.*, *Zomm*, 391 F. Supp. 3d at 958; *Trusted Knight*, 2020 WL 5107611, at *5; *GSI Tech*, 2014 WL 5021100, at *4.

### d.    Relationship of the parties

The final sub-factor in weighing undue prejudice is the relationship of the parties.  An entity that does not practice the patents it asserts cannot be prejudiced by a stay.  *See Yelp,* 2013 WL 6672451, at *8 ("[C]ourts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement.") (collecting cases).  In particular, a stay is appropriate where the entity asserting the patents has admitted it does not practice them.  *See Zomm*, 391 F. Supp. 3d at 958 ("Given that Zomm admits its products do not practice the claimed inventions, the Court finds that the parties are not direct competitors as it relates to the patent at issue in this suit."); *LELO*, 2014 WL 2879851, at *5 (holding that an entity that does not practice a claimed patent cannot claim lost profits) (collecting cases); *Yelp,* 2013 WL 6672451, at *8 (finding no evidence that a licensor would suffer undue prejudice in part because it had already disclosed that it does not practice the claimed inventions).

Broadcom cannot suffer any prejudice in this action because it does not compete with Netflix with regards to the patented technologies and therefore is not entitled to lost profits or injunctive relief.  Broadcom admitted in its Patent Local Rule 3-1(g) disclosure that it does not practice any of the claimed technologies.  *See* Tran Decl. ¶ 5, Ex. A at 14–15.  Though Broadcom alleges that its set-top box business was impacted by Netflix's services, that business does not practice any of the asserted patents, and so Broadcom's purported harm is irrelevant to the

1   question of prejudice.  *See Zomm*, 391 F. Supp. 3d at 958 (granting motion to stay despite

2   Zomm's contention that it competed with Apple via technology not covered by the asserted

3   patents).

4          Because all four sub-factors demonstrate no undue prejudice, this factor weighs in favor

5   of a stay.

6   **IV.   CONCLUSION**

7          Netflix has filed ten petitions for IPR on more than two-thirds of the eighty-one asserted

8   claims.  To date, the PTAB has instituted review on all but one of the petitions it has considered.

9   Forcing this Court to construe the claims and rule on invalidity while the PTAB is engaged in

10   precisely the same endeavor is a waste of judicial resources.  Moreover, the PTAB may ultimately

11   issue Final Written Decisions significantly streamlining this twelve-patent action.  The Court

12   should therefore grant Netflix's motion to stay pending IPR.

13

14   Dated:  April 29, 2021                                      KEKER, VAN NEST & PETERS LLP

15                                                    By:   */s/ Sharif E. Jacob*
16                                                          ROBERT A. VAN NEST
                                                          MATTHIAS A. KAMBER
17                                                          PAVEN MALHOTRA
                                                          SHARIF E. JACOB
18                                                          THOMAS E. GORMAN
                                                          EDWARD A. BAYLEY
19
                                                          Attorneys for Defendant
20                                                          NETFLIX, INC.

21

22

23

24

25

26

27

28

DEFENDANT NETFLIX, INC.'S MOTION FOR STAY
Case No. 3:20-cv-04677-JD

1668519