1   KEKER, VAN NEST & PETERS LLP
    ROBERT A. VAN NEST - # 84065
2   rvannest@keker.com
    MATTHIAS A. KAMBER - # 232147
3   mkamber@keker.com
    PAVEN MALHOTRA - # 258429
4   pmalhotra@keker.com
    SHARIF E. JACOB - #257546
5   sjacob@keker.com
    EDWARD A. BAYLEY - # 267532
6   ebayley@keker.com
    633 Battery Street
7   San Francisco, CA 94111-1809
    Telephone:    415 391 5400
8   Facsimile:    415 397 7188

9   Attorneys for Plaintiff
    NETFLIX, INC.

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12

13  NETFLIX, INC.,                                  Case No. 3:21-cv-03649-EMC
                                                    (*case to be considered for relation*)
14              Plaintiff,
                                                    Case No. 3:20-cv-04677-JD
15       v.                                         (*related case*)

16  CA, INC. and AVAGO TECHNOLOGIES               **ADMINISTRATIVE MOTION TO**
    INTERNATIONAL SALES PTE. LIMITED,             **CONSIDER WHETHER CASES ARE**
17                                                **RELATED PURSUANT TO CIVIL**
                Defendants.                        **LOCAL RULE 3-12**
18
                                                   Judge:      Hon. James Donato
19

20  BROADCOM CORPORATION and AVAGO
    TECHNOLOGIES INTERNATIONAL
21  SALES PTE. LIMITED,

22              Plaintiffs,

23       v.

24  NETFLIX, INC.,

25              Defendants.

26

27

28

## I.   INTRODUCTION

This Court is currently presiding over another patent infringement case involving the same parties and technology at issue in the instant action.  In that proceeding, Avago Technologies International Sales Pte. Limited and Broadcom Corporation (collectively, "Broadcom"[1]) accused Netflix, Inc. ("Netflix") of infringing several patents, particularly with respect to Netflix's adaptive streaming platform and on-demand internet content delivery network.  *See Broadcom Corp. et al v. Netflix, Inc.* (No. 3:20-cv-04677-JD) (the "*Broadcom Corp.* Action").  This Court has held a case management conference and heard a motion to dismiss for lack of patent eligibility under § 101, thereby becoming familiar with some of the asserted patents and relevant technology.

Nearly a year after commencing the *Broadcom* Action, Avago Technologies International Sales Pte. Limited and CA, Inc. (another subsidiary of Broadcom Inc.) filed another action against Netflix in the Eastern District of Texas, charging the same Netflix technology accused in the *Broadcom* Action of infringing an additional five patents.  *See CA, Inc. et al v. Netflix, Inc.* (No. 2:21-cv-80) (the "*Second* Action").  In the instant suit (the "*Netflix* Action"), Netflix seeks a declaration of non-infringement of the patents asserted in the *Second* Action.  Although the *Netflix* Action is also related to the *Second* Action under Patent Local Rule 2-1(a), venue is improper in the Eastern District of Texas.

To avoid wasting judicial resources and to reduce the possibility of inconsistent rulings, Netflix hereby moves, under Civil Local Rule 3-12, for consideration of whether the *Netflix* Action should be related to the *Broadcom* Action that involves the same parties and technology.

## II.  ARGUMENT

Civil Local Rule 3-12(a) provides that cases are "related" when: (1) "[t]he actions concern substantially the same parties, property, transaction or event"; and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Here, both criteria are satisfied.

---

[1]On information and belief, Avago Technologies International Sales Pte. Limited and Broadcom Corporation are both subsidiaries of the same parent company, Broadcom Inc.

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES ARE RELATED PURSUANT TO CIVIL LOCAL RULE 3-12
Case No. 3:20-cv-04677-JD

1690466

1    First, the actions involve the same parties and same technology.  On information and

2    belief, the parties that asserted the patents in the *Broadcom* Action are Broadcom's corporate

3    affiliates or successors.  The assignment of the patents from one corporate affiliate to another

4    should not defeat the benefits of relation here.  And, significantly, Netflix is a party to both

5    actions, which further supports case relation.  Moreover, even if the actions involve different

6    patents, they concern substantially the same technology.  *See Advanced Semiconductor Materials*

7    *America, Inc. v. Applied Materials, Inc.*, 1993 WL 653027 at *2 (D. Ariz. 1993) (finding the

8    present case related to two other patent cases between the same two parties pending before the

9    Northern District of California because "while the dispute in this case does involve different

10   patents from those at issue in the two cases now pending between the parties in California, all

11   three lawsuits involve the same parties, the same technology, and competing products in the same

12   relevant markets").  In particular, both actions relate to allegations of infringement by the same

13   components of Netflix's streaming technology, including Netflix's content delivery network,

14   playback process, adaptive streaming, and the Titus Container Management Platform of

15   infringement.  *Compare Broadcom* Action, Dkt. No. 52, ¶¶ 37-56, 72-90, 111-125, 150-157, 174-

16   183, 194-203, 303-316, 337-351 & 372-391 *with Second* Action, Dkt. No. 1, ¶¶ 40-51, 61-72, 81-

17   86 & 95-105.

18   Second, relating the cases will minimize the risk of "an unduly burdensome duplication of

19   labor and expense or conflicting results if the cases are conducted before different Judges." Loc.

20   R. 3-12(a).  This Court has previously considered and continues to assess the technology of the

21   patents asserted in the *Broadcom* Action.  Like the patents this Court is already considering, the

22   patents at issue in the *Netflix* Action relate to networking and/or video streaming.  *Compare, e.g.,*

23   *Netflix* Action, Dkt. No. 1, ¶¶ 26-30 & 36-50 *with Broadcom* Action, Dkt. No. 52, ¶¶ 25-60,

24   94-129, & 130-161.

25   And Broadcom accuses the same Netflix functionality of infringement in both actions.

26   The Court has considered the eligibility of four of the asserted patents in the *Broadcom* Action,

27   which are similar to the patents at issue in this action.  If this case is heard by another judge in the

28   district, it would necessarily lead to inefficiencies.

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES ARE RELATED PURSUANT TO CIVIL
LOCAL RULE 3-12
Case No. 3:20-cv-04677-JD

1690466

1

**III.  CONCLUSION**

2

      Netflix respectfully requests that the Court order the actions related.

3

4

Dated:  May 21, 2021                                        KEKER, VAN NEST & PETERS LLP

5

6                                            By:    /s/ *Sharif E. Jacob*
                                                  ROBERT A. VAN NEST

7                                                   MATTHIAS A. KAMBER
                                                  PAVEN MALHOTRA

8                                                   SHARIF E. JACOB
                                                  THOMAS E. GORMAN

9                                                   EDWARD A. BAYLEY

10                                                  Attorneys for Plaintiff
                                                  NETFLIX, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES ARE RELATED PURSUANT TO CIVIL
LOCAL RULE 3-12
Case No. 3:20-cv-04677-JD

1690466