KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
SHARIF E. JACOB - # 257546
sjacob@keker.com
PAVEN MALHOTRA - # 258429
pmalhotra@keker.com
MICHELLE YBARRA - # 260697
mybarra@keker.com
DAVID J. ROSEN – #296139
drosen@keker.com
EDWARD A. BAYLEY - # 267532
ebayley@keker.com
LUIS G. HOYOS - #313019
lhoyos@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:   415 397 7188

Attorneys for Defendant
NETFLIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BROADCOM CORPORATION, et al.,<br><br>                    Plaintiffs,<br><br>     v.<br><br>NETFLIX, INC.,<br><br>                    Defendant. | Case No. 3:20-cv-04677-JD<br><br>**DEFENDANT NETFLIX, INC.'S NOTICE OF MOTION AND MOTION FOR RULE 37 SANCTIONS**<br><br>Date:      July 21, 2022<br>Time:     10:00 AM<br>Dept.:    Courtroom 11, 19th Floor<br>Judge:   Honorable James Donato<br><br>Date Filed: March 13, 2020<br>Trial Date: None Set |

DEFENDANT NETFLIX, INC.'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION FOR RULE 37 SANCTIONS
Case No. 3:20-cv-04677-JD

1862216.v4

**TABLE OF CONTENTS**

I.   BACKGROUND ...................................................................................................................4

    A.   Plaintiffs improperly withhold licenses to the Patents-in-Suit for over a year.........................................................................................................................4

    B.   Plaintiffs refuse to produce licenses in a separate, unrelated action and impose onerous restrictions on Netflix's review .....................................................5

    C.   Plaintiffs refuse to allow Netflix to review licenses to the Patents-in-Suit, in violation of the Court's May 16 order ................................................................6

II.  LEGAL STANDARD............................................................................................................7

III. ARGUMENT .........................................................................................................................8

    A.   Plaintiffs disobeyed the Court's May 16 order .......................................................8

    B.   The Court should order Plaintiffs to produce Bates-stamped copies of the licenses ....................................................................................................................9

    C.   The Court should hold Plaintiffs in contempt until they comply and award Netflix's reasonable expenses ................................................................................12

IV.  CONCLUSION....................................................................................................................13

i
DEFENDANT NETFLIX, INC.'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RULE 37 SANCTIONS
Case No. 3:20-cv-04677-JD

1862216.v4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bio-Rad Lab'ys v. 10X Genomics, Inc.*,
    967 F.3d 1353 (Fed. Cir. 2020)..................................................................................10, 11

*CA, Inc. et al. v. Netflix, Inc.*,
    Case No. 2:21-cv-00080-JRG-RSP (E.D. Tex. filed Mar. 9, 2021) .....................................3, 5

*Dae Sung Hi Tech Co. v. GThunder, Ltd.*,
    2019 WL 8884093 (C.D. Cal. June 24, 2019) ....................................................................2, 7

*Dahl v. City of Huntington Beach*,
    84 F.3d 363 (9th Cir. 1996) ......................................................................................................8

*In re Dual-Deck Video Cassette Antitrust Lit.*,
    10 F.3d 693 (9th Cir. 1993) ......................................................................................................7

*Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*,
    2022 WL 566792 (N.D. Cal. Jan. 14, 2022) ..........................................................................8, 9

*Ennova Rsch. SRL v. Beebell Inc.*,
    2019 WL 285797 (N.D. Cal. Jan. 22, 2019) ..........................................................................13

*Ericsson, Inc. v. D-Link Sys., Inc.*,
    773 F.3d 1201 (Fed. Cir. 2014)................................................................................................11

*France Telecom, S.A. v. Marvell Semiconductor, Inc.*,
    2013 WL 12145894 (N.D. Cal. Sept. 6, 2013) ................................................................10, 12

*Garcia v. Bana*,
    2012 WL 2119157 (N.D. Cal. June 9, 2012) ...........................................................................9

*HRC-Hainan Holding Co., LLC v. Yihan Hu*,
    2020 WL 1643786 (N.D. Cal. Apr. 2, 2020) ...............................................................9, 12, 13

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Beauxites de Guinee*,
    456 U.S. 694 (1982)..............................................................................................................8, 9

*Int'l Union United Mine Workers of Am. v. Bagwell*,
    512 U.S. 821 (1994)................................................................................................................12

*LegalForce RAPC Worldwide P.C. v. Demassa*,
    2019 WL 5395038 (N.D. Cal. Oct. 22, 2019).........................................................................8

ii

DEFENDANT NETFLIX, INC.'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION FOR RULE 37 SANCTIONS
Case No. 3:20-cv-04677-JD

