

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**Sharif E. Jacob**
(415) 676-2237
sjacob@keker.com

July 6, 2022

The Honorable James Donato
U.S. District Court for the Northern District of California
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Broadcom Corporation, et al. v. Netflix, Inc.*, Case No. 3:20-cv-04677-JD
      <u>Responsive Letter Brief (to Dkt. 231) Regarding Netflix's ESI Requests</u>

Dear Judge Donato:

With the filing of its letter brief, Broadcom has again failed to comply with the Court's Standing Order for E-Discovery ("E-Discovery Order"). It has not "confer[red] on a process to test the efficacy of [ESI] search terms," despite having admitted in briefing (Dkt. 226) and multiple meet and confers that it has possession, custody, and control of responsive email. Dkt. 233 at 1–2.

Netflix's ESI Requests comply with the E-Discovery Order as repeatedly construed by the courts. Each of the four complaints Broadcom raises in its letter brief are meritless:

***First***, Broadcom insists that, because Netflix uses disjunctive clauses, each of its search terms counts as multiple terms. This has been repeatedly rejected by courts, who have found that disjunctive clauses—especially when directed to equivalent subjects or joined with "AND" or "WITHIN"—can be used in a single term. For instance, each of these is a single search term:

- (user* OR consumer* OR customer* OR people*) /10 (confus* OR underst* OR misunderst* OR comprehen* OR misle* OR consent OR know OR represent* OR disclos*)[1]
- ((FMD OR flash OR flame) AND (((fuel OR gas) w/5 air) OR spark)) AND ("flame mitigation" OR "Cray" OR "Brighton" OR "Johnston" OR "NoSpill" OR "No-Spill" OR "No Spill")[2]
- (BDD or "B-Domain Deleted") w/10 ("factor VIII" or "FVIII" or "F8")[3]

---

[1] *Rodriguez et al. v. Google LLC*, 2022 WL 180628, at *1 (N.D. Cal. Jan. 20, 2022).

[2] *No Spill, LLC v. Scepter Canada, Inc.*, No. 18-cv-2681, slip op. at 30 (D. Kan. Oct. 19, 2021).

[3] *Baxalta Inc. v. Bayer Healthcare LLC*, No. 17-1316, slip op. at 2 (D. Del. Sept. 30, 2019).

1870876

Hon. James Donato
July 6, 2022
Page 2

- RE43,919 or 43,919 or 43919 or *919 or 6,859,957 or 6859957 or *957 or CN2680127Y or 2680127 or 2004200018045[4]

*See also Nantworks, LLC, et al. v. Bank of America Corp., et al.*, No. CV 20-7872-GW-PVCx, slip op. at 3 (C.D. Cal. March 4, 2021) (inviting "same subject" search terms); *Leading Technology Composites, Inc. v. MV2, LLC*, No. 1:19-cv-01256, slip op. at 8 (D. Md. Aug. 27, 2019) ("synonymous terms or terms directed at a common aspect count as a single term (e.g., ['revenue' or 'income' or 'sales'] is one term)").

Netflix's search terms comply with these principles. Its disjunctive clauses contain similar-subject terms, and, where necessary, use "AND" or "WITHIN" so that the overall term is aimed at a single issue. For instance, the Nelson term in Broadcom's brief contains a first disjunctive directed to Broadcom's products and a second disjunctive directed to the trajectory of its business, joined with "AND" to direct the entire term to the single issue of the impact of Netflix on Broadcom's business. This search term is squarely relevant to damages. Broadcom claims lost profits on its set-top box products. Dkt. 241-4. But its own documents show that Netflix increased sales of Broadcom's digital TV, wireless, and over-the-top products. *See infra* n.5.

Broadcom's approach not only contradicts this Court's rulings, it leads to absurd results. Broadcom blindly insists that each word—regardless of equivalence or issue—must count as a separate term. Dkt. 231 at 2 (counting 59 "separate terms"). If this were true, no ESI term could be more than a single word or phrase. That in turn would incentivize parties to use search terms as a cudgel, instead of a precision tool. The whole point of disjunctive clauses is to avoid this problem. By allowing clauses of equivalent terms that more precisely describe the target subject, the propounding party can narrowly tailor the request.

*TVIIM* is an outlier and distinguishable. There, the disjunctive had words that were more plainly directed to separate topics: respon* OR update* OR correct*. And Broadcom's brief is not even internally consistent on this point—in the very next paragraph, it cites *DCG*, and acknowledges that a search term with the very same structure (i.e., *A and (X or Y or Z)*) counted as one.

