UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BROADCOM CORPORATION, et al.,

    Plaintiffs,

v.

NETFLIX INC,

    Defendant.

Case No. 3:20-cv-04677-JD

**ORDER RE MOTION TO DISMISS**

In this patent infringement action, plaintiffs Broadcom Corp. and Avago Technologies (Broadcom) sued defendant Netflix, Inc. (Netflix) for infringement of twelve patents related to video streaming, including infringement of U.S. Patent No. 8,365,183 (the '183 patent). Dkt. No. 208 (third amended complaint (TAC)); Dkt. No. 208-12 ('183 patent). The Court granted Netflix's Rule 12(c) motion, and dismissed Broadcom's twelfth claim in the second amended complaint, Dkt. No. 172, on the grounds that the '183 patent was directed to patent-ineligible subject matter under 35 U.S.C. § 101. *See* Dkt. No. 205. Broadcom was given leave to file the TAC, and Netflix asks again to dismiss the twelfth claim again for patent-ineligible subject matter. Dkt. No. 215. The parties' familiarity with the record, and the Court's prior order in particular, is assumed. Dismissal is granted.

## DISCUSSION

The Court's prior order stated the governing law for a Rule 12(b)(6) motion and patent eligibility under 35 U.S.C. § 101, and the facts of this dispute. Dkt. No. 205. It is incorporated here. In summary, the Federal Circuit has determined that "it is possible and proper to determine patent eligibility under 35 U.S.C. § 101 on a Rule 12(b)(6) motion." *Genetic Techs. Ltd. v. Merial L.L.C.*, 818 F.3d 1369, 1373-74 (Fed. Cir. 2016). The Supreme Court set out a two-part test for

Section 101 in *Alice Corp. Pty. Ltd. v. CLS Bank International*, 573 U.S. 208 (2014).  First, the Court determines "whether the claims at issue are directed to a patent-ineligible concept" such as an abstract idea, law of nature or natural phenomenon.  *Id*. at 218.  If a patent is directed to a patent-ineligible concept, the second step in Alice is to look for an "'inventive concept' -- i.e., an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself."  *Id*. at 217-18.

The parties agree that Claim 1 is representative.  Dkt. No. 215 at 5.  The Court will consequently treat Claim 1 as representative.

## I. THE '183 PATENT IS DIRECTED TO AN ABSTRACT IDEA

The Court determined that Claim 1 was directed to "the abstract idea of allocating tasks across a system of servers."  Dkt. No. 205 at 6.  Nothing has changed in the TAC on that score.  The TAC says that the '183 patent teaches using rule statements and user-defined parameters to identify the best computer devices in a system to perform the job and to make decisions about how to distribute resources for different jobs.  Dkt. No. 208 ¶¶ 363-64.  Claim 1 recites this method of allocating resources and tasks across a system, and is a quintessential abstract idea.  *See Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1314 (Fed. Cir. 2016) (quoting *Alice*, 573 U.S. at 219).

Broadcom's main point against dismissal is that Claim 1 in the '183 patent is directed to an improvement to computer functionality, akin to the claims sustained in *Data Engine Technologies LLC v. Google LLC*, 906 F.3d 999 (Fed. Cir. 2018).  Dkt. No. 224 at 4.  In *Data Engine*, the claims were directed to improvements in computer spreadsheets, which were complicated and required users to use complex and arbitrary operations to execute simple tasks.  *Data Engine*, 906, F.3d at 1008.  The patent at issue provided an improved, user-friendly and highly intuitive interface that allowed users to navigate spreadsheets with relative ease.  *Id*.  The Federal Circuit found that these claims were not directed to an abstract idea because they recited "a specific structure within a particular spreadsheet display that performs a specific function."  *Id*. at 1010-11 (cleaned up).

The same cannot be said of the '183 patent. Although the specification teaches that the system can improve operational efficiency, Dkt. No. 208-12 at 1:20-23, the patent is still directed to the abstract idea of allocating tasks across the system. Broadcom did not identify any specific structures of the claimed system that perform and improve the operational efficiency of the system itself. Instead, Broadcom merely makes highly general references to the process of using criteria to determine what devices are suitable for a new job and then allocating the work to the devices based on availability. Dkt. No. 224 at 5. While the Court has concluded in other circumstances that "efficient computer processing" can be "indicative of patent-eligible subject matter," *Hybrid Audio, LLC v. Asus Comput. Int'l*, No. 17-cv-5947-JD, 2019 WL 3037540, at *5 (N.D. Cal. Jul. 11, 2019), the '183 patent is not directed to a specific improvement to computer processing. Rather, the efficiency that is gained from using the method of the '183 patent comes from the fact that task management and allocation make tasks more efficient. The '183 patent does not teach an improvement to computer processing but a general task management and allocation system that is implemented on computer systems. Consequently, Claim 1 of the '183 patent is directed to an abstract idea.

## II.  THE '183 PATENT LACKS AN INVENTIVE CONCEPT

The Court's previous order determined that Claim 1 lacked an inventive concept because "Claim 1 simply recites ordinary steps, performed in a conventional order, on conventional computer technology." Dkt. No. 205 at 8. That remains true.

Broadcom points only to its allegations that the '183 patent teaches a "funnel approach" which solves the problems of "poor system performance and system failures in a distributed computing system" as the inventive concept of the '183 patent. Dkt. No. 224 at 8-9. The "funnel approach" is the sequential process of determining which computer devices in a distributed network system are available, suitable, and underutilized for a particular job. Dkt. No. 208 ¶ 369-70. Broadcom's allegations state that the "funnel approach" was "an unconventional and novel method for provisioning job[s] in a large network of computer devices." *Id.* ¶ 371. But these allegations are entirely conclusory and do not explain what is unconventional about the funnel approach. *See Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1317 (Fed. Cir. 2019); *Linquet*

*Techs., Inc. v. Tile, Inc.*, 559 F. Supp. 3d 1101, 1110 (N.D. Cal. 2021).  Broadcom does not point to any other non-conclusory allegations in the TAC or to portions of the '183 patent that establish an inventive concept in Claim 1.

## CONCLUSION

The twelfth claim of the TAC is dismissed.  Because Broadcom has now had more than one opportunity to amend, and the guidance provided by the Court's prior order, the dismissal is with prejudice.

**IT IS SO ORDERED.**

Dated:  August 8, 2022

JAMES DONATO
United States District Judge