UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROADCOM CORPORATION, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>NETFLIX INC,<br><br>　　　　　Defendant. | Case No. 3:20-cv-04677-JD<br><br>**ORDER RE MOTIONS TO SEAL** |

　　　　A hallmark of our federal judiciary is the "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106, 1107 (N.D. Cal. 2021). Public access maintains confidence in the fair and impartial administration of justice, and protects the integrity and independence of the courts. This is why the business of the federal judiciary is done in open court.

　　　　In limited circumstances, there may be grounds for curtailing public access. This is an exception to the rule, and so a party requesting that a document or evidence be sealed from the public needs to present a good reason explaining why. A particularized showing of good cause is required to seal documents related to non-dispositive motions, and a compelling reason supported by specific facts is needed before the Court will consider sealing records involving dispositive motions such as a summary judgment motion. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *DZ Rsrv. v. Facebook, Inc.*, No. 18-cv-04978-JD, 2021 WL 75734, at *1 (N.D. Cal. Jan. 8, 2021). General assertions of potential competitive or commercial harm are not enough to establish good cause for sealing court records, and the "fact that the parties may have designated a document as confidential under a stipulated protective order is also not enough to justify sealing." *In re Google Play Store*, 556 F. Supp. 3d at 1107.

1   This order addresses a slew of motions to seal portions of discovery letters, mostly related
2   to material that plaintiffs have claimed as confidential. Dkt. Nos. 225, 241, 280, 288, 292, 321.
3   The Court's sealing determinations are stated in the attached chart. *See* Ex. A.
4   In the main, plaintiffs offer perfunctory claims that the letters and underlying documents
5   contain confidential information which should be shielded from public view. For example, they
6   say that the documents contain or reference "information . . . relating to confidential patent
7   licenses and licensing negotiations," Dkt. No. 225-1 ¶ 5; "proprietary information about
8   [Broadcom's] finances, including profits, losses, and projections," Dkt. No. 246-1 ¶ 6; and
9   "confidential financial information relating to Plaintiffs' business relationships," Dkt. No. 283-1
10  ¶ 4. Plaintiffs also made conclusory statements about the competitive harm that they will suffer if
11  this information is disclosed. *See, e.g.*, Dkt. No. 246-1 ¶ 6; Dkt. No. 283-1 ¶ 6. "Such conclusory
12  and unsupported formulations, which for example do not explain how a competitor would use the
13  information to obtain an unfair advantage, are insufficient for sealing." *DZ Rsrv.*, 2021 WL
14  75734, at *1.
15  The "'default posture of public access prevails'" for the documents, or portions thereof,
16  that the Court declines to seal. *In re Google Play Store*, 556 F. Supp. 3d at 1108 (quoting
17  *Kamakana*, 447 F.3d at 1182). The parties are directed to file unredacted versions of the relevant
18  documents on ECF within 7 days of this order. Civ. L.R. 79-5(g).
19  **IT IS SO ORDERED.**
20  Dated: February 21, 2023

JAMES DONATO
United States District Judge

**Exhibit A to Order re Motions to Seal**

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| Joint Letter Brief Regarding Discovery Issues, Dkt. No. 225-3 | Highlighted portions of pages 7-12 | Contains plaintiffs' confidential financial and licensing information. (*See* Dkt. No. 225 at 2) | **Denied.** |
| Exhibit A to Joint Letter Brief, Dkt. No. 225-4 | Highlighted portions of pages 10-12, 16-18, 20-22, 23-32, 44-47, and 49-57 | Contains confidential information about Netflix's source code. (*See* Dkt. No. 225 at 2-3) | **Granted.** Netflix's proposal is narrowly tailored to preventing disclosure of excerpts of its source code. |
| Discovery Letter Brief re Broadcom's Claim for Lost Profits, Dkt. No. 241-3 | Highlighted portions of page 2 | Contains references to the contents of documents designated highly confidential by Broadcom during discovery. (*See* Dkt. No. 241-1 ¶ 4) | **Denied.** Broadcom did not ask to seal this material in its response. (*See* Dkt. No. 246 at 2-3) |
| Exhibit A to Discovery Letter Brief re Broadcom's Claim for Lost Profits, Dkt. No. 241-4 | Entire document | Contains proprietary information about plaintiffs' finances, including profits, losses, and projections, that is not publicly disclosed. (*See* Dkt. No. 246 at 4) | **Denied.** Plaintiffs' request was more narrowly tailored to seal highlighted portions of pages 6-13, but they have not adequately explained how disclosure of this material would cause competitive harm. |
| Discovery Letter Brief re Broadcom's Responses to Discovery Requests on Patent Misuse, Dkt. No. 280-3 | Highlighted portions of pages 1-3 | Contains confidential information about plaintiffs' patent licenses and financial matters, including business agreements with other companies. (*See* Dkt. No. 283 at 4; Dkt. No. 283-1 ¶ 5) | **Denied.** |

3

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| Exhibit A to Discovery Letter Brief re Patent Misuse, Dkt. No. 280-4 | Entire document | Contains confidential, proprietary information about plaintiffs' intellectual property licenses and business relationships. (*See* Dkt. No. 283-1 ¶ 6) | **Denied.** Plaintiffs' request was more narrowly tailored to a highlighted portion of page 8, but they have not adequately explained how disclosure of this material would cause competitive harm. |
| Exhibit B to Discovery Letter Brief re Patent Misuse, Dkt. No. 280-5 | Entire document | Contains excerpts of a document that plaintiffs have designated highly confidential during discovery. (*See* Dkt. No. 280-1 ¶ 4) | **Denied.** Plaintiffs did not ask to seal this material in their response. (*See* Dkt. No. 283 at 2) |
| Exhibit C to Discovery Letter Brief re Patent Misuse, Dkt. No. 280-6 | Entire document | Contains excerpts of a document that plaintiffs have designated highly confidential during discovery. (*See* Dkt. No. 280-1 ¶ 5) | **Denied.** Plaintiffs did not ask to seal this material in their response. (*See* Dkt. No. 283 at 2) |
| Discovery Letter Brief re Netflix's Testimony on Encoding Topics, Dkt. No. 288-2 | Highlighted portions of page 2 | Includes excerpts of deposition testimony that Netflix has designated as highly confidential during discovery. (*See* Dkt. No. 288-1 ¶ 4) | **Denied.** No further showing was made by Netflix to demonstrate why the highlighted portions of the discovery letter should be sealed. |
| Responsive Letter Brief re Patent Misuse, Dkt. No. 292-2 | Highlighted portions of pages 1-3 | Reveals licensing information as well as the terms of financial agreements between plaintiffs and other companies. (*See* Dkt. No. 292-1 ¶ 5) | **Granted in part.** The request to seal is granted only to the extent that the terms of the agreement are disclosed in paragraphs 5 and 6 (the paragraphs beginning with "Moreover" and "Again"). |

4

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| Discovery Letter Brief re Broadcom's Wireless Chips Business, Dkt. No. 321-3 | Highlighted portions of pages 1-3 | Contains confidential information about plaintiffs' strategic planning and patent licenses, as well as confidential financial information relating to plaintiffs' business relationships. (*See* Dkt. No. 328 at 4; Dkt. No. 328-1 ¶¶ 4-5) | **Denied.** |