UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROADCOM CORPORATION, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>NETFLIX INC,<br><br>    Defendant. | Case No. 3:20-cv-04677-JD<br><br>**ORDER RE MOTIONS TO SEAL** |

This order addresses another set of sealing motions, mostly related to material that plaintiffs have claimed as confidential. Dkt. Nos. 302, 318, 331, 346, 364, 373, 378, 401. The Court discussed the applicable standards in a prior sealing order. *See* Dkt. No. 335 at 1. In sum, a particularized showing of good cause is required to seal documents related to non-dispositive motions, and a compelling reason supported by specific facts is needed before the Court will consider sealing records involving dispositive motions. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *DZ Rsrv. v. Facebook, Inc.*, No. 18-cv-04978-JD, 2021 WL 75734, at *1 (N.D. Cal. Jan. 8, 2021). General assertions of potential competitive or commercial harm are not enough to establish good cause for sealing court records, and the "fact that the parties may have designated a document as confidential under a stipulated protective order is also not enough to justify sealing." *In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106, 1107 (N.D. Cal. 2021). The Court's sealing determinations are stated in the attached chart. *See* Ex. A.

For the sealing requests that are denied, plaintiffs mostly offer perfunctory claims that the documents at issue contain confidential information which should be shielded from public view. For example, they say that certain documents contain "information . . . that is used by Plaintiffs to determine whether to proceed with the patent process" and "proprietary information about

Plaintiffs' invention-disclosure and review procedures." Dkt. No. 308-1 ¶ 6. Plaintiffs also made conclusory statements about the competitive harm that they will suffer if this information is disclosed. *See, e.g.*, *id.* ("Public disclosure of such information could unfairly allow competitors to obtain access to Plaintiffs' internal patent processes. The risk of competitive harm to Plaintiffs, in particular, greatly outweighs the minimal presumption of public access in this situation."). "Such conclusory and unsupported formulations, which for example do not explain how a competitor would use the information to obtain an unfair advantage, are insufficient for sealing." *DZ Rsrv.*, 2021 WL 75734, at *1. This is all the more true when the information sought to be sealed appears in an answer to the complaint. *See In re Google Play Store*, 556 F. Supp. at 1107 (noting that complaints are "the documents that are the heart of . . . every[] lawsuit").

The "'default posture of public access prevails'" for the documents, or portions thereof, that the Court declines to seal. *Id.* at 1108 (quoting *Kamakana*, 447 F.3d at 1182). The parties are directed to file unredacted versions of the relevant documents on ECF within 7 days of this order. Civ. L.R. 79-5(g).

**IT IS SO ORDERED.**

Dated: June 5, 2023

JAMES DONATO
United States District Judge

**Exhibit A to Order re Motions to Seal**

| Document | Information sought to be sealed | Proffered reason for sealing | Ruling |
|---|---|---|---|
| Netflix's Motion for Leave to Amend Answer to Third Amended Complaint, Dkt. No. 302-3 | Highlighted portions of pages 6, 8, 10, and 11 | Contains confidential information about plaintiffs' internal patent applications and procedures. (*See* Dkt. No. 308-1 ¶¶ 6-7) | **Denied.** Plaintiffs' request was more narrowly tailored to seal highlighted portions of pages 8 and 11, *see* Dkt. No. 308 at 2; Dkt. No. 309-1, but they do not adequately explain how disclosure of this material would cause competitive harm. |
| Exhibit H to Malhotra Decl. ISO Netflix's Motion for Leave to Amend, Dkt. No. 302-4 | Entirety | Contains confidential information about plaintiffs' internal patent applications and procedures. (*See* Dkt. No. 308-1 ¶¶ 6-7) | **Denied.** Plaintiffs' request was more narrowly tailored to seal highlighted portions of pages 65-68, *see* Dkt. No. 308 at 2, but they do not adequately explain how disclosure of this material would cause competitive harm. |
| Exhibit I to Malhotra Decl. ISO Netflix's Motion for Leave to Amend, Dkt. No. 302-4 | Entirety | Contains citations and references to content that plaintiffs have designated highly confidential or confidential during discovery. (*See* Dkt. No. 302-1 ¶ 3) | **Denied.** Plaintiffs did not ask to seal this material in their response. (*See* Dkt. No. 308 at 2) |
| Exhibit K to Malhotra Decl. ISO Netflix's Motion for Leave to Amend, Dkt. No. 302-4 | Entirety | Contains confidential information about plaintiffs' internal patent applications and procedures. (*See* Dkt. No. 308-1 ¶¶ 6-7) | **Denied.** Plaintiffs do not explain how the form, if disclosed, could be used by competitors, or how disclosure would otherwise cause competitive harm. |
| Exhibit N to Malhotra Decl. ISO Netflix's Motion for Leave to Amend, Dkt. No. 302-4 | Highlighted portions of pages 40-43 | Contains confidential information about plaintiffs' internal patent applications and procedures. (*See* Dkt. No. 308-1 ¶¶ 6-7) | **Denied.** Plaintiffs' request was more narrowly tailored to seal highlighted portions of pages 41-43, but they have not provided an adequate justification for sealing this material in connection with an answer to a complaint. |

