Bruce S. Sostek, admitted *pro hac vice*
bruce.sostek@hklaw.com
Richard L. Wynne, Jr., admitted *pro hac vice*
richard.wynne@hklaw.com
Adrienne E. Dominguez, admitted *pro hac vice*
adrienne.dominguez@hklaw.com

**HOLLAND & KNIGHT LLP**
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone:     (214) 969–1700
Facsimile:     (214) 969–1751

John V. Picone II, Bar No. 187226
jpicone@hopkinscarley.com
**HOPKINS & CARLEY**
**A LAW CORPORATION**
The Letitia Building
70 South First Street
San Jose, CA 95113-2406
Mailing address:
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:     (408) 286–9800
Facsimile:     (408) 998–4790

ATTORNEYS FOR PLAINTIFFS

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| BROADCOM CORPORATION *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NETFLIX, INC.,<br><br>Defendant. | Case No. 3:20-cv-04677-JD<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO STRIKE NETFLIX'S NON-COMPLIANT REPLY BRIEFS**<br><br>Date:<br>Time:<br>Dept.     Courtroom 11, 19th Floor<br>Judge:    Honorable James Donato<br><br>Trial Date: February 12, 2024 |

Plaintiffs Broadcom Corporation and Avago Technologies International Sales Pte. Ltd. ("Broadcom") file this administrative motion to strike the non-complaint reply briefs [ECF 483, 485] that Defendant Netflix, Inc. ("Netflix") filed in support of its motion to strike certain opinions of Broadcom's expert Dr. Iain Richardson ("Dr. Richardson") [ECF 432]. This administrative motion is supported by the declaration of Broadcom's counsel Richard L. Wynne, Jr. The parties conferred about this motion on August 4, 2023, but no agreement could be reached.

## I.   INTRODUCTION

In its baseless attempts to strike Dr. Richardson's opinions [ECF 432], Netflix has now filed *two* reply briefs [ECF 483, 485] that violate the rules of this Court. The first reply (i) was 14 pages long in violation of Rule 18 of this Court's *Standing Order for Civil Cases Before Judge James Donato* (dated Jan. 5, 2017) ("Standing Order"); (ii) introduced new evidence, despite established precedent that a party is not entitled to submit new evidence with a reply; and (iii) includes false and irrelevant *ad hominem* personal attacks against Broadcom's counsel. [ECF 483]. After Broadcom's counsel told Netflix that Broadcom planned to file an administrative motion to strike the reply based on the grounds above, Netflix filed a "corrected" reply [ECF 485] after the reply deadline, without conferring with Broadcom and without seeking leave of Court.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On July 7, 2023, Netflix filed a motion to strike certain of Dr. Richardson's opinions. On July 21, 2023, Broadcom filed its response in opposition to Netflix's motion [ECF 453]. On July 31, 2023, Netflix filed a reply in support of its motion to strike [ECF 483].

By email dated August 2, 2023, Broadcom's counsel advised Netflix's counsel that Broadcom intended to file an administrative motion to strike Netflix's reply, noting that "Netflix's reply improperly submits new evidence, includes improper *ad hominem* attacks about Broadcom's counsel, and violates Judge Donato's Standing Orders," and seeking Netflix's counsel's availability to confer on August 3. Wynne Decl., Ex. 1: Aug. 2, 2023 Email from R. Wynne to S. Jacob. Netflix did not respond to—or even acknowledge—Broadcom's request for a conference. Instead, Netflix filed—without conferring with Broadcom's counsel, and without seeking leave of Court—at 6:52 p.m. on August 2, 2023 (five days after the reply deadline), a "corrected" reply in support of its

motion to strike Dr. Richardson's opinions [ECF 485]. The "corrected" reply did not correct a typo or other clerical error—rather, Netflix filed a new, overhauled 10-page reply.

Within minutes of Netflix's filing, Broadcom's counsel advised that Broadcom opposed Netflix's "filing of a substitute reply brief after the reply deadline without leave of court," and stated that it would note Netflix's refusal to confer. Wynne Decl. Ex. 2. Netflix's counsel responded to the follow-up email and asserted that "Netflix is not refusing to meet and confer" despite its silence on the initial request for conference. The parties discussed the relief sought by this motion on August 4, and Netflix indicated that it is opposed.[1]

## III. ARGUMENT

### A. The first reply brief [ECF 483] should be stricken.

#### 1. Netflix's brief violates the Court's Standing Order concerning page limits.

The Court's Standing Order provides that, "[e]xcept for summary judgment and class certification motions, opening and opposition briefs may not exceed 15 pages, and reply briefs may not exceed 10 pages." Standing Order, ¶ 18. In violation of that rule, Netflix filed a 14-page reply. [ECF 483]. For this reason alone, the Court should strike Netflix's first reply brief [ECF 483]. *See, e.g.*, *Seifi v. Mercedes-Benz U.S.A., LLC*, No. 12-cv-05493-TEH, 2014 WL 8370026 (N.D. Cal. Dec. 17, 2014) (striking motion to strike summary-judgment evidence filed in violation of page limitations in local rules related to summary-judgment opposition briefing).

