KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
SHARIF E. JACOB - # 257546
sjacob@keker.com
PAVEN MALHOTRA - # 258429
pmalhotra@keker.com
MICHELLE YBARRA - # 260697
mybarra@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
DAVID J. ROSEN – #296139
drosen@keker.com
EDWARD A. BAYLEY - # 267532
ebayley@keker.com
KATIE LYNN JOYCE - # 308263
kjoyce@keker.com
LUIS G. HOYOS - # 313019
lhoyos@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant
NETFLIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BROADCOM CORPORATION, et al., | Case No. 3:20-cv-04677-JD |
| Plaintiffs, | **DEFENDANT NETFLIX, INC.'S ADMINISTRATIVE MOTION TO STRIKE UNTIMELY EXPERT DISCOVERY MOTIONS** |
| v. | |
| NETFLIX, INC., | |
| Defendant. | Dept.:     Courtroom 11, 19th Floor<br>Judge:     Honorable James Donato |
| | Date Filed: March 13, 2020 |
| | Trial Date: February 12, 2024 |

## I. INTRODUCTION

On July 21, 2023, Plaintiffs Broadcom Corporation and Avago Technologies International Sales PTE. Limited ("Broadcom") filed ten motions—eight motions ostensibly relating to expert opinions and two motions for summary judgment. Buried within these filings are *four* motions to strike portions of expert reports that Broadcom was required to file by July 7, 2023. These motions are untimely, and it would be prejudicial and fundamentally unfair to require Defendant Netflix, Inc. ("Netflix") to respond to these motions on August 11, 2023 (the Court's deadline for responsive *Daubert* briefs). It would also be a waste of the Court's resources to decide these motions on full briefing. Accordingly, Netflix hereby moves the Court pursuant to Civil Local Rule 7-11 to strike Broadcom's untimely motions.

## II. BACKGROUND

On July 6, 2023, Netflix requested to meet and confer with Broadcom in advance of filing a motion to strike certain opinions of Broadcom's technical expert Dr. Iain Richardson that had never been disclosed in Broadcom's infringement contentions. Broadcom responded the following day and offered to "look at availability [to meet and confer] next week, although we ask whether it make sense to have a single conference at some point during the week of July 17 to address **all of the motions to strike** that **both sides** are contemplating." Declaration Kristen E. Lovin in Support of Netflix's Administrative Motion to Strike Untimely Expert Discovery Motions ("Lovin Decl."), Ex. 1 (emphasis added). Netflix requested the meet and confer happen that day given the impending deadline imposed by Civil Local Rule 37-3. During the meet and confer later than morning, Broadcom noted a "deadline of July 21st for motions to strike." Netflix quickly set the record straight: "The existing deadline to file motions to strike expert discovery is today." Lovin Decl., Ex. 2 at 18:10, 20–21.

Netflix timely filed its Motion to Strike later that day.[1] Dkt. 432. Broadcom did nothing. It did not seek to meet and confer about its motions to strike, file any motions to strike, or seek

---

[1] Netflix filed its Motion to Strike as a noticed motion, consistent with practice of parties in this and in other cases have handled motions to strike expert opinions before this Court. Dkt. 381; Case No. 3:13-cv-02502, Dkt. 172.

leave for an extension under Federal Rule of Civil Procedure 6(b)(1)(B) to file its motion to strike out of time. And at no point thereafter did it ever reach out to confer about its planned motions to strike.

Instead, two weeks later on July 21, 2023, the parties filed, per the governing Scheduling Order, their motions for summary judgment and *Daubert* motions. More specifically, Broadcom filed **two** motions for summary judgment that, combined, totaled 40 total pages.[2] Quietly buried in the *Daubert* motions were four motions to strike expert opinions not disclosed in discovery responses. More specifically, Broadcom filed motions:

- To strike portions of Dr. Neumann's expert report on invalidity "based on prior art or obviousness combinations that were not properly disclosed." Dkt. 466-1 at 1:3-9, 1:16-2:16, 3:11-4:13, 4:15-6:5.[3]

- To strike portions of Dr. Orchard's expert report on invalidity "based on prior art or obviousness combinations that were not properly disclosed." Dkt. 466-1 at 1:3-9, 1:16-2:16, 3:11-4:13, 4:15-5:5, 6:6-10:2.

- To strike portions of Dr. Stamm's expert report on damages because "Netflix did not disclose [that material] in its Responsive Damages Contentions." Dkt. 469-1 at 1:8-16, 2:23-3:18, 4:22-9:1.

- To strike portions of Dr. Lopez's expert report on FRAND because he "present[ed] in his opening and rebuttal reports new damages theories that Netflix did not previously disclose." Dkt. 473 at 2:7-19, 4:11-6:4, 7:1-10:7.

