Bruce S. Sostek, admitted *pro hac vice*
bruce.sostek@hklaw.com
Richard L. Wynne, Jr., admitted *pro hac vice*
richard.wynne@hklaw.com
Adrienne E. Dominguez, admitted *pro hac vice*
adrienne.dominguez@hklaw.com
Justin S. Cohen, admitted *pro hac vice*
justin.cohen@hklaw.com
**HOLLAND & KNIGHT LLP**
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone:   (214) 969–1700
Facsimile:   (214) 969–1751

John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
**HOPKINS & CARLEY**
 **A LAW CORPORATION**
The Letitia Building
70 South First Street
San Jose, CA 95113-2406

Mailing address:
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:   (408) 286–9800
Facsimile:   (408) 998–4790

ATTORNEYS FOR PLAINTIFFS
BROADCOM CORPORATION and AVAGO
TECHNOLOGIES INTERNATIONAL
SALES PTE. LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BROADCOM CORPORATION *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NETFLIX, INC., <br><br> Defendant. | Case No. 3:20-cv-04677-JD <br><br> **BROADCOM'S TRIAL BRIEF** <br><br> Judge:   Honorable James Donato <br><br> Date Filed: March 13, 2020 <br><br> Trial Date: February 12, 2024 |

Plaintiffs Broadcom Corporation and Avago Technologies International Sales Pte. Limited (collectively, "Broadcom") filed this patent-infringement action against Netflix, Inc. ("Netflix") on March 13, 2020. The trial is scheduled to begin February 12, 2024. In accordance with the Standing Order for Civil Trials Before Judge James Donato, Broadcom submits this Trial Brief outlining the causes of action and defenses remaining in this case and the legal standard applicable to each.

Broadcom notes that, in accordance with the parties' joint statement at Dkt. 569, there are five motions pending before the Court that could affect the claims and defenses identified below.

- Plaintiffs' Motion for Partial Summary Judgment on Defendants' Affirmative Defenses and Counterclaims Related to Patent-Essentiality and Waiver (Dkt. 455)
- Plaintiffs' Motion for Partial Summary Judgment on Netflix's Patent Misuse Defense (Dkt. 457)
- Plaintiffs' Motion to Exclude Opinions and Testimony of Defendant's Expert Witness Dr. Clifford Neuman (Dkt. 465)
- Defendant Netflix Inc.'s Motion for Summary Judgment (Dkt. 451)
- Defendant Netflix Inc.'s Motion to Exclude Expert Opinions of Broadcom's Damages, Survey, and Technical Experts (Dkt. 470)

Additionally, the parties have also submitted a stipulated proposed Order granting Netflix's Motion to Dismiss Plaintiffs' Eleventh Cause of Action in the Fourth Amended Complaint, dismissing with prejudice Broadcom's infringement claims as to U.S. Patent No. 7,457,722. (Dkt. 569 at Ex. 1)

## I. BROADCOM'S CLAIMS

Broadcom alleges that Netflix infringes the following claims (the "Asserted Claims") of the following patents (the "patents-in-suit"):

| U.S. Patent No. | Asserted Claims | Type of Infringement | Netflix's Accused Instrumentality |
|---|---|---|---|
| 8,259,121 ("the '121 patent") | 1 & 3 | Direct & Willful | Open Connect Content Delivery Network |
| 6,744,387 ("the '387 patent") | 5 | Direct & Willful | Video-encoding pipeline (H.264 & H.265 video formats) |
| 6,982,663 ("the '663 patent") | 12, 13, & 20 | Direct & Willful | Video-encoding pipeline (H.264 & H.265 video formats) |
| 9,332,283 ("the '283 patent") | 1 & 3 | Direct | Video-encoding pipeline (H.265 video format) |
| 8,572,138 ("the '138 patent") | 1, 11, & 14 | Direct & Willful | Titus computing management system |

### A. Direct Infringement

Under 35 U.S.C. § 271(a), Broadcom asserts that Netflix directly infringes the Asserted Claims by making, using, offering for sale, selling, and/or importing into the United States the accused instrumentalities. Broadcom will show that each limitation of the Asserted Claims, as construed by the Court, is present in the accused instrumentalities. Whether Netflix directly infringes is a question of fact that Broadcom has the burden to prove by a preponderance of the evidence. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 384 (1996); *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310 (Fed. Cir. 2005). The existence of additional features or functions of the accused instrumentalities that are not contained in the asserted claims does not negate infringement, as long as the claim limitations are met. *N. Telecom, Inc. v. Datapoint Corp.*, 908 F.2d 931, 945 (Fed. Cir. 1990).