1862216.v4

*Microsoft Corp. v. Hon Hai Precision Indus. Co.*,
  2020 WL 8991669 (N.D. Cal. Feb. 12, 2020) ................................................................9, 13

*Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*,
  254 F.R.D. 568 (N.D. Cal. 2008) ..................................................................................... 10

*Richmark Corp. v. Timber Falling Consultants*,
  959 F.2d 1468 (9th Cir. 1992) .......................................................................................... 12

*Snowflake Inc. v. Yeti Data, Inc.*,
  2021 WL 1056550 (N.D. Cal. Mar. 18, 2021) .................................................................. 12

*Va. Panel Corp. v. MAC Panel Co.*,
  133 F.3d 860 (Fed. Cir. 1997) ............................................................................................11

*Valley Eng's Inc. v. Elec. Eng'g Co.*,
  158 F.3d 1051 (9th Cir. 1998) ............................................................................................8

*Wyeth v. Orgenus Pharma Inc.*,
  2010 WL 4117157 (D.N.J. Oct. 19, 2010) ....................................................................... 10

**Other Authorities**

Fed. R. Civ. P. 37 ...............................................................................................................1, 2, 9

Fed. R. Civ. P. 37(b)(2)(A) ......................................................................................................8

Fed. R. Civ. P. 37(b)(2)(C) ................................................................................................ 8, 13

iii
DEFENDANT NETFLIX, INC.'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION FOR RULE 37 SANCTIONS
Case No. 3:20-cv-04677-JD

1862216.v4

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on July 21, 2022 at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, Defendant Netflix, Inc. ("Netflix"), by and through its undersigned counsel, will move the Honorable James Donato for (1) an order directing Broadcom Corporation and Avago Technologies International Sales PTE Limited (collectively, "Plaintiffs") to produce all licenses to the Patents-in-Suit, or, alternatively, to make the licenses available for Netflix's review pursuant to the Court's May 16, 2022 order; (2) an order directing Plaintiffs to show cause why this Court should not hold them in contempt, requiring them to pay a coercive sanction of $2,000 per day, until Plaintiffs produce or otherwise make the licenses available as directed by the Court; and (3) an order directing Plaintiffs and/or Plaintiffs' counsel to pay Netflix's reasonable expenses, including attorney's and expert fees, caused by their failure to comply with the Court's May 16, 2022 order.

This motion is made under Federal Rules of Civil Procedure 37, Civil Local Rules 7 and 37-4, and the authorities cited herein. This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Michelle Ybarra, and accompanying exhibits, the complete files and records of this action, the arguments of counsel, and all other material that may properly come before the court or before the hearing on this Motion.

1

DEFENDANT NETFLIX, INC.'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RULE 37 SANCTIONS
Case No. 3:20-cv-04677-JD

1862216.v4

## MEMORANDUM OF POINTS AND AUTHORITIES

It is axiomatic that "[c]ompliance with court orders is not optional." *Dae Sung Hi Tech Co. v. GThunder, Ltd.*, 2019 WL 8884093, at *1 (C.D. Cal. June 24, 2019). Yet nearly a month after this Court ordered Plaintiffs to schedule a time for Netflix's expert and counsel to review Plaintiffs' 2,400 licenses to the Patents-in-Suit, they still have not complied. *See* Dkt. 212. Instead, Plaintiffs conditioned their compliance with the Court's order on Netflix's agreement to an unnecessary and onerous review protocol that purports to dictate all aspects of Netflix's review, down to the specific information that Netflix's counsel and expert may record in their notes. These restrictions were not proposed by Plaintiffs at the May 16, 2022 hearing; nor do they appear anywhere in the Court's May 16, 2022 order. When Netflix declined to agree to them, Plaintiffs failed to appear for a meet and confer and refused to allow Netflix access to the licenses at all, turning away Netflix's counsel and expert representative when they showed up for review.

Plaintiffs' violation of the Court's order is inexcusable. Indeed, Plaintiffs' only purported justification for requiring Netflix to review the licenses at their counsel's offices rested on the licenses' notice requirements, which Plaintiffs claim prevent them from producing the licenses without first notifying third-party licensees. Even though Plaintiffs concede that the licenses cover the Patents-in-Suit—and therefore should have been produced along with Plaintiffs' January 5, 2021 infringement contentions pursuant to Patent Local Rule 3-2—Plaintiffs apparently never made any effort to notify third-parties that the licenses must be provided in discovery.