**Second**, Broadcom complains that Netflix uses "indiscriminate terms." Even though Broadcom cites the relevant standing order language (Dkt. 231 at 2), it ignores half of it: "Indiscriminate terms, such as the producing company's name or its product name, are inappropriate ***unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction***." E-Discovery Order ¶ 11 (emphasis added). Each of the terms that Broadcom cites is combined with narrowing search criteria—namely, the other words used in the second disjunctive clause which, because of "AND" or "WITHIN," focus those terms on a particular issue.

**Third**, Broadcom complains about Netflix's requested time period. Netflix has narrowed its requests, and its revised time periods are all narrowly tailored to necessary information:

---

[4] *Wonderland Nurserygoods Co. Ltd. v. Baby Trend, Inc. et al.*, 2021 WL 8649897, at *2 (C.D. Cal. May 21, 2021).

Hon. James Donato
July 6, 2022
Page 3

- **Jeyhan Karaoguz** may have relevant emails starting from **January 1, 2007**. As Broadcom's former VP/GM of Intellectual Property, his email contains Broadcom's licensing negotiations. The hypothetical negotiation date and first alleged infringement could be as early as 2007, since Netflix demoed its streaming service in 2007 and began experimenting with H.264 in 2007–08 (H.264 was first standardized in 2003).
- **Rich Nelson** may have relevant emails starting from **January 1, 2010**. He is the SVP/GM, Broadband Video Group and has been at Broadcom since 1995. He has emails showing that Broadcom sold more, not fewer chips as a result of Netflix and other streaming services. Indeed, in 2010, Broadcom started touting that streaming (and Netflix) was part of a "virtuous cycle"[5] that drove demand for its products.
- **Tom Krause** may have relevant emails starting from **January 1, 2013**. He is the President, Broadcom Software Group and has been at Broadcom since 2012. He has email relating to the various mergers during which the asserted patents were transferred and valued; Broadcom's earliest merger with LSI was consummated on May 6, 2014.
- **Peisong Chen** may have relevant emails starting from **July 1, 2011**, his start date at Broadcom where he would have been working on the patented technology.
- **Ryan Phillips** may have relevant emails starting from **January 23, 2012**, his start date at LSI. He has, since then, worked on Broadcom's and its predecessor's licensing program.

***Fourth***, Broadcom insists it will incur unreasonable costs if forced to run hit counts for Netflix's ESI Requests as-is. Broadcom's failure to run hit counts renders its burden objection baseless. *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, No. 16-CV-00236-WHO (DMR), 2018 WL 2441518, at *3 (N.D. Cal. May 31, 2018) ("[T]he party opposing discovery … has the burden of clarifying, explaining and supporting its objections with competent evidence."). But it is also not true that Broadcom will incur all of the costs of which it prematurely complains. For instance, Broadcom complains that it will "incur costs for running the searches and reviewing the hit documents for privilege." Dkt. 231 at 3. But Broadcom need not perform a privilege review to run hit counts. And the cost of running a search itself is an ordinary incident of modern litigation—Broadcom need only paste and run 25 search statements.

In short, Broadcom has no basis for refusing to run hit counts. Broadcom is incorrect that Netflix's proposed search terms violate the E-Discovery Order and, regardless, this is no basis to stonewall. In fact, in Broadcom's own cited case, *TVIIM*, the responding party ***ran hit counts*** to the proposed ESI terms, ***even where it disagreed that a proposed term counted as a single term***. *TVIIM, LLC v. McAfee, Inc.*, No. 13-CV-04545-VC (KAW), 2014 WL 5280966, at *2 (N.D. Cal. Oct. 15, 2014) (for "the 'auto* w/10 (respon* OR updat* OR correct*)'" term "the test search that turned up 188,432 results"). In light of Broadcom's refusal to follow the caselaw it cites to this Court, Netflix respectfully requests that the Court order Broadcom to produce email responsive to Netflix's proposed search terms.

---

[5] Broadcom Corporation Corporate Overview (Q4 2009), slides 12 & 25, available at http://web.archive.org/web/20100215224523/http://www.broadcom.com/docs/company/corporate_overview.pdf (showing Netflix driving demand for digital TVs).

Hon. James Donato
July 6, 2022
Page 4

Sincerely,

KEKER, VAN NEST & PETERS LLP

Sharif E. Jacob

*Attorney for Defendant Netflix, Inc.*

1870876