3

| Document | Information sought to be sealed | Proffered reason for sealing | Ruling |
|---|---|---|---|
| Plaintiffs' Response to Motion for Leave to Amend Answer, Dkt. No. 318-2 | Highlighted portions of pages 8-9 | Contains confidential information about plaintiffs' internal patent applications and procedures. (*See* Dkt. No. 318-1 ¶¶ 6-7) | **Denied.** Plaintiffs do not adequately explain how disclosure of this material would cause competitive harm. |
| Netflix's Reply in Support of Motion for Leave to Amend Answer, Dkt. No. 331-3 | Highlighted portions of pages 3 and 5 | Contains citations and references to content that plaintiffs have designated highly confidential or confidential during discovery. (*See* Dkt. No. 331-1 ¶ 3) | **Denied.** No further showing was made by plaintiffs to demonstrate why the highlighted portions of the answer should be sealed. And, as discussed above, plaintiffs did not provide an adequate justification for sealing related material. |
| Netflix's First Amended Answer to Plaintiffs' Third Amended Complaint, Dkt. No. 346-3 | Highlighted portions of pages 40-43 | Contains citations and references to content that plaintiffs have designated highly confidential or confidential during discovery. (*See* Dkt. No. 346-1 ¶ 3) | **Denied.** No further showing was made by plaintiffs to demonstrate why the highlighted portions of the answer should be sealed. And, as discussed above, plaintiffs' did not provide an adequate justification for sealing portions of pages 41-43. |
| Exhibit A to Joint Stipulation for Leave to File Joint Discovery Letter Brief, Dkt. No. 364-3 | Highlighted portions of pages 2, 3, 5, and 6 | Contains confidential information about plaintiffs' use of its patent-management database, revealing analyses of its patents for licensing and assertion purposes. (*See* Dkt. No. 368-1 ¶¶ 6-8) | **Granted.** Plaintiffs have adequately explained that disclosure of this material could place it at a competitive disadvantage in licensing and asserting their patents. |
| Joint Discovery Letter Brief, Dkt. No. 373-2 | Highlighted portions of pages 2, 3, 5, and 6 | Contains confidential information about plaintiffs' use of its patent-management database, revealing analyses of its patents for licensing and | **Granted.** Sealing is warranted for the same reason as Dkt. No. 364-3. |

4

| Document | Information sought to be sealed | Proffered reason for sealing | Ruling |
|---|---|---|---|
| | | assertion purposes. (*See* Dkt. No. 376-1 ¶¶ 6-8) | |
| Exhibit I to Hoyos Decl. ISO Netflix's Motion for Leave to Amend Invalidity Contentions, Dkt. No. 378-2 | Entire document | Contains information concerning non-party Oracle's highly confidential and proprietary product source code. (*See* Dkt. No. 388-1 ¶ 3) | **Granted in part.** Oracle proposes to seal only certain redacted portions of pages 25, 37, 42-44, 51-56, 60, 62-63, 69, 71, 73, 81-82, 85-86. Oracle's proposal, which is narrowly tailored to prevent disclosure of excerpts of its source code, is approved. |
| Exhibit J to Hoyos Decl. ISO Netflix's Opposition to Motion to Strike, Dkt. No. 401-2 | Entire document | Contains information concerning non-party Oracle's highly confidential and proprietary product source code. (*See* Dkt. No. 404-1 ¶ 3) | **Granted in part.** Oracle proposes to seal only certain redacted portions of pages 42-44, 54-56, 62-63, 81-82, and 85-86. Oracle's proposal, which is narrowly tailored to prevent disclosure of excerpts of its source code, is approved. |
| Netflix's Opposition to Motion to Strike, Dkt. No. 401-3 | Highlighted portions of pages 6-9 | Contains information concerning non-party Oracle's highly confidential and proprietary product source code. (*See* Dkt. No. 404-1 ¶ 3) | **Granted in part.** Oracle proposes to seal only certain redacted portions of page 9. Oracle's proposal, which is narrowly tailored to prevent disclosure of information about its source code, is approved. |