#### 2. Netflix's brief improperly submits new evidence with a reply

Courts in this district have been clear that presenting new evidence attached to a reply is improper. *See, e.g.*, *Rivera v. Saul Chevrolet, Inc.*, 2017 WL 3267540, at *8 n.5 (N.D. Cal. July 31, 2017) ("the Court need not consider this declaration because presenting new evidence attached to a reply brief is improper.") (citing *Contratto v. Ethicon*, 227 F.R.D. 204, 308-09 n.5 (N.D. Cal. 2005); *Andrade v. Am. First Fin., Inc.*, No. 18-cv-06743-SK, 2022 U.S. Dist. LEXIS 178670, at *6 (N.D. Cal. Sept. 29, 2022) ("generally, a party is not entitled to submit new evidence with their

---

[1] During the meet and confer, Netflix acknowledged that its brief was overly long and purported to explain that it had noticed that fact itself prior to Broadcom's email. Yet Netflix did not note that in any response to Broadcom; nor did it explain why it took five days to correct the issue.

1  reply brief, especially when such evidence could have been collected and submitted earlier").

2  Nevertheless, Netflix submitted with its reply new evidence, consisting of an excerpt from
3  the transcript of the deposition of Dan Julius. ECF 483, p. 8 (lines 10-12) & Ex. 19. This deposition,
4  *in which Netflix actively participated*, was taken on November 30, 2022, and it could have been
5  attached as an exhibit to Netflix's motion. Instead, Netflix attached it to its reply without seeking
6  leave of Court to do so. The Court should strike Exhibit 19 to the reply and all statements in the
7  reply referencing or relying on Exhibit 19. *See, e.g.*, *Shim v. Lawler,* No. 17-cv-04920-EMC, 2019
8  WL 2996443, at *7 (N.D. Cal. July 9, 2019) (striking new exhibits in reply) (citing *Rodgers v.*
9  *Chevys Rests., LLC,* No. C13-03923 HRL, 2015 WL 909763, at *5 (N.D. Cal. Feb. 24, 2015)).

10  **3.    Netflix's brief includes irrelevant *ad hominem* attacks on Broadcom's counsel.**

11  Netflix's Reply claims that Broadcom "misrepresents the facts regarding its interactions
12  with Beamr," falsely asserts that Broadcom obtained Beamr's source code under a "secret deal,"
13  and that Broadcom lied about not having Beamr source code. ECF 483, pp. 1, 8. These arguments
14  are baseless *ad hominem* personal attacks against Broadcom's counsel that have no place here.

15  First, as to the so-called "secret deal": If it is a secret, it is the worst-kept secret in the case.
16  Broadcom produced to Netflix a copy of the agreement in November 2022, eight months before
17  Netflix attached the agreement to its motion to strike [ECF 432, Ex. 13]. Wynne Decl. ¶ 6. Although
18  the agreement speaks for itself, Broadcom notes that it entered into the agreement with Beamr to
19  resolve ongoing discovery disputes so as to facilitate the production of Beamr's source code,
20  Beamr's agreements with Netflix, and other relevant documents, Further, Beamr agreed to provide
21  a witness to testify on deposition. [ECF 432, Ex. 13, ¶¶ 1-3, 7]. Netflix participated in the
22  deposition of Beamr's witness and examined that witness about the agreement. Wynne Decl. ¶ 6.
23  Nonetheless, in its Reply, Netflix makes wildly inaccurate representations about the nature and
24  content of the agreement.

25  A simple reading of the agreement reveals Netflix's misrepresentations. Broadcom stated
26  in the agreement ███████████████████████████████████████████████
27  ███████████████████████████████████ [ECF 432, Ex. 13, ¶ 4]. Broadcom sought to
28  allay any concern that it would use the information Beamr supplied in a proceeding against Beamr.

1  [ECF 432, Ex. 13, ¶¶ 4, 6]. And, because Beamr ████████████████████████████
2  ████████████████████████████████████████████████████████████████████████████
3  ████████████ [ECF 432, Ex. 13, ¶ 9].