Broadcom understood its filings were, indeed, nothing more than motions to strike masquerading as *Daubert* motions. In fact, each of the above-listed motions includes a separate legal standards section addressing the standard for striking expert opinions for failure to disclose theories in invalidity or damages contentions (Dkt. 464-1 § III.B, Dkt. 469-1 § III.B, Dkt. 473 § III.C) and also separates out its request to strike on these grounds in separate argument sections (Dkt. 464-1 § IV.A, Dkt. 469-1 § IV.A, Dkt. 473 § IV.B).

Oppositions to Broadcom's *Daubert* motions and motions for summary judgment are due

---

[2] Broadcom did so even though the Court has previously asked parties to consolidate summary judgement issues into a single 25-page motion. *See, e.g., Firstface Co., Ltd. v. Apple, Inc.*, No. 3:18-cv-02245-JD, Dkt. 235 (N.D. Cal. Dec. 30, 2022) ("For Dkt. Nos. 222, 223, each side may file one summary judgment motion. Firstface's motions are terminated without prejudice. It may file a single motion for summary judgment not to exceed 25 pages by January 6, 2023.").

[3] In addition, Broadcom attempts to strike Mr. Goodin's expert report on the ground that it was not elected in Netflix's election of prior art, incorporating by reference the Motion to Strike Dr. Neumann's expert report. Dkt. 474-1 at 13.

on August 11, 2023.

## III. LEGAL STANDARD

Civil Local Rule 37-3 states unequivocally that "no motions related to expert discovery may be filed more than 7 days after the expert discovery cut-off." The Commentary to the Local Rules clarifies that "'Discovery-related motions' encompass *all* motions relating to discovery."[4] A motion to strike expert discovery for inconsistencies with earlier served patent-discovery disclosures is, undoubtedly, "related to expert discovery." The Commentary also notes that discovery-related motions include motions for discovery sanctions, and Broadcom requests expert opinions be stricken as a sanction in this case under Fed. R. Civ. P. 37(c).[5] The current Local Rule is an expansion from the previous version of this Local Rule—which existed before November 10, 2022—and was expressly limited to "motions to compel expert discovery."[6] The expert discovery cut-off in this case was June 30, 2023. Dkt. 413. Accordingly, the deadline to file motions related to expert discovery was July 7, 2023, which Broadcom knew or should have known and which Netflix reiterated to Broadcom on the parties' July 7, 2023 meet and confer.

"District courts have the inherent power to strike items from their docket for litigation conduct." *Castro v. G.L.R. Construction*, 2016 WL 8730481 at *2 (N.D. Cal. 2016) (internal quotation marks and citation omitted) (striking untimely pleadings where "[p]laintiff did not convincingly explain why he could not comply with the deadline promulgated by the Local Rules"). *See also Wood v. Santa Barbara Chamber of Commerce,* 705 F.2d 1515, 1519 (9th Cir. 1983) (district court did not abuse its discretion in striking untimely affidavits in summary

---

[4] Emphasis added.

[5] *See, e.g.*, Broadcom's *Daubert* motion against Netflix economics expert Dr. Mario Lopez (Dkt.473 at 5) (seeking relief under Fed. R. Civ. P. 37(c)(1)). *See* Broadcom's *Daubert* motion against Netflix technical experts Dr. Michael Orchard and Dr. Clifford Neumann (Dkt. 466-1 at 4) (seeking relief under Fed. R. Civ. P. 37(c)(1)). *See also* Fed. R. Civ. P. 37(c)(1) (describing as a "sanction" the exclusion of information that was not disclosed pursuant to Rule 26).

[6] In full, the prior version of this provision read: "Where the Court has set separate deadlines for fact and expert discovery, no motions to compel fact discovery may be filed more than 7 days after the fact discovery cut-off, and no motions to compel expert discovery may be filed more than 7 days after the expert discovery cut-off." Web Archive dated October 6, 2022, available at https://web.archive.org/web/20221006162957/https://www.cand.uscourts.gov/rules/civil-local-rules/.

1  judgment opposition where party failed to request extension of time or show excusable neglect).

2  Accordingly, the failure to comply with Civil L.R. 37-3 is grounds for denying a motion
3  to strike a party's expert report. *See, e.g.*, *AllRounds, Inc. v. EShares, Inc.*, No. 20-cv-07083-VC-
4  DMR, Dkt. 267 (N.D. Cal. July 25, 2022) (denying as untimely a motion to strike portions of an
5  expert report because "Civil Local Rule 37-3 requires that any discovery motion be filed no more
6  than seven days after the discovery cut-off").