### B. Willful Infringement

Broadcom also asserts that Netflix has willfully infringed each of the asserted claims of the '121, '387, '663, and '138 patents (the "willfully infringed patents"). Broadcom will show that Netflix intentionally ignored or recklessly disregarded its infringement of the willfully infringed patents. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 107 (2016). Broadcom has the burden to prove Netflix's willful infringement by a preponderance of the evidence. *Id.* Upon so proving, the Court has discretion to award treble damages for Netflix's willful infringement pursuant to 35 U.S.C. § 284.

### C. Damages, Fees, and Costs

<u>Reasonable Royalty</u>

Under 35 U.S.C. § 284, Broadcom is entitled to damages for Netflix's infringement, which shall "in no event [be] less than a reasonable royalty for the use made of the invention by" Netflix. Broadcom thus seeks a reasonable royalty in the form of a lump sum, or in the alternative, a running royalty based on Netflix monthly subscriptions. A reasonable royalty is based "upon the supposed result of hypothetical negotiations between the plaintiff and defendant." *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1554 (Fed. Cir. 1995) (en banc). "The hypothetical negotiation requires the court to envision the terms of a licensing agreement reached as the result of a supposed meeting

between the patentee and the infringer at the time infringement began." *Id.* In doing so, the jury may consider a multitude of factors, including but not limited to "royalties received by the patentee for the licensing of the patent in suit, opinion testimony of qualified experts, the patentee's relationship with the infringer, and other factors that might warrant higher damages[,]" including that the "infringer had to be ordered by a court to pay damages, rather than agreeing to a reasonable royalty …." *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1109–10 (Fed. Cir. 1996) (citing *Georgia–Pacific Corp. v. United States Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N.Y. 1970)).

The amount of damages is a fact question, which Broadcom has the burden to prove by a preponderance of the evidence. *See Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009); *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1108 (Fed. Cir. 1996).

### *Prejudgment Interest*

Under 35 U.S.C. § 284, Broadcom seeks prejudgment interest on all amounts awarded. While the award of prejudgment interest is within the Court's discretion, it should "ordinarily be awarded" in patent-infringement cases, and should be denied only when there is a sufficient justification for doing so. *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 654, 657 (1983). That is, awarding prejudgment interest is ordinarily the only way to fully compensate the patent owner for the infringement. *See id.* at 655–56. "[A]n award of compound rather than simple interest assures that the patent owner is fully compensated." *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1555 (Fed. Cir. 1995) (internal quotation marks omitted).

### *Post-judgment Interest*

In accordance with 28 U.S.C. § 1961 and 35 U.S.C. § 284, Broadcom further seeks post-judgment interest on all damages awarded.

### *Enhanced Damages*

Broadcom further is entitled to treble damages for Netflix's willful infringement under 35 U.S.C. § 284. The Court has discretion to award enhanced damages. *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 977 F.2d 1555, 1581 (Fed. Cir. 1992). "The decision whether to grant enhanced damages as allowed under 35 U.S.C. § 284 requires a two-step process." *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 37 (Fed. Cir. 2012). First, the jury determines whether

the infringer "is guilty of conduct upon which increased damages may be based." *Id.* "An act of willful infringement satisfies th[e] culpability requirement and is, without doubt, sufficient to meet the first requirement to increase a compensatory damages award." *Id.* As noted above, Broadcom will prove by a preponderance of the evidence that Netflix's infringement of the willfully infringed patents was, and for the '121 and '138 patents (which have not expired) remains, willful. In the second step, the Court determines whether and in what amount to award enhanced damages based on the totality of the circumstances. *Id.* Broadcom will further establish that the circumstances support treble damages. Because a finding of willful infringement alone meets the culpability requirement, "[u]pon a finding of willful infringement, a trial court [that declines to enhance damages] should provide reasons for not increasing a damages award …." *Id.* (holding trial court abused its discretion by declining to award enhanced damages without a sufficient justification).