At the May 16 hearing, Plaintiffs represented to the Court that all of Plaintiffs' 2,400 licenses were subject to these notice requirements, and that because Plaintiffs had failed to provide notice to third-parties, Netflix must review the licenses at Plaintiffs' counsel's office. *See* Decl. of Michelle Ybarra in Supp. of Def.'s Mot. for R. 37 Sanctions ("Ybarra Decl."), Ex. C at 69:22–25 ("All these licenses require notice letters to be sent to the third party saying that we're

2
DEFENDANT NETFLIX, INC.'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RULE 37 SANCTIONS
Case No. 3:20-cv-04677-JD

1862216.v4

going to produce their – the confidential license agreement to Netflix.").[1] Eager to review Plaintiffs' licenses and in the interest of avoiding further dispute, Netflix agreed to conduct the review at Plaintiffs' counsel's office. Plaintiffs neither raised nor requested that the Court impose any additional restrictions on Netflix's review, and the Court ordered Plaintiffs to schedule the review by no later than May 23, 2022. *See* Dkt. 212.

Plaintiffs failed to do so. Instead, they refused to provide Netflix access to their licenses absent Netflix's agreement to onerous and unnecessary review restrictions that were nearly identical to those imposed by Magistrate Judge Payne in *CA v. Netflix*, a separate case concerning different patents brought by Broadcom's affiliates in the Eastern District of Texas. The restrictions on Netflix's review of Plaintiffs' licenses in that case were imposed over Netflix's objection and required Netflix's counsel and expert to review the licenses without the assistance of pen, paper, access to their case notes, or any other work product, among other things. The resulting review was burdensome, costly, and inefficient.

Even though Plaintiffs never requested or moved this Court to order those same restrictions here, Plaintiffs refused to comply with the Court's May 16 order unless Netflix agreed to a similar protocol in this case. When Netflix objected, Plaintiffs canceled the review and denied Netflix's counsel and expert access to the licenses. Plaintiffs argued that even though the Court's order is silent on this issue, the restrictions are inherent. Not so.[2] In any event, Plaintiffs did not move for a protective order or request that the Court clarify its order. Instead, they engaged in self-help and opted to willfully disobey the Court's directive. The prejudice to Netflix is manifest; Plaintiffs' refusal to comply with the May 16 order has delayed Netflix's damages analysis and development of its patent misuse defense. Plaintiffs must not be allowed to violate the Court's order with impunity.

---

[1] Plaintiffs' counsel recently admitted that this statement was false, conceding that he had no idea whether all the licenses are subject to the notice requirements Plaintiffs described at the hearing. *See* Ybarra Decl., Ex. M at 9:3–7.

[2] Netflix agreed that its reviewers would not print, copy, download, or remove any of Plaintiffs' licenses, and that Plaintiffs' licenses and any notes taken by Netflix's counsel and expert about the licenses would be designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Stipulated Protective Order. Ybarra Decl., Ex. J. Plaintiffs rejected Netflix's proposal and continue to deny Netflix access to the licenses.

1862216.v4

Accordingly, Netflix respectfully asks the Court to (1) order Plaintiffs to produce Bates-stamped copies of all licenses to the Patents-in-Suit, or, alternatively, to make the licenses available for Netflix's review without the unnecessary and unwarranted review restrictions Plaintiffs seek to impose; (2) hold Plaintiffs in contempt, requiring them to pay a coercive sanction of $2,000 per day until Plaintiffs produce or otherwise make the licenses available as directed by the Court; and (3) order Plaintiffs and/or their counsel to pay Netflix's reasonable expenses caused by their failure to comply with the Court's order.

I.  **BACKGROUND**

   A.  **Plaintiffs improperly withhold licenses to the Patents-in-Suit for over a year**

Plaintiffs filed this suit on March 20, 2020, in the District Court for the Central District of California, and on July 10, 2020, the Honorable James V. Selna ordered the case transferred to this Court. *See* Dkts. 1, 62. On January 5, 2021, Plaintiffs served their disclosure of asserted claims and infringement contentions pursuant to Patent Local Rule 3-1. Plaintiffs were required to provide all licenses to the Patents-in-Suit by the same date. *See* Patent L.R. 3-2 (requiring a patent plaintiff to produce or provide "all agreements, including licenses, transferring an interest in any patent-in-suit"). But Plaintiffs' January 5, 2021 document production did not include all licenses to the Patents-in-Suit. Ybarra Decl. ¶ 2. In fact, Plaintiffs did not produce any licenses until July 21, 2021, and even then only after Netflix sought a meet-and-confer with Plaintiffs over their deficient production. *Id.* ¶ 3. Plaintiffs' July 21, 2021 production included only fourteen license agreements. *Id.* Plaintiffs did not inform Netflix that they were withholding any licenses to the Patents-in-Suit, let alone thousands of licenses. *Id.*

On September 8, 2021, the parties conferred over Netflix's discovery requests, including Netflix's May 27, 2021 request for production of portfolio licenses covering the Patents-in-Suit. *Id.*, ¶¶ 4 & 5. Plaintiffs objected to the production of portfolio licenses as irrelevant and burdensome, and refused to supplement their production except as to *two* portfolio licenses.[3] *Id.*, ¶ 5. At no point during the conference did Plaintiffs inform Netflix that they continued to

---
[3] To date, Plaintiffs still have not produced these two licenses. Ybarra Decl. ¶ 5.