4       Thus, Netflix's arguments that this was a "secret deal," and its insinuation that there was
5  anything untoward about the arrangement is puzzling. The agreement was not secret (although the
6  agreement contemplated that it would not be filed in an Israeli court [ECF 432, Ex. 13, ¶ 10]). And
7  contrary to what Netflix argues (*i.e.*, "Broadcom promised not to sue Beamr for infringement"),
8  [ECF 483, p. 8 (lines 6-7)], the plain language of the agreement confirms its limited scope to this
9  action: ███████████████████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████████████████████████████
12 ████████████████████████████████████████████████████████████████████████████
13 ████████████████████████████████████████████████████████████████████████████
14 ████████████████████████████████████ [ECF 432, Ex. 13, ¶¶ 4, 6]. At bottom, Netflix is
15 casting baseless aspersions at Broadcom and its counsel about its arrangement with Beamr.

16      Second, Netflix is egregiously wrong in is reliance on a so-called "misrepresentation" about
17 having Beamr's source code. Netflix cites to a transcript of a meet-and-confer that dealt with the
18 deposition testimony of a *Netflix* 30(b)(6) witness who **would not be testifying** as to Beamr source
19 code. At the time of that call, the review of Beamr source code had started and was ongoing, and
20 Broadcom had not received printouts from that review. Wynne Decl. ¶ 7. When Netflix's counsel
21 asked whether Broadcom's counsel had Beamr source code, Broadcom's counsel replied "no,"
22 referring to production of code as contemplated by the Protective Order in this case. [ECF 105,
23 106]. Broadcom's counsel was not thinking about the "snippets" (a handful of lines of code across
24 multiple files) that his co-counsel had received by email. *See id.* But the snippets were just that:
25 snippets. They were sent to facilitate the anticipated review of the Beamr source code. *Id.* Netflix's
26 attempt to elevate these limited lines to significance fails. If the "snippets" were all that was
27 required, the inspection of Beamr's source code would have been unnecessary. Notably, Netflix
28 does not suggest that Broadcom's experts relied on the snippets as opposed to the printouts, which

Broadcom promptly sent to Netflix upon receipt from Beamr. In sum, Netflix's arguments about counsel not recalling snippets—when an actual review of source code was ongoing at the time of the call, which would lead to printouts—is a baseless attack against Broadcom's counsel.

### 4. Netflix's arguments about the Beamr code review are not relevant.

Aside from being improper personal attacks, Netflix's arguments are nothing more than a distraction. The real issue—as addressed in Netflix's motion and Broadcom's response—is whether Broadcom had an obligation to amend its infringement contentions to specifically reference the Beamr source code, even though such code is ███████████ open-source code charted in Broadcom's infringement contentions with respect to the accused functionality. *See* Broadcom Response, [ECF 453]. Thus, Netflix's arguments about the so-called "secret agreement" and about "key" source code snippets are not only wrong but irrelevant, and have no bearing on the resolution of Netflix's complaints about the sufficiency of Broadcom's infringement contentions.

For any or all of these reasons, Netflix's first reply [ECF 483] should be stricken.

### B. The second reply brief [ECF 485] should be stricken.

By email dated August 2, 2023, Broadcom's counsel highlighted the deficiencies with Netflix's first reply brief and requested that Netflix's counsel provide his availability to confer on an administrative motion to strike. Wynne Decl., Ex. 2. Rather than agreeing to confer as the rules require, Netflix filed—without conferring with Broadcom, and without seeking or obtaining leave of Court—a "corrected" reply [ECF 485]. The second reply was filed 5 days after the July 28 reply deadline. By the "corrected" brief, Netflix didn't fix a typo or make any other ministerial correction. Rather, Netflix filed a new, overhauled 10-page reply, in which it purported to correct one deficiency (the page-limitations violation), but left in place the other deficiencies: new evidence was still attached to the reply, and the personal attacks on Broadcom remained. Accordingly, Netflix's second reply [ECF 485]—filed late and without leave of Court—should be stricken.

### IV. CONCLUSION

For the foregoing reasons, Broadcom respectfully respects that the Court strike Netflix's two reply briefs [ECF 483, 485] filed in support of its motion to strike Dr. Richardson's opinions.

| | | |
|---|---|---|
| 1 | Dated:  August 4, 2023 | */s/ Richard L. Wynne, Jr.* |
| 2 | | Richard L. Wynne, Jr. |
| | | HOLLAND & KNIGHT LLP |
| 3 | | |
| 4 | | ATTORNEY FOR PLAINTIFFS |
| | | BROADCOM CORPORATION and |
| 5 | | AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LIMITED |