7  If a party has missed a court deadline, such as one set by Civil L.R. 37-3, the proper
8  remedy is to acknowledge the missed deadline and seek leave of court. Federal Rule of Civil
9  Procedure 6(b)(1)(B) provides: "When an act may or must be done within a specified time, the
10 court may, for good cause, extend the time … on motion made after the time has expired if the
11 party failed to act because of excusable neglect." It is improper for Broadcom to take what it
12 knows to be an untimely motion to strike and couch it in terms of a *Daubert* motion in order to
13 avoid the missed deadline.

14 **IV.    ARGUMENT**

15 Broadcom's buried motions to strike should be stricken. Broadcom's own briefing makes
16 clear that these are expert discovery motions subject to Civil Local Rule 37-3—each of the above-
17 listed motions includes a separate legal standards section on striking reports for failure to disclose
18 theories in invalidity or damages contentions (Dkt. 464-1 § III.B, Dkt. 469-1 § III.B, Dkt. 473 §
19 III.C) and also separates out its request to strike on these grounds in separate argument sections
20 (Dkt. 464-1 § IV.A, Dkt. 469-1 § IV.A, Dkt. 473 § IV.B). Since they are motions to strike expert
21 reports based on alleged discovery failures (i.e., disclosing new theories for the first time in
22 expert reports), they are "motions related to expert discovery" under Civil Local Rule 37-3. *See*
23 *AllRounds*, No. 20-cv-07083-VC-DMR, Dkt. 267 (applying Rule 37-3 to motions to strike expert
24 reports); Civil L.R. 37-3 Commentary ("'Discovery-related motions' … include[es] … motions
25 for discovery sanctions"). Thus, they were due on July 7, not July 21.

26 The parties' own prior conduct confirms that expert discovery motions under Civil Local
27 Rule 37-3 should be treated differently, and filed according to different deadlines, than Daubert
28 motions. In their Joint Stipulation re: the Deposition of Dr. Michael Goodrich (Dkt. 431), which

Broadcom signed, the parties agreed these were separate motions with separate deadlines.

Broadcom's late filing on July 21 must have consequences. After Broadcom decided not to timely file by the July 7 deadline, it should have sought leave from this Court to file its motions after the deadline. *See* Fed. R. Civ. P. 6(b)(1)(B). But Broadcom opted not to use this procedure, hoping it could just elide the missed deadline. This disregard for the Local Rules should not be tolerated. *Compare, e.g.*, *Segan LLC v. Zynga Inc.*, No. 14-cv-01315-VC (JCS), Dkt. 125 (N.D. Cal. January 14, 2015) ("Segan violated Local Rule 37-3 by filing the Motion more than seven (7) days after the close of discovery, and never even sought an extension of this deadline. There is no excuse for this conduct, and it had consequences."). Indeed, this Court has denied motions on other occasions as untimely. *See, e.g.*, Case No. 3:13-cv-05076-JD, Dkt. 37 (denying motion to modify case management deadlines as untimely). Accordingly, the Court should exercise its "inherent power to strike items from [its] docket for litigation conduct" and strike these untimely motions. *Castro*, 2016 WL 8730481 at *2.

### V.  CONCLUSION

For the foregoing reasons, the Court should strike Broadcom's untimely expert discovery motions, which appear in the following docket entries[7] at the following pages and lines:

- Dkt. 468 (public) / Dkt. 466-1 (sealed) (re: Drs. Neumann and Orchard) at 1:3–9, 1:16–2:16, 3:11–4:13, 4:15–10:2
- Dkt. 471 (public) / Dkt. 469-1 (sealed) (re: Dr. Stamm) at 1:8–16, 2:23–3:18, 4:22–9:1
- Dkt. 473 (public) (re: Dr. Lopez) at 2:7–19, 4:11–6:4, 7:1–10:7
- Dkt. 475 (public) / Dkt. 474-1 (sealed) (re: Mr. Goodin) at 13:3–19

---

[7] For the Court's convenience, Netflix includes docket entry numbers for both the public and sealed versions of the motions at issue. The Lopez motion was not filed under seal.

| | |
|---|---|
| Dated: August 4, 2023 | KEKER, VAN NEST & PETERS LLP |
| | By: */s/ Sharif E. Jacob* <br> ROBERT A. VAN NEST <br> SHARIF E. JACOB <br> PAVEN MALHOTRA <br> MICHELLE YBARRA <br> THOMAS E. GORMAN <br> DAVID J. ROSEN <br> EDWARD A. BAYLEY <br> KATIE LYNN JOYCE <br> LUIS G. HOYOS |
| | Attorneys for Defendant <br> NETFLIX, INC. |