*Attorneys' Fees, Expenses, and Costs*

In accordance with 35 U.S.C. § 285, Broadcom will prove to the Court that this is an exceptional case warranting an award to Broadcom of its attorneys' fees, expenses, and costs. As noted, Broadcom will prove by a preponderance of the evidence that Netflix's infringement of the willfully infringed patents has been willful. "Although an attorney fee award is not mandatory when willful infringement has been found, precedent establishes that [a] court [declining to deem a case exceptional where there is willful infringement] should explain its decision not to award attorney fees." *Id.* (holding trial court abused its discretion by declining to award attorneys' fees without an adequate explanation where the jury found willful infringement); *see also Brooktree*, 977 F.2d at 1582 ("We have held that a finding of willful infringement meets the criteria of "exceptional case[.]"). Additionally, and regardless of the jury's willful-infringement finding, Broadcom will prove that this is an exceptional case due to Netflix's overzealous litigation tactics, including but not limited to its 16 experts, comprising 21 expert reports, and its 30 fact witnesses that it has indicated it intends to call at trial. This is further an exceptional case due to Netflix's assertion of baseless affirmative defenses, including but not limited to at least 2 invalidity theories for each Asserted Claim (and in some cases as many as 5); its patent-misuse and waiver defenses that are wholly unsupported (Dkt. 455 & 457); and its breach-of-contract counterclaim for which there is

no evidence to support *any* element (all of which are addressed below). Broadcom will prove that, as a result of Netflix's conduct in this litigation, this case is exceptional.

## II.   NETFLIX'S AFFIRMATIVE DEFENSES

Netflix asserts a myriad of invalidity defenses, as well as the affirmative defenses of patent misuse and waiver. Netflix cannot prove any of these affirmative defenses.

### A. Invalidity

Netflix claims that the following Asserted Claims are invalid on the following theories:

| Patents | Asserted Claims | Invalidity Theories |
|---|---|---|
| '121 patent | 1 & 3 | § 101, anticipation, obviousness, written description, enablement |
| '387 patent | 5 | § 101, anticipation, obviousness |
| '663 patent | 12 & 20 | § 101, anticipation, obviousness |
| '663 patent | 13 | § 101, anticipation, obviousness, § 112 ¶ 4 |
| '283 patent | 1 & 3 | anticipation, obviousness |
| '138 patent | 1, 11, & 14 | anticipation, obviousness |

Each of the Asserted Claims is valid and Netflix cannot meet its burden to prove invalidity. "A patent shall be presumed valid[,]" and the "burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity." 35 U.S.C. § 282(a). An invalidity defense must be established by clear-and-convincing evidence. *Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 95 (2011). Netflix will not be able to prove any of its invalidity defenses by clear-and-convincing evidence.

### *§ 101 – Patent-Eligible Subject-Matter*

The Patent Act generally provides that "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof," is patentable. 35 U.S.C. § 101. To prove that an invention is directed to unpatentable subject-matter, an accused infringer must first prove that the invention "claim[s] laws of nature, natural phenomena, [or] abstract ideas …." *Alice Corp. Pty. Ltd. v. CLS Bank Intern.*, 573 U.S. 208, 217 (2014). The infringer must additionally prove that that elements of the claim do not contain an "inventive concept sufficient to transform the claimed [invention] into a patent-eligible application." *Id.* at 221 (internal quotation marks omitted). Netflix cannot prove either element for any of the Asserted Claims by clear-and-convincing evidence.

### § 102 – Anticipation

"Anticipation requires the presence in a single prior art disclosure of all elements of a claimed invention arranged as in the claim. The requirement that the prior art elements themselves be arranged as in the claim means that claims cannot be treated ... as mere catalogs of separate parts, in disregard of the part-to-part relationships set forth in the claims and that give the claims their meaning. … [U]nless a reference discloses within the four corners of the document not only all of the limitations claimed but also all of the limitations arranged or combined in the same way as recited in the claim, it cannot be said to prove prior invention of the thing claimed and, thus, cannot anticipate under 35 U.S.C. § 102." *Therasense, Inc. v. Becton, Dickinson & Co.*, 593 F.3d 1325, 1332 (Fed. Cir. 2010) (citations and internal quotation marks omitted). Netflix cannot prove by clear-and-convincing evidence that any of the Asserted Claims were anticipated by any asserted prior-art reference.

### § 103 – Obviousness

A claimed invention is obvious "if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains." 35 U.S.C. § 103. "[A] patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art. … [I]t can be important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements in the way the claimed new invention does. This is so because inventions in most, if not all, instances rely upon building blocks long since uncovered, and claimed discoveries almost of necessity will be combinations of what, in some sense, is already known." *KSR Intern. Co. v. Teleflex Inc.*, 550 U.S. 398, 418–19 (2007). Netflix cannot prove by clear-and-convincing evidence that any of the Asserted Claims are rendered obvious by any of the asserted prior art.