4
DEFENDANT NETFLIX, INC.'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RULE 37 SANCTIONS
Case No. 3:20-cv-04677-JD

1862216.v4

withhold thousands of licenses to the Patents-in-Suit or that the burden they complained of concerned compliance with third-party notice requirements contained in the licenses. *Id.*

      **B.**    **Plaintiffs refuse to produce licenses in a separate, unrelated action and impose onerous restrictions on Netflix's review**

Netflix only learned the scope of Plaintiffs' withheld portfolio licenses months later, hours before a November 12, 2021 hearing in *CA, Inc. et al. v. Netflix, Inc.*, Case No. 2:21-cv-00080-JRG-RSP (E.D. Tex. filed Mar. 9, 2021), a separate action involving different patents in the Eastern District of Texas (the "Texas Action"). Ybarra Decl. ¶ 6. At the hearing, Magistrate Judge Payne heard argument on Netflix's motion to compel production of licenses, and Plaintiffs' counsel explained that they were in possession of thousands of licenses to the patents asserted in the Texas Action, but that the licenses could not be produced because the third-party licensees must first be notified pursuant to confidentiality provisions contained in the licenses. *Id.* Critically, Plaintiffs argued that the imminent close of fact discovery, just two weeks away, made Plaintiffs' compliance with the notice provisions impractical. *Id.*

    Instead, Plaintiffs argued that Netflix should be required to review the licenses on secure computers in Plaintiffs' counsel's office under source code review-like conditions. The Court granted Plaintiffs' request over Netflix's objection. *Id.*, Ex. A at 2. The restrictions requested by Plaintiffs required Netflix's counsel and expert to conduct the review without the use of pen, paper, access to their cell phones, laptops, case notes or work product. *Id.* ¶ 7. On the first day of review, Plaintiffs' counsel accused Netflix of violating the protocol because Netflix's expert brought a piece of paper reflecting the numbers of the asserted patents into the review room. *Id.* Plaintiffs even dictated the specific, narrow categories of information Netflix's counsel and expert could record, such as the license date, form of license and ranking or relevance; and Plaintiffs insisted that those notes be entered into a Microsoft Excel document which could not leave the review room. *Id.* These restrictions ensured that the review was cumbersome, costly, and slow. Netflix completed its review of the licenses in the Texas Action on December 3, 2021. *Id.* At that point, Netflix's requests for Plaintiffs' licenses to the Patents-in-Suit in *this case* had been pending for 10 months. Netflix's requests are still pending. *Id.*

5
DEFENDANT NETFLIX, INC.'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RULE 37 SANCTIONS
Case No. 3:20-cv-04677-JD

1862216.v4

C. **Plaintiffs refuse to allow Netflix to review licenses to the Patents-in-Suit, in violation of the Court's May 16 order**

On May 16, 2022, following the *Markman* hearing in this case, the Court addressed a number of pending discovery disputes between the parties, including Plaintiffs' failure to produce licenses to the Patents-in-Suit. *Id.* ¶ 8. During discussion with the Court, Plaintiffs' counsel conceded that

> We have thousands of portfolio-wide licenses [to the Patents-in-Suit] . . . ***All*** these licenses require notice letters to be sent to the third party saying that we're going to produce their – the confidential license agreement to Netflix. 2,400 licenses, Your Honor, I believe was the number.

*Id.*, Ex. C at 69:14–70:1 (emphasis added). Plaintiffs' counsel went on to describe the review ordered by Magistrate Judge Payne in the Texas Action:

> So what we did in that particular case, with the approval of the court was, we made -- we made those licenses available for inspection and review on a computer in -- at a location of Netflix's choosing, which was our New York office, and – and invited them, their expert, to come in and review the licenses and identify which licenses they believed were -- were relevant and they wanted produced. And then we turned around and sent out the notice letters and produced those.

*Id.* at 70:2–10. Following Plaintiffs' counsel's explanation, the Court asked Netflix's counsel:

> **The Court:** What I'm hearing, though, is someone will go and look at the portfolio and pick the ones you want. Is that what you want to do?
>
> **Netflix's counsel:** We're absolutely glad to do that and it's fairly urgent.
>
> **The Court:** Let's do that.