### § 112 ¶ 1 – Written Description

A patent must "contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled

in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor or joint inventor of carrying out the invention." 35 U.S.C. § 112. That is, "the description must clearly allow persons of ordinary skill in the art to recognize that [the inventor] invented what is claimed. … In other words, the test for sufficiency is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010). "[T]he test requires an objective inquiry into the four corners of the specification from the perspective of a person of ordinary skill in the art. Based on that inquiry, the specification must describe an invention understandable to that skilled artisan and show that the inventor actually invented the invention claimed." *Id.* [T]he written description requirement does not demand either examples or an actual reduction to practice; a constructive reduction to practice that in a definite way identifies the claimed invention can satisfy the written description requirement." *Id.* at 1352. Netflix cannot prove by clear-and-convincing evidence that any of the Asserted Claims lack a sufficient written description.

### *§ 112 ¶ 1 – Enablement*

Similar to, although distinct from, the written-description requirement, "[t]he enablement requirement is satisfied when one skilled in the art, after reading the specification, could practice the claimed invention without undue experimentation." *AK Steel Corp. v. Sollac & Ugine*, 344 F.3d 1234, 1244 (Fed. Cir. 2003). Netflix cannot prove by clear-and-convincing evidence that any of the Asserted Claims do not satisfy the enablement requirement.

### *§ 112 ¶ 4 – Further Limitation of Dependent Claim*

A dependent claim is invalid if it fails to specify a further limitation of a claim previously set forth. 35 U.S.C. § 112 ¶ 4. Netflix cannot prove by clear-and-convincing evidence that dependent claim 13 of the '663 patent fails to specify a further limitation of the claim on which it depends.

**B. Patent Misuse**

Netflix asserts that Broadcom has misused the '387, '663, and '283 patents (the "Encoding

Patents") by allegedly conditioning licenses to the patents on separable, staple goods—that is, Netflix asserts the existence of a *per se* tying arrangement. As an initial matter, Broadcom has moved for summary judgment on this defense because there is no evidence of a *per se* tie as a matter of law. (Dkts. 455 & 457) To the extent the Court does not grant summary judgment, Netflix has the burden to prove patent misuse by clear-and-convincing evidence. *See Trading Techs. Int'l, Inc. v. IBG LLC*, No. 10 C 715, 2021 WL 25541, at *2 (N.D. Ill. Jan. 4, 2021); *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, No. SACV1200329AGJPRX, 2014 WL 12587050, at *8 (C.D. Cal. Dec. 16, 2014); *see also Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011) (holding that inequitable conduct must be proven by clear-and-convincing evidence); *Saint Lawrence Communications LLC v. Motorola Mobility LLC*, No. 2:15-CV-351-JRG, 2018 WL 915125, at *6 (E.D. Tex. Feb. 15, 2018).

     A *per se* tie—the only basis of Netflix's patent-misuse defense—requires (1) the existence of a tying arrangement in which a patent license or the sale of a patented product is conditioned on the purchase of a separable, staple good, (2) market power in the relevant market, and (3) that the tying arrangement constitutes a naked restraint of trade with no purpose except the stifling of competition and always or almost always tends to restrict competition and decrease output in some substantial portion of a market. 35 U.S.C. § 271(d)(5); *U.S. Philips Corp. v. Int'l Trade Comm'n*, 424 F.3d 1179, 1184–86 (Fed. Cir. 2005); *Virginia Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 869 (Fed. Cir. 1997). As a matter of law, Netflix cannot prove any of these elements. But even if Netflix's patent-misuse defense survives summary judgment, Netflix will not be able to prove any of these elements by clear-and-convincing evidence.

     And if the Court allows Netflix to try its patent-misuse defense, it should be tried to the Court in a bench trial, and any evidence related thereto should not be introduced to the jury. The Federal Circuit has long recognized that patent misuse is an equitable defense to a claim of patent infringement. *See, e.g.*, *C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1372 (Fed. Cir. 1998). As such, it "does not entitle Defendant to a jury trial." *Freescale Semiconductor, Inc. v. ChipMOS Techs.*, No. 5:09-cv-03689-EJD, 2013 WL 308919 (N.D. Cal. Jan. 25, 2013). This is consistent with the general proposition that "[a] litigant is not entitled to have a jury resolve a disputed

affirmative defense if the defense is equitable in nature." *Granite State Ins. Co. v. Smart Modular Techs., Inc.*, 76 F.3d 1023, 1027 (9th Cir. 1996); *see also In re Tech. Licensing Corp.*, 423 F.3d 1286, 1290-91 (Fed. Cir. 2005). The Court should conduct a bench trial on Netflix's equitable defense of patent-misuse, if the Court does not grant Broadcom summary judgment.