*Id.* at 72:1–6. Plaintiffs did not ask the Court to impose any specific restrictions on Netflix's review of the licenses, nor did the Court do so *sua sponte*. Immediately following the hearing, the Court issued a minute order, directing Plaintiffs to "schedule by May 23, 2022, a time for Netflix's expert and one attorney to review, at plaintiffs' counsel's office in San Francisco, Broadcom's licenses." *Id.*, Ex. B.

Netflix promptly arranged for its damages expert and counsel to arrive at Plaintiffs' counsel's San Francisco office to begin review. *Id.* ¶ 9. But on May 18, 2022, just prior to Plaintiffs' deadline for compliance with the order, Plaintiffs sent Netflix a draft "review protocol" nearly identical to the one imposed in the Texas Action over Netflix's objection. *Id.*, Ex. D.

6
DEFENDANT NETFLIX, INC.'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RULE 37 SANCTIONS
Case No. 3:20-cv-04677-JD

1862216.v4

Netflix objected that the Court's May 16 order did not contain any of the restrictions Plaintiffs sought to belatedly impose but noted that the Stipulated Protective Order provided ample existing protection for confidential information. *Id.*, Exs. E & F. Plaintiffs refused to allow Netflix to begin review, claiming that the restrictions Plaintiffs sought to impose were "entirely consistent with the discussion during [the May 16] hearing." *Id.*, Ex. G. On May 23, 2022, Netflix confirmed its agreement to treat all of Plaintiffs' licenses as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and not to copy or download the licenses, consistent with the guidance provided by the Court at the May 16, 2022 hearing. *Id.*, Ex. J. Netflix also appeared for a meet and confer that same morning at Plaintiffs' request, but Plaintiffs did not bother to show up. *Id.* ¶¶ 14 & 15, Ex. H. Instead, they sent an email proclaiming that the parties "do not need to meet and confer on the license issue today" because "[t]he transcript of the May 16 hearing confirms that the license review should be conducted under a procedure to protect third-party confidential information as in the Texas case." *Id.*, Ex. I. Plaintiffs' counsel also confirmed that "neither Netflix's attorneys nor expert will be allowed in Holland & Knight's offices" until Netflix agreed to Plaintiffs' review restrictions. *Id.*, Ex. J. On May 24, 2022, Netflix's counsel and a representative of Netflix's damages expert arrived at Plaintiff's counsel's San Francisco office to begin review as planned and were denied entry. *Id.* ¶ 17.

Despite Plaintiffs' intransigence, Netflix continued to seek Plaintiffs' compliance with the Court's May 16 order without motion practice. On June 6, 2022, Netflix proposed a formal review protocol memorializing additional protections aimed at addressing Plaintiffs' third-party confidentiality concerns. *See Id.*, Ex. K. Netflix again invited Plaintiffs to meet and confer about the license review on June 7, 2022. *Id.* At the June 7 conference, Plaintiffs rejected Netflix's proposed review protocol, and confirmed they would not allow Netflix to review Plaintiffs' licenses absent Netflix's agreement to additional, unnecessary restrictions. *Id.* ¶ 18, Exs. L & M. This motion follows.

## II.   LEGAL STANDARD

"Compliance with court orders is not optional." *Dae Sung*, 2019 WL 8884093, at *1. Nor is there a "good faith exception" to a party's duty to obey a court order. *In re Dual-Deck Video*

7
DEFENDANT NETFLIX, INC.'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RULE 37 SANCTIONS
Case No. 3:20-cv-04677-JD

1862216.v4

*Cassette Antitrust Lit.*, 10 F.3d 693, 695 (9th Cir. 1993). When a litigant disobeys a discovery order, Rule 37(b)(2)(A) authorizes a Court to sanction that party by issuing "just orders," including, for example, an order treating the failure to obey as contempt of court. The exemplary "just orders" identified in Rule 37(b)(2)(A) "are not intended to constitute an exhaustive list of the orders a judge may issue as sanctions." *Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, 2022 WL 566792, at *1 (N.D. Cal. Jan. 14, 2022) (cleaned up). Rather, the Court has broad discretion to fashion sanctions for violation of a discovery order, provided that the order is "just" and "specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Beauxites de Guinee*, 456 U.S. 694, 707 (1982).[4] Where a party disobeys a discovery order without substantial justification, monetary sanctions are also warranted. *See* Fed. R. Civ. P. 37(b)(2)(C); *LegalForce RAPC Worldwide P.C. v. Demassa*, 2019 WL 5395038, at *4 (N.D. Cal. Oct. 22, 2019).

### III. ARGUMENT

#### A. Plaintiffs disobeyed the Court's May 16 order

It is beyond dispute that the Court ordered Plaintiffs to "schedule by May 23, 2022, a time for Netflix's expert and one attorney to review, at plaintiff's counsel's office in San Francisco, Broadcom's licenses." Ybarra Decl., Ex. B. It is also beyond dispute that Plaintiffs failed to do so. These facts alone are sufficient to establish that Plaintiffs disobeyed the Court's May 16 order.