## C. Waiver

Netflix further alleges that Broadcom has waived its right to enforce the '283 patent based on an alleged failure to disclose the patent application that led to the '283 patent to the Joint Collaborative Team on Video Coding during the standard-making process for the H.265/HEVC standard. Broadcom has moved for summary judgment on this defense, too, because the '283 patent is not essential to the H.265 standard as a matter of law. (Dkt. 445) In fact, in Germany, the Munich regional court has recently entered judgment against Netflix finding that it infringed the European counterpart to the '283 patent and that the European patent was not essential to the H.265 standard, in part because an encoder is not required to process both B and P slices to generate the output bitstream, as is required by the claim. That same limitation appears in the '283 patent, and thus, for the same reasons, the asserted claims of the '283 patent are not standard essential. Netflix has admitted this by telling the German court that it has begun implementing a design-around by encoding H.265 video using only B slices rather than B and P slices.

To the extent the Court does not grant summary judgment, Netflix has the burden to prove waiver, as a defense based on alleged inequitable conduct by Broadcom, by clear-and-convincing evidence. *See Therasense*, 649 F.3d at 1287 (holding that inequitable conduct must be proven by clear-and-convincing evidence); *Qualcomm Inc. v. Broadcomm Corp.*, No. CIV. 05CV1958-B(BLM), 2007 WL 1031373, at *9 (S.D. Cal. Mar. 21, 2007). Waiver by nondisclosure, as Netflix has asserted, requires proving the existence of (1) a duty to disclose and (2) a breach of that duty. *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, 899 F.3d 1356, 1365 (Fed. Cir. 2018). Netflix will not be able to prove either of these elements by clear-and-convincing evidence. And like patent-misuse, if Netflix's waiver defense survives summary judgment, it, too, is an equitable defense that must be tried to the Court in a bench trial. *See id.* at 1368–69.

### III. NETFLIX'S COUNTERCLAIM

Netflix has asserted a breach-of-contract counterclaim against Broadcom, alleging that it failed to make Netflix a licensing offer for the Encoding Patents on reasonable and non-discriminatory ("RAND") terms. Netflix must prove its breach-of-contract claim by a preponderance of the evidence. *See Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1047 (9th Cir. 2015); *Anchor Sav. Bank, FSB v. United States*, 597 F.3d 1356, 1361 (Fed. Cir. 2010). A claim for breach of a RAND obligation requires (1) the existence of a contract requiring Broadcom to negotiate licenses for the Encoding Patents on RAND terms, (2) that Netflix was a third-party beneficiary of the alleged contract, (3) that the Encoding Patents are standard essential, (4) that Broadcom failed to negotiate licenses with Netflix for the Encoding Patents on RAND terms, (5) that Netflix was harmed as a result of the alleged failure, and (6) that Broadcom's breach was a substantial factor in causing Netflix harm. *See* Jud. Council of Cal. (CACI) Civil Jury Instructions 300–301, 307, 309 & 322 (contract instructions); *Id.* at 303 & 430 (substantial-factor instructions); Fed. Cir. Bar Assoc. Model Patent Jury Instruction B.5, 5.8 & 5.11 (standard-essential instructions); *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1031 (9th Cir. 2015).

While Broadcom disputes that it has not made a RAND offer, a threshold requirement for Netflix's counterclaim is a finding that Broadcom in fact had a duty to make such an offer. Any such duty is predicated on a finding that the patents are essential to the H.264 or H.265 standards. Broadcom has moved for summary judgment on this issue because the patents are not standard essential as a matter of law. (Dkt. 455) Even if the Court does not grant Broadcom summary judgment, the Court must determine whether Broadcom owes such an obligation—i.e., whether it owes a contractual duty—before allowing Netflix to present evidence of an alleged breach of a RAND obligation to the jury. As for damages, Netflix has alleged no real harm to it and seeks only its attorneys' fees and costs incurred in this litigation. Of course, those are not cognizable damages resulting from the alleged breach. *E.g.*, *Motorola, Inc. v. Fed. Exp. Corp.*, 308 F.3d 995, 1007 n.13 (9th Cir. 2002) ("[C]osts and attorney's fees are not 'damages[.]'").

Netflix will not be able to prove the existence of a duty, or any of the other elements of its breach-of-contract claim, by a preponderance of the evidence.

| | | |
|---|---|---|
| 1 | December 22, 2023 | Respectfully submitted, |
| 2 | | |
| 3 | | */s/ Richard L. Wynne, Jr.*<br>Richard L. Wynne, Jr.<br>HOLLAND & KNIGHT LLP |
| 4 | | |
| 5 | | ATTORNEY FOR PLAINTIFFS<br>BROADCOM CORPORATION and<br>AVAGO TECHNOLOGIES INTERNATIONAL |
| 6 | | SALES PTE. LIMITED |