Plaintiffs' sole justification for their violation is their contention that "[t]he transcript of the May 16 hearing confirms that the license review should be conducted under a procedure to protect third-party confidential information as in the Texas case." *Id.*, Ex. I. That position is belied by the record. The May 16, 2022 hearing transcript shows that the Court never once referenced the review protocol ordered by Magistrate Judge Payne in the Texas Action, let alone ordered Netflix to abide by it. In fact, the terms of the Texas protocol were not discussed at all during the May 16 hearing.

---

[4] *See also Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996); *Valley Eng's Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1056 (9th Cir. 1998) ("[T]he central factor in evaluating the district court order is justice[.]").

8
DEFENDANT NETFLIX, INC.'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RULE 37 SANCTIONS
Case No. 3:20-cv-04677-JD

1862216.v4

Rather, at the hearing, the Court questioned the validity of Plaintiffs' concerns about third-party confidentiality, given that Netflix could "not to copy, download, or anything else," *Id.*, Ex. C at 72:24–25, consistent with the parties' March 15, 2021 Stipulated Protective Order, Dkt. 105. The Court neither ordered nor even suggested the draconian and unnecessary restrictions on review imposed in the Texas Action; nor did Plaintiffs ever request the Court apply those restrictions in this case. In fact, Netflix informed Plaintiffs that the restrictions imposed in the Texas Action were inapplicable in this case on May 20—*three days* before Plaintiffs' compliance with the Court's order was due. Ybarra Decl., Ex. E. Netflix's counsel also informed Plaintiffs that any confidential information contained in the licenses was already protected by the terms of the Stipulated Protective Order entered in this case. *Id.*, Ex. F, J. Plaintiffs had ample time to seek a protective order, or at the very least to ask the Court for clarification, before compliance was required. They failed to do so. *See HRC-Hainan Holding Co., LLC v. Yihan Hu*, 2020 WL 1643786, at *3 (N.D. Cal. Apr. 2, 2020) (issuing sanctions and holding party in contempt because "[t]he timing of their stay motion unavoidably put them in violation of the February 25 order, and that could have been prevented by moving for a stay promptly").

### B. The Court should order Plaintiffs to produce Bates-stamped copies of the licenses

Where a party has shown "continued delay" and "obvious disregard" for a court's orders, sanctions under Rule 37 are appropriate. *Ins. Corp. of Ireland*, 456 U.S. at 707–08. Indeed, courts routinely invoke their Rule 37 authority by ordering disobeying parties to produce withheld documents in short order. *See e.g., Edwards Lifesciences Corp.*, 2022 WL 566792, at *4 (ordering production of medical records within 7 days); *Microsoft Corp. v. Hon Hai Precision Indus. Co.*, 2020 WL 8991669, at *3 (N.D. Cal. Feb. 12, 2020) (ordering production of damages-related documents within 14 days); *Garcia v. Bana*, 2012 WL 2119157, at *10 (N.D. Cal. June 9, 2012) (ordering supplemental document production of documents within 5 days). Here, the Court should dispense with Plaintiffs' unnecessary and improper review protocol, and order Plaintiffs to produce Bates-stamped copies of the licenses to Netflix by a date-certain. This relief is necessary and appropriate for at least the following reasons.

9
DEFENDANT NETFLIX, INC.'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RULE 37 SANCTIONS
Case No. 3:20-cv-04677-JD

1862216.v4

*First*, Plaintiffs have withheld licenses to the Patents-in-Suit for over sixteen months, even though they were required to provide the licenses pursuant to Patent Local Rule 3-2 in January 2021.[5] At the May 16 hearing, Netflix readily agreed to conduct its license review at Plaintiffs' counsel's office in the interests of compromise and to prevent further delay. But Plaintiffs' willful violation of the Court's May 16 order has forfeited any entitlement to this compromise position. In any event, courts in this District and others regularly hold that third-party confidentiality concerns are no justification for withholding licenses to the asserted patents. *See France Telecom, S.A. v. Marvell Semiconductor, Inc.*, 2013 WL 12145894, at *1 (N.D. Cal. Sept. 6, 2013) (overruling patentee's objection to the production of licenses in light of third-party confidentiality concerns and compelling production); *Wyeth v. Orgenus Pharma Inc.*, 2010 WL 4117157, at *4 (D.N.J. Oct. 19, 2010) ("The Court notes that other courts have routinely recognized that license agreements relating to the patent-in-suit, and entered into in connection with settlement, are discoverable and that Plaintiff's third party confidentiality concerns do not outweigh legitimate grounds to compel production."); *Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 583 (N.D. Cal. 2008) (overruling patentee's objection to the production of license negotiation materials in light of third-party confidentiality concerns and compelling production).

*Second*, Plaintiffs' violation of the Court's order has denied Netflix's access to evidence critical to its damages case and patent misuse defense. Plaintiffs contend that the licenses are irrelevant, *see* Ex. C at 69:14–16, but that position is without merit. Juries may determine a reasonable royalty "based . . . on the royalty to which a willing licensor and a willing licensee would have agreed at the time the infringement began," which requires them to look at licenses that "involve[] comparable technology, [are] economically comparable, and arise[] under comparable circumstances." *Bio-Rad Lab'ys v. 10X Genomics, Inc.*, 967 F.3d 1353, 1372–73 (Fed. Cir. 2020) (quoting *Radio Steel & Mfg. Co. v. MTD Prods., Inc.*, 788 F.2d 1554, 1557 (Fed.

---

[5] Notably, Local Rule 3-2 requires a patent plaintiff to produce or provide licenses to the Patents-in-Suit contemporaneously with disclosure of the patentee's infringement contentions. Nothing in the Rule excuses compliance in light of third-party confidentiality.

10
DEFENDANT NETFLIX, INC.'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RULE 37 SANCTIONS
Case No. 3:20-cv-04677-JD

1862216.v4

Cir. 1986)). But comparable does not mean identical. In fact, the Federal Circuit has held on multiple occasions that the "degree of comparability of the license agreements is a 'factual issue[] best addressed by cross examination and not by exclusion.'" *Id.* at 1374 (quoting *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312 (Fed. Cir. 2012); *see also Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1227 (Fed. Cir. 2014) ("[T]he fact that a license is not perfectly analogous generally goes to the weight of the evidence, not its admissibility."). Moreover, of the licenses that Plaintiffs produced to Netflix in 2021, several are portfolio licenses that do not specifically identify the Patents-in-Suit, and are therefore indistinguishable from the 2,400 licenses that Plaintiffs contend are irrelevant.[6] Plaintiffs cannot cherry-pick and produce the portfolio licenses that they deem supportive of their case while denying Netflix access to the others.

**Third**, Plaintiffs' failure to comply with the Court's order has further delayed and prejudiced Netflix's ability to prepare its case for trial. Specifically, Plaintiffs' violation of the Court's order has delayed Netflix's damages analysis and development of its patent misuse defense. Plaintiffs have conditioned at least one license to the Patents-in-Suit on the licensee's payment of certain fees and the purchase of certain products that are unrelated to the subject matter within the scope of the patent's claims. Such tying arrangements are *per se* unlawful and constitute patent misuse. *See Va. Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 869 (Fed. Cir. 1997). Netflix is entitled to review Plaintiffs' licenses in order to identify any other unlawful tying arrangements Plaintiffs entered into.

**Finally**, Plaintiffs' sole justification for requiring Netflix to conduct in-office review of the licenses rather than producing Bates-stamped copies is a problem of their own making. The Patent Local Rules made clear from the start of the case that the licenses are relevant and discoverable. Nevertheless, over the last sixteen months, Plaintiffs apparently made no effort to comply with the third-party notice requirements that they now claim prohibit production. Worse,

---

[6] Plaintiffs' counsel represented to the Court that "for all of licenses that specifically named any of the patents in this lawsuit . . .all of those licenses have been produced in this case long ago," but "[i]t's the broader set of portfolio-wide licenses" that were not. Ybarra Decl., Ex. C at 70:16-71:2.

11
DEFENDANT NETFLIX, INC.'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RULE 37 SANCTIONS
Case No. 3:20-cv-04677-JD

1862216.v4

Plaintiffs' counsel's recent comments during the June 7 meet and confer reveal that Plaintiffs have not even bothered to confirm that all the licenses require notice to third-party licensees prior to production, even though counsel represented this was so to the Court. *Compare* Ybarra Decl., Ex. C at 69:22–25 ("All these licenses require notice letters to be sent to the third party saying that we're going to produce their – the confidential license agreement to Netflix.") *with Id.*, Ex. M at 9:3–7 ("I haven't studied every single one of them to know whether they all do, but the vast majority [of the licenses] are going to contain requirements of notice to the third parties before production of the information.").

Accordingly, the Court should order Plaintiffs to produce Bates-stamped copies of the licenses with appropriate designations under the Stipulated Protective Order, which is more than sufficient to protect any third-party confidentiality interests potentially at issue. *See, e.g., France Telecom,* 2013 WL 12145894, at *1. Alternatively, the Court should order Plaintiffs to comply with the Court's May 16 order and make the licenses available for Netflix's immediate review, without any additional restrictions.

### C. The Court should hold Plaintiffs in contempt until they comply and award Netflix's reasonable expenses

The Court should also hold Plaintiffs in contempt for their ongoing violation of the Court's May 16 order and require them to pay $2,000 per day until they comply with any relief the Court orders following this motion. "Contempts such as failure to comply with document discovery, for example . . . touch upon the core justification for the contempt power." *Int'l Union United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 833 (1994). "Where the purpose of a civil contempt sanction is to coerce good faith efforts to comply with a discovery request, contempt is proper." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1480 (9th Cir. 1992). Courts in this district routinely hold parties in contempt for ongoing violations of discovery orders, often imposing daily sanctions until the parties can show compliance. *See e.g., Snowflake Inc. v. Yeti Data, Inc.*, 2021 WL 1056550, at *9 (N.D. Cal. Mar. 18, 2021) ($10,000 per day); *HRC-Hainan Holding Co.*, 2020 WL 1643786, at *5 ($2,000 per day). Here, coercive sanctions are particularly warranted in light of Plaintiffs' years-long failure to abide by their discovery

12
DEFENDANT NETFLIX, INC.'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RULE 37 SANCTIONS
Case No. 3:20-cv-04677-JD

1862216.v4

obligations and willful disobedience of the Court's May 16 order. Plaintiffs have demonstrated that nothing short of contempt will compel compliance with their discovery obligations.

Likewise, the Court should order Plaintiffs to reimburse Netflix for all reasonable expenses caused by Plaintiffs' failure to obey the May 16 order because Plaintiffs' failure was not substantially justified. *See* Fed. R. Civ. P. 37(b)(2)(C).[7] Plaintiffs' failure to comply with the May 16 order is inexcusable. As discussed above, though Plaintiffs contend their refusal to make the licenses available for Netflix's review was motivated by third-party confidentiality concerns, the protections provided by the Stipulated Protective Order are more than sufficient to address Plaintiffs' concerns. Moreover, Netflix agreed to designate the licenses and any of Netflix's counsel's or expert's notes about the licenses as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. *See* Ybarra Decl., Ex. J. Netflix further agreed that its counsel and experts would not print, copy, download, remove, or otherwise transfer the licenses onto any recordable media or device. *Id.* If Plaintiffs believed further restrictions on Netflix's review were required, they were obligated to seek a protective order or guidance from the Court before compliance was due. They did not. Instead, Plaintiffs attempted to unilaterally impose draconian review restrictions on Netflix, and when Netflix objected, Plaintiffs denied Netflix access to critical discovery, forcing Netflix to bring this motion. Accordingly, the Court should order Plaintiffs to reimburse Netflix for any expenses, including attorney's fees, caused by their failure to comply with the May 16 order.[8]

### IV.  CONCLUSION

For the reasons stated herein, Netflix respectfully asks the Court to (1) order Plaintiffs to produce Bates-stamped copies of all licenses to the Patents-in-Suit; (2) hold Plaintiffs in contempt, requiring them to pay a coercive sanction of $2,000 per day, until they produce or

---

[7] *See also Microsoft*, 2020 WL 8991669, at *5 (awarding reasonable expenses, including attorney's fees, caused by party's failure to comply with discovery order); *HRC-Hainan Holding Co.*, 2020 WL 1643786, at *4-5 ($24,931 in reasonable expenses); *Ennova Rsch. SRL v. Beebell Inc.*, 2019 WL 285797, at *3 (N.D. Cal. Jan. 22, 2019) (awarding $7,539.18 in reasonable expenses).

[8] Upon the Court's request, Netflix will provide the Court a fees declaration detailing the reasonable expenses necessitated by Plaintiffs' violation of the May 16 order.

13
DEFENDANT NETFLIX, INC.'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RULE 37 SANCTIONS
Case No. 3:20-cv-04677-JD

1862216.v4

otherwise make the licenses available as directed by the Court; and (3) order Plaintiffs and/or Plaintiffs' counsel to pay Netflix's reasonable expenses, including attorney's and expert fees, caused by their failure to comply with the Court's May 16 order.

Respectfully submitted,

Dated: June 13, 2022

KEKER, VAN NEST & PETERS LLP

By: /s/ *Michelle Ybarra*
ROBERT A. VAN NEST
SHARIF E. JACOB
PAVEN MALHOTRA
MICHELLE YBARRA
EDWARD A. BAYLEY
LUIS G. HOYOS

Attorneys for Defendant
NETFLIX, INC.

14
DEFENDANT NETFLIX, INC.'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RULE 37 SANCTIONS
Case No. 3:20-cv-04677-JD

1862216.v4